Dariush G. Adli, State Bar No. 204959
adli@adlilaw.com
Rasheed McWilliams, State Bar No. 281832
rasheed.mcwilliams@adlilaw.com
Almuhtada Smith, State Bar No. 263762
almuhtada.smith@adlilaw.com
ADLI LAW GROUP P.C.
633 West Fifth Street, Suite 6900
Los Angeles, California 90071
Telephone: 213-623-6546
Facsimile: 213-623-6554

Attorneys for Plaintiff
Adli Law Group P.C.

FILED

2012 AUG 31 PM 12:06

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| ADLI LAW GROUP P.C., a California Professional Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> KANEKA CORPORATION, a Japanese Corporation; and  KANEKA NORTH AMERICA LLC, a Texas Limited Liability Company, <br><br> Defendants. | Case No.: CV12-07377-GW(RZx) <br><br> **FIRST <u>AMENDED</u> COMPLAINT FOR:** <br><br> **(1) BREACH OF CONTRACT;** <br> **(2) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING;** <br> **(3) QUANTUM MERIT;** <br> **(4) PROMISSORY FRAUD** <br> **(5) INTENTIONAL MISREPRESENTATION; and** <br> **(6) NEGLIGENT MISREPRESENTATION.** <br><br> **<u>DEMAND FOR JURY TRIAL</u>** |

**COMPLAINT**

**COMPLAINT**

Plaintiff Adli Law Group P.C. ("Adli Law" or "Plaintiff"), for its Complaint against Defendants Kaneka Corporation and Kaneka North America LLC, inclusive (collectively, "Kaneka" or "Defendants"), alleges as follows:

**OVERVIEW**

1.     This is an action against two multi-national corporations who retained the Plaintiff law firm to provide legal services. Although the multi-national corporations received and benefited from the legal services, they unjustly refused to pay attorney's fees and litigation expenses incurred solely for their benefit.   The Defendant corporations induced the Plaintiff to continue working in several actively litigated patent disputes despite knowing that Defendants had no intention of paying the legal fees or costs.   Unbeknown to the Plaintiff, the Defendant corporations and certain attorneys then employed by the Plaintiff were conspiring to leave, to start a new law firm and transfer the corporations' pending cases to the new law firm.   While these undisclosed plans were being made, the Defendant corporations concealed their true intentions, made false or reckless promises that Plaintiff's legal fees and litigation costs would be paid.   Despite the obligation to pay and their promises to do so, Defendants refused to pay the Plaintiff's reasonable legal fees and costs. Defendants' wrongful conduct unfairly saddled the Plaintiff with vendor bills in excess of $5.7 million.

2.     Adli Law was retained by Kaneka to provide patent advice, to prosecute patent applications, and to handle various patent litigations in the United States. Adli Law competently performed legal services and, for several years, Kaneka regularly paid the attorney's fees and disbursements without complaint.   Kaneka stopped paying its legal bills in February, 2012.   Yet, Kaneka made repeated promises to pay Plaintiff's legal invoice through at least May, 2012 when new counsel took over handling of Kaneka's pending cases.   Adli Law now brings this action to recover Kaneka's outstanding balance of unpaid fees and costs, plus interest thereon, in an amount not less than

$9,164,130.36, together with consequential and punitive damages for Defendants' intentionally false representations.

## THE PARTIES

3.     Plaintiff is a professional corporation organized under the laws of the State of California with its principal place of business at 633 West Fifth Street, Suite 6900, Los Angeles, California 90071.

4.     Plaintiff is informed and believes, and thereon alleges, that Defendant Kaneka Corporation is a corporation formed under the laws of Japan with its principal place of business at 3-2-4, Nakanoshima, Kita-ku, Osaka, 530-8288, Japan. On information and belief, Defendant Kaneka Corporation is the indirect parent of Defendant Kaneka North America LLC.

5.     Plaintiff is informed and believes, and based thereon alleges, that Defendant Kaneka North America LLC is a limited liability company formed under the laws of State of Texas having a principal place of business at 6161 Underwood Road, Pasadena, Texas 77507.

6.     Plaintiff is informed and believes, and based thereon allege, that at all times herein mentioned, Defendants, inclusive, were and still are the agents or employees of the other named Defendants, and that in doing the things alleged herein, said Defendants were acting within the course and scope of said agency or employment, and with the knowledge and consent of each of the other Defendants, and all of them jointly.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. § 1332 (a).  This Court has personal jurisdiction over the Defendants because Defendants conduct business and have contracted for legal services in the State of California.

8.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

//

# COUNT I

## Breach of Contract

## (Against Kaneka Corporation)

9.     Plaintiff repeats and re-alleges the allegations of Paragraphs 1-8 of this Complaint as if they were fully set forth herein.

10.     Dr. Dariush Adli began providing legal services to Kaneka in 2002 while he was working with another law firm.   Beginning in April, 2010 after Dr. Adli established Adli Law Group P.C., Kaneka engaged Adli Law to continue as its legal counsel to procure and enforce Kaneka's intellectual property rights and defend Kaneka in lawsuits filed by its competitors.   Kaneka later expanded its relationship with Adli Law by giving it worldwide responsibility for Kaneka's patent disputes.

11.     Kaneka was informed of rates, fees and expenses that would be charged for Adli Law's partners, associates and paralegals working on its matters.   Kaneka was also informed that Adli Law would submit monthly invoices stating the amount, rate and basis for calculating fees and costs.

12.     Throughout the course of the various representations, Adli Law fully performed the services for which it was retained and competently represented Kaneka's interests. The legal services provided at Kaneka's request included, but was not limited to the following examples:

      a.     <u>Motion to Dismiss</u>.  Adli Law's attorneys researched, drafted, and filed a Motion to Dismiss a Complaint filed in a federal lawsuit pending in the U.S. District Court for the Southern District of Texas.

      b.     <u>Discovery</u>.  Adli Law's attorneys conducted a full range of discovery in patent infringement lawsuits in four different U.S. District Courts and the U.S. International Trade Commission.  Adli Law  also responded on Kaneka's behalf to more than 300 separate discovery requests, in the International Trade Commission ("ITC") litigations alone, as well as drafting multiple sets of discovery requests directed to Plaintiffs,

Defendants and/or Respondents.   Adli Law's attorneys and staff coordinated the large-scale review and production of voluminous hard copy documents and electronically stored information, totaling about 8 million pages of documents, and engaged well over 100 review personnel in Tokyo, Japan and the U.S. to review these documents and document review vendors to store and process the resulting information.  In addition, Adli Law's attorneys conducted a substantial portion of the document review.   Adli Law's attorneys prepared for, conducted and defended numerous depositions, including taking the depositions of all fact and expert witnesses for the Plaintiffs, Defendants and/or Respondents, defending depositions of all of Kaneka's fact and expert witnesses, including senior executives, such as Kaneka's President.  In addition, Adli Law's attorneys participated in negotiations with opposing counsel regarding all aspects of discovery, including numerous discovery committee meetings in the ITC investigations, and represented Kaneka at numerous court hearings related to discovery and scheduling, most of which required Adli Law's attorneys to travel outside of California. Moreover, Adli Law's attorneys conducted numerous settlement discussions with the opposing counsels in cases in which they represented Kaneka.

    c.   <u>Experts.</u>  On Defendants' behalf, Adli Law engaged the services of experts and laboratories and shipping companies to conduct tests in connection with the cases in which Adli Law represented Kaneka.

    d.   <u>Patent Prosecution.</u>   Adli Law has also during this time filed and prosecuted 7 different patent applications for Kaneka.

13.   At all times relevant, at least from April 2010 through June 2012, Adli Law sent monthly invoices to Kaneka containing (for the relevant period) the fees charged and disbursements incurred together with detailed descriptions of the hours spent and the

tasks performed by Adli Law. During this time, Adli Law regularly informed Kaneka, and received written and/or verbal approval of forecasts for fees, charges and expenses that Kaneka could expect in the future billing periods. Starting in February 2012 and continuing through May 2012, Kaneka did not pay any of the invoices it received. Kaneka, by its officers, agents, servants and employees requested that Adli Law be patient while its Board of Directors conducted an audit. Kaneka requested that Adli Law continue rendering professional services even though invoices were delinquent. In April 2012, Kaneka asked for and received a payment plan for outstanding invoices.

14.    Beginning on or about February, 2012, Kaneka Corporation directed and used its subsidiary, Kaneka North America LLC, as its agent and representative to speak and act on its behalf with regard to monies owed to Adli Law. Kaneka Corporation for itself and Kaneka North America LLC for itself and as agent and representative for Kaneka Corporation, each affirmatively misled Adli Law to believe that Kaneka would pay outstanding bills for legal services and costs. However, Kaneka refused to honor it's agreed upon payment plan.

15.    Relying upon Defendants' representations and in accordance with its professional obligations, Adli Law continued to provide legal services to protect and preserve the legal interests of Kaneka.

16.    On May 14, 2012, with Kaneka's consent, Adli Law was relieved as counsel to Kaneka and all pending matters were transferred to new legal counsel selected by Kaneka. A few days later, Mr. Fujii Kazuhiko, located in Texas, contacted Adli Law and assured Adli Law that the outstanding invoices would be resolved soon, again urging Adli Law to be patient. In the following weeks, Adli Law repeatedly attempted to work with Kaneka on its outstanding balance, but Kaneka did not pay any amount for any of the legal work performed by Adli Law after February 2012.

17.    Adli Law is now informed and believes that Defendants intentionally misled Adli Law and caused it to provide legal services to Kaneka Corporation, while

intending not to pay for such services and not informing Adli Law of its intent.  By its actions, Kaneka has also breached the implied covenant of good faith and fair dealing that is included in every contract under California law.

18.     Plaintiff performed all covenants, conditions and promises required by the contract for legal services except for those obligations that Plaintiff was prevented or excused from performing.

19.     As of May 15, 2012, Adli Law provided legal services to Kaneka valued at $3,424,737.48 and Adli Law incurred costs on Kaneka's behalf valued at $5,739,392.88 for a total amount of unpaid legal fees and costs of $9,164,130.36.

20.     Defendant breached its agreement and promise to pay Plaintiff for legal services rendered and for litigation and other costs incurred on its behalf.

21.     As a result of Defendant's breach, the entire sum of $9,164,130.36, plus interest is now due, owing, and unpaid.

22.     Demand was made for payment, but Defendants failed and refused pay.

23.     As a proximate result of Defendants' breach of contract, Plaintiff has been damaged in the amount of $9,164,130.36.

24.     Plaintiff is also entitled to compensatory damages for attorney's fees, vendor costs and the costs of filing this lawsuit.

## COUNT II

### Breach of the Covenant of Good Faith and Fair Dealing

### (Against Kaneka Corporation)

25.     Plaintiff repeats and re-alleges the allegations of Paragraphs 1-24 of this Complaint as if they were fully set forth herein.

26.     The engagement of Adli Law by Kaneka is a valid and enforceable agreement between Adli Law and Kaneka.

27.     Implied in the agreement between Adli Law and Kaneka is the covenant of good faith and fair dealing.

28. By their conduct as described herein, Kaneka breached the implied covenant of good faith and fair dealing.

29. Adli Law has been damaged by Kaneka's breach of their agreement and breach of the implied covenant of good faith and fair dealing.

## COUNT III

### Quantum Merit

### (Against Kaneka Corporation)

30. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-29 of this Complaint as if they were fully set forth herein.

31. Defendant Kaneka Corporation requested by words or conduct that Plaintiff perform legal services and incur litigation and other expenses for the benefit of the Kaneka Corporation.

32. That Plaintiff performed the legal services and incurred the litigation expenses described in its monthly invoices as requested by Kaneka Corporation.

33. That Kaneka Corporation has not paid Plaintiff for the reasonable legal fees performed or the reasonable litigation and other expenses incurred.

34. The reasonable value of the legal services and litigation expenses that were provided by the Plaintiff to Kaneka Corporation is at least $9,164,130.36.

## COUNT IV

### Promissory Fraud

### (Against All Defendants)

35. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-34 of this Complaint as if they were fully set forth herein.

36. Defendants made repeated promises to Adli Law to make payment for all amounts owed.

37. Defendants made false promises in writing and orally regarding the payment of the outstanding amounts. Defendants, acting through their officers, agents, servants and employees made false promises on one or more of the following dates and times:

a. On or about April 26, 2012, Fujii Kazuhiko represented that Defendants' accounting department was reviewing invoices and merely needed additional time. He represented that payment was delayed due to rules for listed companies in Japan which required further procedures given the size of the fees and expenses incurred. On information and belief, the representation made was untrue and inaccurate;

b. Between April 9, 2012 and April 11, 2012, Iwao Funahashi represented that payment of plaintiff's legal fees and costs were delayed because approval from the corporation's board of directors was necessary. He further represented that payments could not be made until May 11, 2012 following the next board of directors meeting. Given the written representation of Iwao Funahashi, Plaintiff accepted a payment plan requiring Defendants to make a $1 million payment on April 15, 2012 followed by payments on May 15, 2012, June 1, 2012, July 1, 2012, August 1, 2012 and September 1, 2012. On information and belief, Defendants had no intention of making said payments and, in fact, did not comply with the payment plan agreement made with the Plaintiff;

c. In May, 2012, Fujii Kazuhiko, acting for and on behalf of the Defendants, affirmatively represented to Adli Law that outstanding invoice issues would be resolved and payments would be made. Despite these assurances, Defendants did not make further payments of legal fees or litigation costs owed to the Plaintiff.

38. At all times relevant, Defendants did not dispute the reasonableness or the necessity of the legal fees or litigation costs appearing in the professional invoices submitted by the Plaintiff.

39. Defendants, their officers, agents, servants and employees made false statements intentionally, willfully and in conscious disregard of the rights of others intending to cause unjust hardship to Adli Law.

40.     On information and belief, Defendants made such promises of payment to Adli Law with no intention of honoring such promises and solely to induce Adli Law to rely on such false promises of payment to their detriment by delaying formal efforts to collect upon amounts owed to Adli Law and preventing Adli Law from withdrawing from the representation.

41.     Adli Law relied to their detriment on Defendants' false promises of payment by delaying their efforts to collect upon the debt owed to them, advancing further costs from its own funds on behalf of Kaneka and not withdrawing from its representation of Kaneka.

42.     Adli Law has been damaged as a result of such reliance.

## COUNT V

## Intentional Misrepresentation

## (Against All Defendants)

43.     Plaintiff repeats and re-alleges the allegations of Paragraphs 1-42 of this Complaint as if they were fully set forth herein.

44.     On information and belief, Defendants made false and untrue statements promises and/or concealed their true intentions by making one or more of the following statements on the following dates:

    a.     On or about April 26, 2012, Fujii Kazuhiko represented that Defendants' accounting department was reviewing invoices and merely needed additional time.  He represented that payment was delayed due to rules for listed companies in Japan which required further procedures given the size of the fees and expenses incurred.  On information and belief, the representation made was untrue and inaccurate;

    b.     Between April 9, 2012 and April 11, 2012, Iwao Funahashi represented that payment of plaintiff's legal fees and costs were delayed because approval from the corporation's board of directors was necessary.  He further represented that payments could not be made until May 11, 2012

following the next board of directors meeting.   Given the written representation of Iwao Funahashi, Plaintiff accepted a payment plan requiring Defendants to make a $1 million payment on April 15, 2012 followed by payments on May 15, 2012, June 1, 2012, July 1, 2012, August 1, 2012 and September 1, 2012.   On information and belief, Defendants had no intention of making said payments and, in fact, did not comply with the payment plan agreement made with the Plaintiff;

c.   In May, 2012, Fujii Kazuhiko, acting for and on behalf of the Defendants, affirmatively represented to Adli Law that outstanding invoice issues would be resolved and payments would be made.   Despite these assurances, Defendants did not make further payments of legal fees or litigation costs owed to the Plaintiff.

45.   On information and belief, Defendants' executives also made numerous verbal promises to pay the outstanding invoices.

46.   On information and belief, Defendants' representations were false.

47.   Defendants, their officers, agents, servants and employees made false statements intentionally, willfully and in conscious disregard of the rights of others. Defendants intended to and did cause unjust hardship to the Plaintiff.

48.   On information and belief, Defendants intended that Adli Law rely on the representation to prevent Adli Law from withdrawing from the representation at that time, demanding immediate payment of the amounts owed and refusing to advance any further costs, particularly in relation to the trial held in Washington D.C. from March 12-26, 2012.

49.   Adli Law relied to their detriment on Defendants' false representation that it intended to pay the outstanding invoices.

50.   Adli Law has been damaged as a result of such reliance.

51.   Adli Law's reliance on Defendants' representation was a substantial factor in causing the damage to Adli Law.

# COUNT VI

## Negligent Misrepresentation

## (Against All Defendants)

52.     Plaintiff repeats and re-alleges the allegations of Paragraphs 1-51 of this Complaint as if they were fully set forth herein.

53.     On information and belief, Defendants made reckless statements and promises without reasonable grounds for believing the statements and promises were true. These reckless statements and promises were made on one or more of the following dates:

    a.    On or about, April 26, 2012, Fujii Kazuhiko represented that Defendants' accounting department was reviewing invoices and merely needed additional time.  He represented that payment was delayed due to rules for listed companies in Japan which required further procedures given the size of the fees and expenses incurred;

    b.    Between April 9, 2012 and April 11, 2012, Iwao Funahashi represented that payments of plaintiff's legal fees and costs were delayed because approval from the corporation's board of directors was necessary.  He further represented that payments could not be made until May 11, 2012 following the next board of directors meeting.   Given the written representation of Iwao Funahashi, plaintiff accepted a payment plan requiring defendants to make a $1 million payment on April 15, 2012 followed by payments on May 15, 2012, June 1, 2012, July 1, 2012, August 1, 2012 and September 1, 2012.  Defendants, their officers, agents, servants and employees made these statements in reckless disregard of the truth without knowing whether such payments could or would be made. Defendants did not make the payments required by their payment plan;

    c.    In May, 2012, Fujii Kazuhiko, acting for and on behalf of the Defendants, affirmatively represented to Adli Law that outstanding invoice issues

would be resolved and payments would be made.   Despite these assurances, Defendants did not make further payments of legal fees or litigation costs owed to the Plaintiff.

54.    On information and belief, Defendants' made numerous verbal promises to pay the outstanding invoices.

55.    On information and belief, Defendants statements representations were made in reckless disregard of the truth or were made without reasonable ground for believing them to be true.

56.    On information and belief, Defendants intended that Adli Law rely on their representations.

57.    Adli Law relied to their detriment on Defendants' false representations that it intended to pay the outstanding invoices.

58.    Adli Law has been damaged as a result of such reliance.

59.    Adli Law's reliance on Defendants' representations was a substantial factor in causing the damage to Adli Law.

## COUNT VII

### Conspiracy to Defraud and Misrepresent

60.    Plaintiff repeats and re-alleges the allegations of Paragraphs 1-59 of this Complaint as if they were fully set forth herein.

61.    On information and belief, Kaneka North America LLC was aware that Kaneka Corporation and others planned to make misleading and false statements which were intended to and did induce the Plaintiff into performing legal services for which Kaneka Corporation had no intention of paying.

62.    On information and belief, Kaneka North America LLC agreed with Kaneka Corporation and others and intended to cooperate with and/or participate in the misrepresentations, concealment and/or deceit.

63.     Defendants, their officers, agents, servants and employees made false statements intentionally, willfully and in conscious disregard of the rights of others. Defendants intended to and did cause unjust hardship to the Plaintiff.

64.     Defendants planned to make, cooperated in, and did make false and untrue statements and/or representations to induce Adli Law to continue working on its various Kaneka cases with no intent to actually pay any of the invoices.

65.     Adli Law has been harmed by the wrongful conduct and of the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in its favor and against each of the Defendants, individually and jointly and severally, as follows:

FOR COUNTS ONE, TWO and THREE:

A.      Awarding Adli Law compensatory, special and general damages in the amount of $9,164,130.36 plus interest thereon

B.      Awarding statutory pre- and post-judgment interest;

FOR COUNTS FOUR, FIVE, SIX and SEVEN:

C.      Awarding Plaintiff compensatory, special and general damages according to proof at the time of trial;

D.      Awarding interest on all applicable damages under California Civil Code § 3288;

E.      Awarding punitive or exemplary damages according to proof at the time of trial; and

FOR EACH AND EVERY CAUSE OF ACTION:

F.      Awarding Plaintiff the reasonable costs of suit incurred to bring this civil action;

G.      Awarding Plaintiff reasonable attorney's fees as permitted by law;

H.      Awarding such other and further relief as the Court may deem proper and just;

Dated: August 31, 2012

Respectfully submitted,

Dariush G. Adli, State Bar No. 204959
adli@adlilaw.com
Rasheed McWilliams, State Bar No.
281832
rasheed.mcwilliams@adlilaw.com
Almuhtada Smith, State Bar No. 263762
almuhtada.smith@adlilaw.com

ADLI LAW GROUP P.C.
633 West Fifth Street, Suite 6900
Los Angeles, California 90071
Telephone: (213) 623-6546
Facsimile:  (213) 623-6554

Attorneys for Plaintiff
Adli Law Group, P.C.

14
COMPLAINT

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: August 31, 2012

Respectfully submitted,

Dariush G. Adli, State Bar No. 204959
adli@adlilaw.com
Rasheed McWilliams, State Bar No.
281832
rasheed.mcwilliams@adlilaw.com
Almuhtada Smith, State Bar No. 263762
almuhtada.smith@adlilaw.com

ADLI LAW GROUP P.C.
633 West Fifth Street, Suite 6900
Los Angeles, California 90071
Telephone: (213) 623-6546
Facsimile: (213) 623-6554

Attorneys for Plaintiff
Adli Law Group, P.C.