Victor L. George, State Bar No. 110504
Wayne C. Smith, State Bar No. 112535
LAW OFFICES OF VICTOR L. GEORGE
20355 Hawthorne Blvd., First Floor
Torrance, CA 90503
Tel: (310) 698-0990
Fax: (310) 698-0995
E-mail: vgeorge@vgeorgelaw.com
         wsmith@vgeorgelaw.com

William F. Sondericker, Esq.
Carter Ledyard & Milburn, LLP
2 Wall Street
New York, NY 10005-2072
Tel: (212) 732-3200
Fax: (212) 732-3232
E-mail: sondericker@clm.com

Attorneys for Defendants
KANEKA CORPORATION and
KANEKA NORTH AMERICA LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADLI LAW GROUP, a California Corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>KANEKA CORPORATION, a Japanese Corporation; and KANEKA NORTH AMERICA LLC, a Texas Limited Liability Company,<br><br>          Defendants. | CASE NO. CV12-07377 GW (RZx)<br><br>[Assigned to Hon. George H. Wu, Courtroom 10]<br><br>**ANSWER OF DEFENDANTS TO FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMAND**<br><br>Complaint Filed: August 28, 2012<br>Trial Date:      None Set. |

Defendants KANEKA CORPORATION AND KANEKA NORTH AMERICA LLC hereby deny each and every allegation contained in the First Amended Complaint except those expressly admitted below:

**I.      Overview**

1.      Defendants admit that KANEKA CORPORATION is a Japanese Corporation. Defendants deny the remainder of the allegation of this paragraph.

2.      Defendants admit Plaintiff was retained to handle various patent litigations in the United States. Defendants deny the remaining allegations of this paragraph.

**II.     The Parties**

3.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

4.      Defendants admit Kenaka Corporation is a corporation formed under the laws of Japan with its principal place of business at 3-2-4, Nakanoshima, Kita-ku, Osaka, 530-8288, Japan. Defendants deny the remaining allegations of this paragraph.

5.      Defendants admit the truth of the allegations of this paragraph.

6.      Defendants deny the truth of the allegations of this paragraph.

**III.    Jurisdiction and Venue**

7.      Defendants admit the allegations of this paragraph.

8.      Defendants admit the allegations of this paragraph.

**IV.     Count 1 (Breach of Contract Against Kaneka)**

9.      Defendants incorporate by reference their responses to paragraphs 1-9 as set forth in full herein.

10.     Defendants admit that Plaintiff was requested to represent Kaneka

in four litigation matters in the United States, two matters before the International Trade Commission and to supervise patent litigation matters in France and Germany. Defendants deny the remaining allegations of this paragraph.

11. Defendants deny the allegations of this paragraph.

12. Defendants admit Plaintiff filed a motion to dismiss a complaint filed in a lawsuit pending in the U.S. District Court for the Southern District of Texas, served and responded to some discovery in four different U.S. District Courts and the U.S. International Trade Commission, unnecessarily copied and stored approximately 8 million pages of documents and took and defended fact and expert witness depositions. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

13. Defendants admit Kaneka Corporation received monthly statements and forecasts of fees, charges and expenses. Kaneka admits that the last invoice that paid was dated March 1, 2012 because audits of Plaintiff's statements revealed billing irregularities, including double charging for vendors costs that were previously paid, block billing and other irregularities. Defendants deny the remaining allegations of this paragraph.

14. Defendants deny the allegations of this paragraph.

15. Defendants deny the allegations of this paragraph.

16. Defendants admit that Plaintiff was relieved as counsel for Kaneka on May 14, 2012. Defendants further admit that Kaneka has not paid Plaintiff for any claimed outstanding balance after February 2012. Defendants deny the remaining allegations of this paragraph.

17. Defendants deny the allegations of this paragraph.

18. Defendants deny the allegations of this paragraph.

19. Defendants deny the allegations of this paragraph.

20. Defendants deny the allegations of this paragraph.

21. Defendants deny the allegations of this paragraph.

22. Defendant admits the allegations of this paragraph.

23. Defendants deny the allegations of this paragraph and that Plaintiff has been damaged in any amount, whatsoever, or at all.

24. Defendant deny the allegations of this paragraph.

## V. Count II (Breach of Covenant of Good Faith and Fair Dealing Against Kaneka)

25. Defendants incorporate by reference their responses to paragraphs 1-24 as set forth in full herein.

26. Defendants deny the allegations of this paragraph.

27. Defendants deny the allegations of this paragraph.

28. Defendants deny the allegations of this paragraph.

29. Defendants deny the allegations of this paragraph and that Plaintiff has been damaged in any amount, whatsoever, or at all.

## VI. Count III (Quatum Meriut Against Kaneka)

30. Defendants incorporate by reference their responses to paragraphs 1-29 as set forth in full herein.

31. Defendants admit that Plaintiff was requested to perform legal services for Kaneka Corporation. Defendants deny the remaining allegations of this paragraph.

32. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

33. Defendants deny the allegations of this paragraph.

34. Defendants deny the allegations of this paragraph.

**VII. <u>Count IV (Promissory Fraud Against All Defendants)</u>**

35. Defendants incorporate by reference their responses to paragraphs 1-34 as set forth in full herein.

36. Defendants admit the allegations of this paragraph.

37. Defendants deny the allegations of this paragraph.

38. Defendants deny the allegations of this paragraph.

39. Defendants deny the allegations of this paragraph.

40. Defendants deny the allegations of this paragraph.

41. Defendants deny the allegations of this paragraph.

42. Defendants deny the allegations of this paragraph or that Plaintiff has been damaged in any amount, whatsoever, or at all.

**VIII. <u>Count V (Intentional Misrepresentation Against All Defendants)</u>**

43. Defendants incorporate by reference their responses to paragraphs 1-42 as set forth in full herein.

44. Defendants deny the allegations of this paragraph.

45. Defendants deny the allegations of this paragraph.

46. Defendants deny the allegations of this paragraph.

47. Defendants deny the allegations of this paragraph.

48. Defendants deny the allegations of this paragraph.

49. Defendants deny the allegations of this paragraph.

50. Defendants deny the allegations of this paragraph or that Plaintiff has been damaged in any amount, whatsoever, or at all.

51. Defendants deny the allegations of this paragraph or that Plaintiff has been damaged in any amount, whatsoever, or at all.

**IX.     Count VI (Negligent Misrepresentation Against All Defendants)**

  52. Defendants incorporate by reference their responses to paragraphs 1-51 as set forth in full herein.

  53. Defendants deny the allegations of this paragraph.

  54. Defendants deny the allegations of this paragraph.

  55. Defendants deny the allegations of this paragraph.

  56. Defendants deny the allegations of this paragraph.

  57. Defendants deny the allegations of this paragraph.

  58. Defendants deny the allegations of this paragraph or that Plaintiff has been damaged in any amount, whatsoever, or at all.

  59. Defendants deny the allegations of this paragraph or that Plaintiff has been damaged in any amount, whatsoever, or at all.

**X.     Count VII (Conspiracy to Defraud and Misrepresent)**

  60. Defendants incorporate by reference their responses to paragraphs 1-59 as set forth in full herein.

  61. Defendants deny the allegations of this paragraph.

  62. Defendants deny the allegations of this paragraph.

  63. Defendants deny the allegations of this paragraph.

  64. Defendants deny the allegations of this paragraph.

  65. Defendants deny the allegations of this paragraph or that Plaintiff has been damaged in any amount, whatsoever, or at all.

  Defendants allege the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### [Failure to State a Cause of Action]

  66. Defendant alleges that the First Amended Complaint, and each and every purported cause of action therein, fail to state a cause of action.

///

## SECOND AFFIRMATIVE DEFENSE

### [Unclean Hands]

67. Defendants allege that Plaintiff's unclean hands bars the granting of relief.

## THIRTEENTH AFFIRMATIVE DEFENSE

### [Offset]

68. Defendants allege that Defendants have suffered damages by reason of Plaintiff's conduct and has the right of offset if any amount of money is owed to Plaintiff by way of damage, quantum meruit, breach of any contract, or breach of any duty imposed by law.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by its First Amended Complaint on file herein;
2. For costs of suit incurred herein; and
3. For such other and further relief as the court may deem just and proper.

Dated: November 1, 2012          LAW OFFICES OF VICTOR L. GEORGE

By: ___/s/___
WAYNE C. SMITH
Attorneys for Defendants
KANEKA CORPORATION and
KANEKA NORTH AMERICA LLC

1  **DEMAND FOR JURY TRIAL**

2  Defendants, KANEKA CORPORATION and KANEKA NORTH AMERICA LLC, hereby demand trial by jury in this action now before the Court.

Dated: November 1, 2012     LAW OFFICES OF VICTOR L. GEORGE

By: ____/s/_____
VICTOR L. GEORGE
WAYNE C. SMITH
Attorneys for Defendants
KANEKA CORPORATION and
KANEKA NORTH AMERICA LLC

ANSWER OF DEFENDANTS TO FIRST AMENDED COMPLAINT