UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

**PRIORITY SEND**

| Case No. | CV 12-7377-GW(RZx) | Date | December 26, 2012 |
|---|---|---|---|
| Title | *Adli Law Group P.C. v. Kaneka Corp., et. al.* | | |

| Present: The Honorable | GEORGE H. WU, United States District Judge | |
|---|---|---|
| Javier Gonzalez | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None Present | | None Present |

**Proceedings:**     (IN CHAMBERS):  **ORDER TO SHOW CAUSE RE DIVERSITY**

     Adli Law Group P.C. ("Plaintiff") sues Kaneka Corporation ("Kaneka") and Kaneka North America LLC ("Kaneka LLC") for breach of contract, breach of the covenant of good faith and fair dealing, *quantum meruit*, promissory fraud, intentional misrepresentation, negligent misrepresentation and conspiracy to defraud and misrepresent. Plaintiff asserts that this Court has subject matter jurisdiction over the dispute due to the existence of complete diversity of citizenship. *See* 28 U.S.C. § 1332(a).  Plaintiff asserts that it is incorporated in and has its principal place of business in California, that Kaneka is incorporated in and has its principal place of business in Japan, and that Kaneka LLC is a Delaware corporation with its principal place of business in Texas. *See* First Amended Complaint ¶¶ 3-5.

     It is the Court's obligation to ensure that it in fact has subject matter jurisdiction before proceeding with this action.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (indicating that courts must assure themselves of the existence of subject matter jurisdiction before proceeding); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (same). Although Plaintiff has alleged that Kaneka <u>LLC</u> is a <u>corporation</u>, its name suggests that it is, in fact, a <u>limited liability company</u>.  If it is, indeed, a limited liability company, Plaintiff's jurisdictional allegations are insufficient.  Limited liability companies are treated like partnerships for diversity jurisdiction purposes.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Therefore, the citizenship of *each member* of the company would have to be alleged.  Further, if any member of a limited liability company is itself a partnership or association, such as another limited liability company, then the Court needs to know the citizenship of each "sub-member" as well.  *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010).

     Plaintiff bears the burden of properly alleging a basis for the Court's subject matter jurisdiction.  *See Lewis v. Verizon Commc'ns., Inc.*, 627 F.3d 395, 399 (9th Cir. 2010).  As such, Plaintiff is ordered to file, by stipulation or otherwise, material properly indicating Kaneka LLC's citizenship, by January 10, 2013.  If no filing is made by that date, the parties should appear at the January 14, 2013, scheduling conference prepared to discuss whether the matter should be dismissed due to this deficiency or whether limited discovery should be propounded to resolve the jurisdictional issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

**PRIORITY SEND**

    The Court further orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

    Deputy Clerk: KTI