Daniel D. Harshman, Esq. [SBN 177139]
daniel.harshman@adlilaw.com
ADLI LAW GROUP P.C.
633 West Fifth Street, Suite 6900
Los Angeles, CA 90071
Tel: 213-623.6546
Fax: 213.623.6554

Attorneys for Counter-Defendant
ADLI LAW GROUP

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADLI LAW GROUP P.C., a California Professional Corporation,<br><br>             Plaintiff,<br><br>     vs.<br><br>KANEKA CORPORATION, a Japanese Corporation; and KANEKA NORTH AMERICA LLC, a Texas Limited Liability Company,<br><br>             Defendants. | Case No.: CV12-07377-GW(RZx)<br><br>DEFENDANT HACHEM-SAWAYA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND FAILURE TO PLEAD WITH PARTICULARITY<br><br>F.R.C.P. 9(b) & 12(b)(6) |
| KANEKA CORPORATION, a Japanese Corporation,<br><br>             Counter-Claimant,<br><br>     vs.<br><br>ADLI LAW GROUP, a California Corporation; DARIUSH G. ADLI, an individual; and NICOLETTE HACHEM-SAWAYA, an individual,<br><br>             Counter-Defendants. | Date:  February 21, 2013<br>Time:  8:30 a.m.<br>Ctrm:  10-Spring St.<br>Judge: Hon. George H. Wu |

TABLE OF CONTENTS

I. STATEMENT OF FACTS ...................................................................................1

II. LEGAL ARGUMENT .........................................................................................2

    A. Legal Standard for Motion to Dismiss......................................................2

    B. Heightened Pleading Standard Under Rule 9(b)......................................3

    C. Failure to State a Claim for Breach of Fiduciary Duty Against SAWAYA....4

    D. Failure to State a Claim for Fraudulent Concealment By SAWAYA .............6

    E. Failure to Plead a Fraud Claim Under Rule 9(b) ..............................................8

III. CONCLUSION .....................................................................................................9

# TABLE OF AUTHORITIES

Cases

1-800 Contacts, Inc. v. Steinberg, (2003) 107 Cal. App. 4th 568 ................................... 5

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ................................................................... 2, 3

Barbara A. v. John G., (1983) 145 Cal. App. 3d 369 ..................................................... 5

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) ................................................. 3, 6

Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034 (9th Cir. 2011) ........... 2, 3

Clegg v. Cult Awareness Network, 18 F.3d 752 (9th Cir. 1994) ..................................... 2

De LaCruz v. Tormey, 582 F.2d 45 (9th Cir. 1978) ....................................................... 2

Gerawan Farming, Inc. v. Rehrig Pacific Co., 2012 U.S. Dis. LEXIS 28017
   (E.D. Calif. 2012) ................................................................................................. 4, 8

Grant v. Aurora Loan Services, Inc., 736 F.Supp. 2d 1257 (C.D. Calif. 2010) .......... 4, 8

In re Countrywide Financial Corp. Mortgage-Backed Securities Litigation, 860
   F.Supp. 2d 1062 (C.D. Calif. 2012) ........................................................................ 2

Marketing West, Inc. v. Sanyo Fisher (USA) Corp., (1992) 6 Cal. App. 4th 603 .......... 6

Mirabito v. Liccardo, (1992) 4 Cal. App. 4th 41, 46; Noble v. Sears, Roebuck
   & Co., (1973) 33 Cal. App. 3d 654 ......................................................................... 7

Neubronner v. Milken, 6 F.3d 666 (9th Cir. 1993) ........................................................ 3

Richelle L. v. Roman Catholic Archbishop of San Francisco, (2003) 106 Cal.
   App. 4th 257 ............................................................................................................ 5

Ross v. Creel Printing & Publishing Co., Inc., (2002) 100 Cal. App. 4th 736 ............... 7

Semegen v. Weidner, 780 F.2d 727 (9th Cir. 1985) ....................................................... 3

Summers v. Delta Airlines, Inc., 805 F.Supp. 2d 874 (N.D. Calif. 2011) .................. 2, 3

Swartz v. KPMG LLP, 476 F.3d 756 (9th Cir. 2007) ..................................................... 7

Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097 (9th Cir. 2003) ............................ 3, 4, 8

**Rules**

Fed. Rule Civ. Proc. §12(b)(6) ...............................................................................2, 4, 7

Fed. Rule of Civ. Proc. § 9(b)..........................................................................................3

## I.   STATEMENT OF FACTS

Kaneka Corporation ("**Kaneka**"), hired the intellectual property law firm Adli Law Group, P.C. ("**Adli Law**") to represent KANEKA in various patent disputes. [Counter-Claim at ¶ 9]. KANEKA and ADLI LAW are involved in a dispute over legal fees and alleged malpractice by the law firm. ADLI LAW sued KANEKA for approximately $9 million in unpaid legal fees and KANEKA brought this counter-claim alleging ADLI LAW breached its fiduciary duty and committed legal malpractice. Nicolette Hachem-Sawaya ("**Sawaya**") is a non-lawyer employee of ADLI LAW. [Counter-Claim at ¶ 4]. Though she is not a lawyer, SAWAYA was one of the original employees who helped to start the firm in 2010. Hence, she is sometimes referred to as one of the founding employees. [Id.]. When KANEKA brought its counter-claim against the law firm, it also sued SAWAYA for breach of fiduciary duty and fraudulent concealment.

The counter-claim does not allege a contract or other relationship between KANEKA and SAWAYA. The counter-claim refers to Ms. SAWAYA only twice, both times in connection with employment by the law firm. First, the counter-claim indicates SAWAYA's position of employment with the law firm constitutes an "interest and control of ALG in violation of the California Rules of Professional Conduct," [Counter-Claim at ¶ 4], and that she "entered into an illegal fee sharing agreement" with the law firm. [Counter-Claim at ¶ 5]. Otherwise, the counter-claim is devoid of any mention of Ms. SAWAYA, her relationship to KANEKA, the actions she is alleged to have taken or the manner, if any, she caused or contributed to KANEKA's alleged damages. On the contrary, the counter-claim contends that <u>SAWAYA</u> assumed a fiduciary duty merely because KANEKA hired <u>her employer</u>. [Counter-Claim at ¶21]. Throughout the counter-claim, the allegations do not differentiate between the law firm and the individual defendants. In nearly every

...

respect, the multiple defendants are lumped together as though there were a homogeneous life form.

Consequently, the counter-claim states no facts that show any relationship between KANEKA and Ms. SAWAYA, let alone a fiduciary one. It fails to state a plausible claim that SAWAYA had a fiduciary duty or engaged in fraudulent conduct or concealment. Consequently, the counter-claim against SAWAYA must be dismissed.

## II. LEGAL ARGUMENT

### A. Legal Standard for Motion to Dismiss

A motion to dismiss under Fed. Rule Civ. Proc. §12(b)(6) tests the legal sufficiency of the pleadings. *De LaCruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). Dismissal is proper where the complaint does not state a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011); *Summers v. Delta Airlines, Inc.*, 805 F. Supp. 2d 874, 877 (N.D. Calif. 2011). A Rule 12(b)(6) motion should be granted when, assuming the truth of the plaintiff's allegations, the complaint fails to state a claim for which relief can be granted. *In re Countrywide Financial Corp. Mortgage-Backed Securities Litigation*, 860 F. Supp. 2d 1062, 1067 (C.D. Calif. 2012). In deciding whether a claim is stated, the Court must assume that plaintiff's allegations are true and draw all reasonable inferences in plaintiff's favor. *Id.* However, the tenet that a court must accept allegations as true does not apply to threadbare recitals of the elements of a cause of action, nor does it apply to allegations that are conclusion of law or fact. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Likewise, the court need not accept as true allegations that contradict matters properly subject to judicial notice or those referenced in exhibits to the pleadings. *Summers v. Delta Airlines, Inc.*,

*supra* at. 877.  A complaint does not meet Rule 8 pleading standards merely because it contains labels and conclusions or a formulaic recitation of the elements of a cause of action.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The pleading must provide sufficient factual matter that, if accepted as true, state a claim that is plausible on its face.  *Id*. at 570.  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, *supra* at 663.

If a court finds that a complaint does not contain facts sufficient to state a claim, it has discretion to dismiss with or without leave to amend.  Leave to amend should be granted if it appears possible that the defects could be corrected. However, if it is clear that plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile, the court may dismiss without leave to amend.  *Cervantes v. Countrywide Home Loans, Inc*., *supra* at 1041.

### B. Heightened Pleading Standard Under Rule 9(b)

A party alleging fraud or mistake must state with particularity the circumstances constituting fraud or mistake.  Fed. Rule of Civ. Proc. § 9(b).  The "circumstances" required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir.1993).  In addition, the allegation "must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106.  Rule 9(b)'s heightened pleading standard applies not only to federal claims, but also to state law claims brought in federal court. *Id.* at 1103. A heightened pleading standard ensures that "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir.1985).  Since

fraudulent concealment claims sound in fraud, they are subject to the heightened pleading requirements of Rule 9(b). *Grant v. Aurora Loan Services, Inc.*, 736 F. Supp. 2d 1257, 1273 (C.D. Calif. 2010); *see also*, *Gerawan Farming, Inc. v. Rehrig Pacific Co.*, 2012 U.S. Dis. LEXIS 28017 (E.D. Calif. 2012).

     A motion to dismiss a complaint or claim grounded in fraud under Rule 9(b) is the functional equivalent of a motion to dismiss under Rule 12(b)(6). Once insufficiently pled averments of fraud are disregarded, as they must be, there is effectively nothing left of the complaint. *Vess v. Ciba-Geigy Corp., USA, supra* at 1107. Accordingly a failure to comply with Rule 9(b) has the same consequence as a dismissal under Rule 12(b)(6). *Id*.

     C. <u>Failure to State a Claim for Breach of Fiduciary Duty Against SAWAYA</u>

     Ms. SAWAYA was added to this case in KANEKA's counter-claim. She is sued in Count One where it is alleged that she breached a fiduciary duty to KANEKA. The basis for the claim against her is summarized in paragraph 21 which says nothing more than each defendant "owed Claimant fiduciary duties as a result of <u>ALG's</u> representation of Claimant." In other words, the counter-claim offers no facts to identify an individual relationship between KANEKA and Ms. SAWAYA. The counter-claim merely concludes that she owes a fiduciary duty because her employer, a law firm, owed a fiduciary duty to KANEKA. On its face, this is a conclusory statement bereft of supporting facts. This allegation is not plausible on its face. There are no facts pled that identify a fiduciary relationship with SAWAYA. KANEKA had no individual or personal contract with her. KANEKA did not hire SAWAYA individually. KANEKA's engagement was with the law firm where SAWAYA worked. The counter-claim does nothing more than give a formulaic recitation of the elements of a cause of action for breach of fiduciary duty. This is a textbook example of an insufficient pleading.

The legal conclusion presented in paragraph 21 is also fundamentally flawed. KANEKA admitted that SAWAYA is not a lawyer, but rather a director of operations who oversees administrative functions of the law firm. [Counter-claim at ¶4]. Technically, a fiduciary relationship is a recognized legal relationship such as guardian and ward, trustee and beneficiary, principal and agent, or attorney and client. *Richelle L. v. Roman Catholic Archbishop of San Francisco*, (2003) 106 Cal. App. 4th 257, 271; *Barbara A. v. John G.*, (1983)145 Cal. App. 3d 369, 382. A breach of fiduciary duty is a tort that, by definition, may be committed only by a limited class of persons. *1-800 Contacts, Inc. v. Steinberg*,(2003) 107 Cal. App. 4th 568, 592. While an attorney-client relationship may be a fiduciary one, *Barbara A. v. John G.*, *supra* at 383, there is no authority suggesting that everyone who works for a lawyer inherits the same fiduciary duty that the lawyer owes to his or her clients. Ms. SAWAYA has never occupied one the canonical relationships which the law regards as creating a fiduciary duty. She has never been a lawyer, guardian, trustee, or attorney for KANEKA.

The counter-claim is devoid of facts capable of supporting a legally cognizable fiduciary relationship with SAWAYA. Since she did not occupy a fiduciary relationship toward the counter-claimant, no fiduciary duty ever existed. No conduct by SAWAYA can ever constitute a breach a fiduciary duty owed to KANEKA. Further, the acknowledgement that SAWAYA is a non-lawyer eliminated any possibility that KANEKA can amend to allege a competent breach of fiduciary duty claim. Based upon the facts already pled, the deficiency cannot be cured by an amendment. Accordingly, SAWAYA requests that the First Count of the Counter-Claim alleging breach of fiduciary duty be dismissed against her with without leave to amend.

### D. Failure to State a Claim for Fraudulent Concealment By SAWAYA

A cause of action for fraudulent concealment requires that: (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment of suppression of the fact, the plaintiff must have been damaged. *Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*, (1992) 6 Cal. App. 4th 603, 612-613. The fraudulent concealment claim is based upon duties of loyalty and trust owed by <u>legal counsel</u>. [Counter-claim at ¶28]. Since SAWAYA is not a lawyer and was not by KANEKA as its legal counsel, she has no such duties. As to SAWAYA, the averment in paragraph 28 is a conclusory label devoid of factual context. It is the kind of pleading criticized in *Bell Atlantic v. Twombly, supra*. The absence of a fiduciary duty between SAWAYA and KANEKA undercuts an essential element of the claim (e.g., a duty to disclose). The counter-claim fails to state facts sufficient to show that SAWAYA had a duty to disclose information. Accordingly, the counter-claim fails to state facts sufficient to state a claim for concealment as to SAWAYA.

Count II (or the entire counter-claim for that matter) fails to describe any action or inaction by SAWAYA that constitutes fraudulent conduct or fraudulent concealment. In fact, it does not identify any conduct by SAWAYA. Instead, the counter-claim refers to various actions or events without stating which counter-defendant allegedly performed them. All of the counter-defendants are lumped together. This is not a proper pleading. Rule 9(b) does not permit a complaint to lump multiple defendants together, but requires a pleader to differentiate his or her allegations when suing each defendant to inform each defendant separately of the

allegations surrounding his alleged participation in the fraud. *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007). The counter-claim avers in conclusory fashion that certain actions were fraud (or fraudulently concealed) without identifying that SAWAYA had anything to do with the alleged concealment, let alone that she had a duty to disclose that information. Under Rule 9(b), these improper allegations must be ignored. There is also no allegation that KANEKA too action based upon anything that SAWAYA might have done. Nor is there an allegation describing how KANEKA might have been damaged by anything SAWAYA said or did. Consequently, the counter-claim must be dismissed for failure to state a claim against SAWAYA upon which relief can be granted.

The counter-claim alleges that SAWAYA engaged in an illegal fee splitting arrangement with a law firm in violation of the Rule of Professional Conduct. [Counter-claim at ¶ 29]. Since SAWAYA is admittedly a non-lawyer, the Rules of Professional Conduct have no application to her. Hence, even if this allegation were true, it adds nothing to the claim against SAWAYA. Further, even if the Rules of Professional Conduct were violated,[1] that does not create an independent cause of action. *Ross v. Creel Printing & Publishing Co., Inc.*, (2002) 100 Cal. App. 4th 736, 746; *Mirabito v. Liccardo*, (1992) 4 Cal. App. 4th 41, 46; *Noble v. Sears, Roebuck & Co.*, (1973) 33 Cal. App. 3d 654, 658-59. If the violation of an ethical rule does not create a cause of action against an attorney, it certainly cannot do so against a non-lawyer.[2] Further, no facts are alleged showing that SAWAYA concealed or suppressed this putative fact. KANEKA also fails to allege how it was damaged by

---

[1] Although SAWAYA disputes this contention, this motion is not the place to air her disagreement. Well pleaded facts are assumed to be true for purpose of this motion.
[2] Rules of ethics may help define the "duty" component of the fiduciary duty that an attorney owes to his client. *Mirabito v. Liccardo, supra* at 45. Ethical rules cannot define a duty owed by SAWAYA because she is not a fiduciary.

- 7 -
DEFENDANT HACHEM-SAWAYA'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

this putative relationship. Accordingly, no facts are pled that properly state a claim for fraudulent concealment by Ms. SAWAYA.

### E. Failure to Plead a Fraud Claim Under Rule 9(b)

The counter-claim is further defective under the pleading standard required by Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) requires that a party state with particularity the circumstances of fraud. This heightened pleading standard applies to claims for fraudulent concealment. *Grant v. Aurora Loan Services, Inc.*, *supra* at 1273; *Gerawan Farming, Inc. v. Rehrig Pacific Co.*, *supra*. The counter-claim falls woefully short of the heightened pleading standard in paragraphs 30 & 31.[3] For instance, paragraph 30 refers to "double billing" without any description of the vendor name, the invoices, the amounts or how KANEKA contends those items were double billed. The same defects appear in paragraph 31 which obliquely refers to "charging administrative costs, overhead, secretarial and clerical activities." The counter-claim fails to identify the person who allegedly billed these items, the dates when they were billed or what is (or is not) an administrative or clerical billing entry. No facts are stated. Nothing in the pleading allows counter-defendants to identify what is or is not a questioned billing entry. The counter-claim fails to provide the "who, what, when, where, and how" details required under Rule 9(b). *Vess v. Ciba-Geigy Corp. USA*, *supra* at 1106. Since the allegations do not comply with Rule 9(b), they must be disregarded. Accordingly, the counter-claim fails to state a claim for fraudulent concealment.

KANEKA acknowledged that it received written professional invoices containing descriptions of time entries. [*see*, Counter-claim at ¶11 referring to "billing entries"]. By definition, the written description gave notice of the services that were

---

[3] To the extent Count II incorporates ¶22 to allege concealment, ¶22 suffers from the same defects. It too fails to provide the "who, what, when, where, and how" descriptions of fraud. *Vess v. Ciba-Geigy Corp. USA*, *supra* at 1106.

- 8 -
DEFENDANT HACHEM-SAWAYA'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

being billed. If the face of the invoice contained sufficient information for KANEKA's lawyer to conclude KANEKA was billed for "clerical or administrative services," then KANEKA could read the same invoice and draw the same conclusion. Something that is apparent on the face of an invoice sent to the client cannot be concealed from the client. This claim is not plausible on its face. Further, the facts pled actually shows that a fraudulent concealment claim cannot be made for items that appear on the face of the written billing statements. Such illogical, conclusory statements do not satisfy the heightened pleading standard enunciated in Rule 9(b).

## III. CONCLUSION

Ms. SAWAYA is not an attorney and has no individual relationship with KANEKA. Having failed to plead any facts, there is basis for KANEKA to claim that she occupied a fiduciary relationship with or owed fiduciary duties to KANEKA. Likewise, there is no factual basis to claim she had a duty to make disclosures to KANEKA. She is a non-lawyer employee of ADLI LAW who otherwise has nothing whatsoever to do with KANEKA. Accordingly, the counter-claim fails to state facts sufficient to state a claim upon which relief can be granted against SAWAYA.

Further, the fraud based allegation in Count II fail to satisfy the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure and must be disregarded and the fraudulent concealment claim dismissed.

Dated: January 24, 2013         Respectfully submitted,

ADLI LAW GROUP, P.C.

By: /s/ Daniel D. Harshman
Daniel D. Harshman, Esq.

Counsel for Defendant,
Nicolette Hachem-Sawaya

# PROOF OF SERVICE

Re:   Adli Law Group, P.C. v. Kaneka Corporation, et al.

I, the undersigned, declare that I am, and was at the time of service of the papers herein referred to, over the age of eighteen years, and not a party to the action; and I am employed in the County of Los Angeles, California in which county the within-mentioned mailing occurred. My business address is 633 W. 5th Street, Suite 6900, Los Angeles, California 90071.

I served the following documents:

- **DEFENDANT HACHEM-SAWAYA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND FAILURE TO PLEAD WITH PARTICULARITY**

on the parties in said action based on an agreement of the parties to accept service by electronic transmission. I sent this transmission through the CM/ECF System at 3:00 p.m.. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I hereby certify under the penalty of perjury that the foregoing is true and correct. Executed on Thursday, January 24, 2013, at Los Angeles, California.

_____
Bridgette Lancaster

PROOF OF SERVICE

1