1  THOMAS J. KEARNEY (Bar No. 150202)
       tjk@amclaw.com
2  JOSEPH P. TABRISKY (Bar No. 120749)
       jpt@amclaw.com
3  ANDERSON, McPHARLIN & CONNERS LLP
   444 South Flower Street
4  Thirty-First Floor
   Los Angeles, California 90071-2901
5  TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594

6  **Attorneys for Counter-Defendants ADLI LAW GROUP, a**
   **California corporation, and DARIUSH G. ADLI, an**
7  **individual**

8              UNITED STATES DISTRICT COURT

9     CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11 ADLI LAW GROUP, a California          Case No. CV 12-07377 GW (RZx)
   Corporation,
12                                       **NOTICE OF MOTION AND**
                Plaintiff,               **MOTION OF COUNTER-**
13                                       **DEFENDANTS, ADLI LAW**
        vs.                              **GROUP, P.C. AND DARIUSH G.**
14                                       **ADLI TO DISMISS THE SECOND**
   KANEKA CORPORATION, a                 **CLAIM FOR RELIEF IN THE**
15 Japanese Corporation; and KANEKA      **COUNTERCLAIM PURSUANT TO**
   NORTH AMERICA LLC, a Texas            **FED.R.CIV.P. 12(b)(6);**
16 Limited Liability Company,            **MEMORANDUM OF POINTS AND**
                                         **AUTHORITIES**
17              Defendants.

18 KANEKA CORPORATION, a                 **Date:    February 21, 2013**
   Japanese Corporation,                 **Time:    8:30 a.m.**
19                                       **Crtrm.:  10, Courtroom of the**
                Counter-Claimant,        **         Honorable George H. Wu**
20
        vs.
21
   ADLI LAW GROUP, a California
22 Corporation; DARIUSH G. ADLI, an      Trial Date:          None
   individual; NICOLETTE HACHEM-
23 SAWAYA, an individual,

24              Counter-Defendants.

25

26 / / /

27 / / /

28 / / /

1041073.1 05809-125

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1  **TO DEFENDANT/COUNTER-CLAIMANT KANEKA CORPORATION,**

2  **AND COUNTER-DEFENDANT NICOLETTE HACHEM-SAWAYA AND**

3  **THEIR COUNSELS OF RECORD:**

4        **PLEASE TAKE NOTICE** that on **February 21, 2013**, at 8:30 a.m., or as

5  soon thereafter as counsel may be heard, in Courtroom 10 of the above-captioned

6  Court, located at 312 North Spring Street, Los Angeles, California 90012, Counter-

7  Defendants ADLI LAW GROUP, P.C. ("ALG") and DARIUSH G. ADLI ("ADLI")

8  will and hereby do move this Court to dismiss the Second Claim for Relief of the

9  Counterclaim against them pursuant to FRCP Rule 12(b)(6) on the grounds that the

10  Second Claim for Relief for Fraudulent Concealment fails to state facts upon which

11  a claim for relief may be based against the Counter-Defendants.

12        This Motion is made following the conference of counsel for Adli Law

13  Group, P.C. and Nicolette Hachem-Sawaya pursuant to L.R. 7-3 which took place

14  on January 17, 2013.

15        This Motion is based on this Notice of Motion, the attached Memorandum of

16  Points and Authorities, all of the pleadings, files, and records in this proceeding, all

17  other matters of which the Court may take judicial notice, and any argument or

18  evidence that may be presented to or considered by the Court prior to its ruling.

19

20  DATED: January 24, 2013      ANDERSON, McPHARLIN & CONNERS LLP

21

22                  By:   /s/  Joseph P. Tabrisky

23                         Thomas J. Kearney

                         Joseph P. Tabrisky

24                 Attorneys for Counter-Defendants ADLI LAW

               GROUP and DARIUSH G. ADLI

25

26

27

28

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1041073.1 05809-125

2

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    Statement of Facts**

Kaneka Corporation ("KANEKA"), hired the intellectual property law firm ALG to represent KANEKA in various patent disputes. [Counterclaim at ¶ 9]. KANEKA and ALG are involved in a dispute over legal fees and alleged malpractice by the law firm. ALG sued KANEKA for approximately $9 million in unpaid legal fees and KANEKA brought this Counterclaim alleging ALG breached its fiduciary duty and committed legal malpractice.

**II.    STANDARD FOR GRANTING MOTIONS UNDER FRCP 12(b)(6) AND 12(e)**

A Rule 12(b)(6) motion is similar to a common law general demurrer and tests the legal sufficiency of the pleading on its face. *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980). Further, as with demurrers, the Court and the parties must accept the allegations of the complaint as true for purposes of this motion. *Williford v. California,* 352 F.2d 474 (9th Cir. 1965); *McCalden v. California Library Ass'n.,* 955 F.2d 1214 (9th Cir. 1990).

If a cause of action fails to state a claim on which relief may be granted, a party may file a motion to dismiss under FRCP 12(b)(6). Where it appears from the face of the complaint that it fails to state a claim upon which relief may be granted, a motion to dismiss under FRCP 12(b)(6) will be sustained. FRCP 12(b)(6); *Cahill v. Liberty Mutual Insurance Company,* 80 F.3d. 336, 338 (9th Cir. 1996); *Levine v. Diamanthuset, Inc.,* 950 F.2d 1478, 1482, 1483 (9th Cir. 1991).

The Court need not accept conclusory allegations, legal characterizations, unreasonable inferences, or unwarranted deductions of fact as true. *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993); *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981). As stated in SCHWARZER TASHIMA & WAGSTAFFE *California Practice Guide – Federal Civil Procedure Before Trial* § 8:27a, "bare assertions of legal conclusions may not satisfy plaintiff's obligations to provide fair

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1  notice of the claim alleged.  In fact, [c]onclusory allegations in a complaint, if they
2  stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition."
3  (citing *DM Research, Inc. v. College of American Pathologists,* 170 F.3d 53, 55
4  (1st Cir. 1999); *Lee v. City of Los Angeles,* 250 F.3d 668, 679 (9th Cir. 2001).)  As the
5  Ninth Circuit has held, a dismissal is proper where there is either a "lack of a
6  cognizable legal theory" or "the absence of sufficient facts alleged under a
7  cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 F.2d. 696,
8  699 (9th Cir. 1990).
9      Furthermore, if it is clear that the defects cannot be cured, the dismissal
10  should be granted without leave to amend.  Although the courts should generally
11  allow one attempt to amend, it appears that such leave is not required where the
12  court determines "… that the pleading could not possibly be cured by the allegation
13  of other facts …" *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995) (discussing the
14  interplay between FRCP 12(b)(6) and FRCP 15(a)).
15      The Court need not accept as true allegations that contradict facts which may
16  be judicially noticed by the Court.  *Von Saher v. Norton Simon Museum of Art at*
17  *Pasadena,* 578 F.3d 1016, 1021-22 (9th Cir. 2009).  The district court is not required
18  to accept as true allegations in an amended complaint that, without explanation,
19  contradict an earlier complaint.  The court may strike the changed allegations as
20  "false and sham" and dismiss the complaint for failure to state a claim.  *Bradley v.*
21  *Chiron Corp.,* 136 RF.3d 1317, 1324 (Fed. Cir. 1998); *Ellingson v. Burlington*
22  *Northern, Inc.,* 653 F.2d 1327, 1329-30 (9th Cir. 1981).

23  **III.  COUNTER-CLAIMANT HAS FAILED TO PROPERLY PLEAD**
24        **FRAUDULENT CONCEALMENT**
25      The Counterclaim fails to state a claim for relief for fraudulent concealment.
26  The elements of an action for fraud and deceit based on concealment are: (1) the
27  defendant must have concealed or suppressed a material fact, (2) the defendant must
28  have been under a duty to disclose the fact to the plaintiff, (3) the defendant must

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1  have intentionally concealed or suppressed the fact with the intent to defraud the

2  plaintiff, (4) the plaintiff must have been unaware of the fact and would not have

3  acted as he did if he had known of the concealed or suppressed facts, and (5) as a

4  result of the concealment or suppression of the fact, the plaintiff must have sustained

5  damage. *Boschma v. Home Loan Center, Inc.*, 198 Cal. App. 4th 230, 248 (2011).

6  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a party's pleading to

7  contain "a short and plain statement of the claim showing that the pleader is entitled

8  to relief." Fed.R.Civ.P. 8(a)(2).  However, Rule 9(b) requires that, when fraud is

9  alleged, "a party must state with particularity the circumstances constituting fraud

10  …" Fed.R.Civ.P. 9(b).  *See, e.g., Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124

11  (9th Cir. 2009) (holding same).  Counter-claimant's claim for fraud must satisfy

12  Fed.R.Civ.P. 9(b).  *See, Neubronner v. Milken*, 6 F.3d 666, 673 (9th Cir. 1993)

13  (affirming dismissal of fraud claims on the ground that plaintiffs failed to satisfy

14  Rule 9(b)).  Since fraudulent concealment claims sound in fraud, they are subject to

15  the heightened pleading requirements of Rule 9(b).  *Grant v. Aurora Loan Services,*

16  *Inc.*, 736 F. Supp. 2d 1257, 1273 (C.D. Calif. 2010); *see also, Gerawan Farming,*

17  *Inc. v. Rehrig Pacific Co.*, 2012 U.S. Dis. LEXIS 28017 (E.D. Calif. 2012).

18     The circumstances constituting fraud or mistake shall be stated "with

19  particularity." FRCP Rule 9; *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-23

20  (9th Cir. 2000).  The particularity requirement serves several purposes: (1) it insures

21  that a defendant has sufficient information to formulate a defense by providing

22  adequate notice of both the nature and grounds of the claim; (2) it reduces the

23  number of frivolous suits brought solely to extract settlements; (3) it eliminates

24  fraud actions in which all the facts are learned after discovery; and (4) it provides an

25  increased measure of protection for a defendant's reputation. *Harrison v.*

26  *Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999); *Tuchman v.*

27  *DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994); *Concha v. London,*

28  62 F.3d 1493, 1502-03 (9th Cir. 1995).

MOTION OF COUNTER-DEFENDANTS, ADLI LAW GROUP, P.C. AND DARIUSH ADLI TO DISMISS THE COUNTERCLAIM

1    In addition to the strict pleading requirements contained in F.R.Civ.P. Rule

2  9(b), when the fraudulent concealment is alleged to have been committed by a

3  corporation, as here, Counter-claimant additionally must allege:  (1) the names of

4  the persons who made the misrepresentations; (2) their authority to speak for the

5  corporation; (3) to whom they spoke; (4) what they said or wrote; and (5) when it

6  was said or written.  *Lazar v. Superior Court*, 12 Cal.4th 631, 645 (1996); *Tarmann*

7  *v. State Farm Mut. Auto Ins. Co.*, 2 Cal.App.4th 153, 157 (1991).  Counter-claimant

8  fails to allege who at ALG concealed any material facts, their position with ALG,

9  their authority to speak, to whom allegedly false statements were directed, nor when

10  the statements were made, and whether and to what extent that they were relied

11  upon by the Counter-claimant.

12    By requiring the Counter-claimant to allege the who, what, where, and when

13  of the alleged fraud, the rules require the counter-claimant to *conduct a*

14  *precomplaint investigation in sufficient depth* to assure that the charge of fraud is

15  responsible and supported, rather than defamatory and extortionate.  *Ackerman v.*

16  *Northwestern Mutual Life Insurance Co.*, 172 F.3d 467, 469 (7th Cir. 1999).

17    The facts set forth in the Counterclaim fail to meet the requisite elements

18  enumerated in *Boschma*, *supra*, and are further sorely insufficient to meet the

19  requirement that fraud be pled with particularity.  First, Counter-claimant fails to

20  allege that it acted in any manner based upon the concealed facts.  In fact, the entire

21  procedural history of this case establishes that the Counter-claimant undertook no

22  actions, because it failed to pay any invoices and is the defendant to ALG's

23  complaint for approximately $9,000,000 in unpaid fees and costs.  Counter-claimant

24  fails to allege in any manner that it suffered any damages as a result of any of the

25  alleged conduct in the Counterclaim concerning the Second Claim for Relief.

26  Furthermore, and of utmost significance, the allegations in the Counterclaim fail to

27  allege **who** concealed information from the Counter-claimant what exact

28  information was concealed, and that the Counter-defendants had a duty to disclose

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

MOTION OF COUNTER-DEFENDANTS, ADLI LAW GROUP, P.C. AND DARIUSH ADLI TO DISMISS THE
COUNTERCLAIM

1  the supposed concealed facts.

2       Not only does the Counter-claimant fail to provide any names, or even job

3  titles, of individuals, the allegations in the Counterclaim do not even specify *which*

4  *Counter-defendant* purportedly concealed information from the Counter-claimant.

5  Rule 9(b) does not permit a complaint to lump multiple defendants together, but

6  requires a pleader to differentiate his or her allegations when suing each defendant

7  to inform each defendant separately of the allegations surrounding his alleged

8  participation in the fraud. *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir.

9  2007). Furthermore, despite the myriad generalized accusations of concealment on

10  the part of unnamed Counter-defendants, the Counterclaim fails to allege the

11  concealment of a *single specific fact* pertaining to any of the work in question.

12       Here, the Counterclaim alleges in conclusory fashion that certain actions were

13  fraud (or fraudulently concealed) without identifying which counter-defendant had

14  anything to do with each alleged concealment. Since that is insufficient under Rule

15  9(b), those allegations must be ignored. Consequently, the Counterclaim must be

16  dismissed for failure to state a claim against ALG and ADLI upon which relief can

17  be granted.

18       The Counterclaim fails to allege the requisite elements of a cause of action for

19  fraudulent concealment and further fails to meet the requirement that fraud be pled

20  with specificity. Accordingly, the Second Claim for Relief must be dismissed.

21  **IV.    CONCLUSION**

22       Having failed to plead any facts supporting its Second Claim for Relief for

23  Fraudulent Concealment, the Counter-claim fails to state facts sufficient to state a

24  claim upon which relief can be granted against ALG and ADLI.

25  / / /

26  / / /

27  / / /

28  / / /

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1041073.1 05809-125

MOTION OF COUNTER-DEFENDANTS, ADLI LAW GROUP, P.C. AND DARIUSH ADLI TO DISMISS THE
COUNTERCLAIM

1    Further, since the fraud-based allegation on the Second Claim for Relief

2 Count II fails to satisfy the heightened pleading standards of Rule 9(b) of the

3 Federal Rules of Civil Procedure, the Court must disregard it, and the fraudulent

4 concealment claim should be dismissed.

5

6 DATED: January 24, 2013          ANDERSON, McPHARLIN & CONNERS LLP

7

8                                 By:      /s/  Joseph P. Tabrisky
                                       _____
9                                      Thomas J. Kearney
                                       Joseph P. Tabrisky
10                                Attorneys for Counter-Defendants ADLI LAW
                                  GROUP and DARIUSH G. ADLI
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1041073.1 05809-125

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL. (213) 688-0080 • FAX (213) 622-7594

MOTION OF COUNTER-DEFENDANTS, ADLI LAW GROUP, P.C. AND DARIUSH ADLI TO DISMISS THE
COUNTERCLAIM

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 444 South Flower Street, Thirty-First Floor, Los Angeles, California 90071-2901.

On January 24, 2013, I served the following document(s) described as **NOTICE OF MOTION AND MOTION OF COUNTER-DEFENDANTS, ADLI LAW GROUP, P.C. AND DARIUSH G. ADLI TO DISMISS THE SECOND CLAIM FOR RELIEF IN THE COUNTERCLAIM PURSUANT TO FED.R.CIV.P. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties as follows:

### SEE ATTACHED LIST

**BY MAIL:**  I am "readily familiar" with Anderson, McPharlin & Conners' practice for collecting and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  Executed on January 24, 2013, at Los Angeles, California.

Bette Barraclough

1041073.1 05809-125

**SERVICE LIST**
**Adli Law Group v. Kaneka Corporation, et al.**
**USDC - Central - CV 12-07377 GW (RZx)**

**ECF PARTICIPANTS:**

| | |
|---|---|
| Dariush G. Adli, Esq.<br>Rasheed McWilliams Esq.<br>Adli Law Group PC<br>633 West Fifth Street, Suite 6900<br>Los Angeles, CA 90071<br>Telephone: (213) 623-6546<br>E-Mail: adli@adlilaw.com<br>E-Mail: Rasheed.mcwilliams@adilaw.com | Attorneys for Plaintiff Adli Law Group P.C. |
| Victor L. George, Esq.<br>Wayne C. Smith, Esq.<br>Law Offices of Victor L. George<br>20355 Hawthorne Blvd., First Floor<br>Torrance, CA 90503<br>Telephone: (310) 698-0990<br>Facsimile: (310) 698-0995<br>E-Mail: vgeorge@vgeorgelaw.com<br>E-Mail: wsmith@vgeorgelaw.com | Attorneys for Defendants Kaneka Corporation and Kaneka North America LLC; and Attorneys for Cross-Complainant Kaneka Corporation |
| William F. Sondericker, Esq.<br>Carter Ledyard & Milburn, LLP<br>2 Wall Street<br>New York, NY 10005-2072<br>Telephone: (212) 732-3200<br>Facsimile: (212) 732-3232<br>E-Mail: sondericker@clm.com | Co-Counsel for Defendants Kaneka Corporation and Kaneka North America LLC; and Attorneys for Cross-Complainant Kaneka Corporation |

**NON-ECF PARTICIPANTS:**

| | |
|---|---|
| Almuhtada Smith Esq.<br>Adli Law Group PC<br>633 West Fifth Street, Suite 6900<br>Los Angeles, CA 90071<br>Telephone: (213) 623-6546 | Attorneys for Plaintiff Adli Law Group P.C. |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1041073.1 05809-125