1  Victor L. George, State Bar No. 110504
   Wayne C. Smith, State Bar No. 112535
2  LAW OFFICES OF VICTOR L. GEORGE
   20355 Hawthorne Blvd., First Floor
3  Torrance, CA 90503
   Tel: (310) 698-0990
4  Fax: (310) 698-0995
   E-mail: vgeorge@vgeorgelaw.com
5           wsmith@vgeorgelaw.com

6  William F. Sondericker, Esq.
   Carter Ledyard & Milburn, LLP
7  2 Wall Street
   New York, NY 10005-2072
8  Tel: (212) 732-3200
   Fax: (212) 732-3232
9  E-mail: sondericker@clm.com

10 Attorneys for Defendants
   KANEKA CORPORATION and
11 KANEKA NORTH AMERICA LLC

12                **UNITED STATES DISTRICT COURT**

13                **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADLI LAW GROUP, a California Corporation, | CASE NO. CV12-07377 GW (RZx) |
| Plaintiff, | [Assigned to Hon. George H. Wu, Courtroom 10] |
| v. | |
| KANEKA CORPORATION, a Japanese Corporation; and KANEKA NORTH AMERICA LLC, a Texas Limited Liability Company, | **COUNTER-CLAIMANT'S OPPOSITION TO COUNTER-DEFENDANTS', ADLI LAW GROUP, P.C. AND DARIUSH G. ADLI'S MOTION TO DISMISS THE SECOND CLAIM FOR RELIEF IN THE COUNTERCLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| Defendants. | |
| KANEKA CORPORATION, a Japanese Corporation, | |
| Counter-Claimant, | |
| v. | Date: February 21, 2013<br>Time: 8:30 a.m.<br>Courtroom: 10 |
| ADLI LAW GROUP, a California Corporation; DARIUSH G. ADLI, an individual; NICOLETTE HACHEM-SAWAYA, an individual, | Complaint Filed: August 28, 2012<br>Counter-Claim Filed: November 2, 2012<br>Trial Date: None Set. |
| Counter-Defendants. | |

COUNTER-CLAIMANT'S OPPOSITION TO COUNTER-DEFENDANTS', ADLI LAW GROUP, P.C.
AND DARIUSH G. ADLI'S MOTION TO DISMISS

# **TABLE OF CONTENTS**

I.   **INTRODUCTION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  **LEGAL STANDARDS**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    A.   Motion to Dismiss Rule 12(b)(6) Legal Standard. . . . . . . . . . 3
    B.   Fraud Rule 9(b) Legal Standard. . . . . . . . . . . . . . . . . . . . . . . 4

III. **LEGAL ARGUMENT**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    A.   Counter-Claimant's Pleading is Sufficient Under Rule 9(b). . . 4
    B.   Counter-claimant Has Alleged Sufficient Facts to Sustain
        a Claim of Fraudulent Concealment. . . . . . . . . . . . . . . . . . . . 7

IV.  **CONCLUSION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

**Federal Cases**                                                                                       **Page(s)**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................... 4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..................................................... 3

*Knappenberger v. City of Phoenix*,
  566 F.3d 936 (9th Cir. 2009)........................................ 4

*Lopez v. Smith*,
  203 F.3d 1122 (9th Cir. 2000)...................................... 4

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
  521 F.3d 1097 (9th Cir. 2008)...................................... 3

*Moore v. Kayport Package Exp., Inc.*,
  885 F.2d 531 (9th Cir. 1989)....................................... 5, 7

*Moss v. U.S. Secret Serv.*,
  572 F.3d 962 (9th Cir. 2009)........................................ 4

*Owens v. Kaiser Found. Health Plan, Inc.*,
  244 F.3d 708 (9th Cir. 2001)........................................ 4

*Ranger v. T-Mobile USA, Inc.*,
  EDCV08-1518VAP(JCX), 2009 WL 416003 (C.D. Cal. Feb. 19, 2009).. 5

*Spiegler v. Home Depot U.S.A., Inc.*,
  552 F. Supp. 2d 1036 (C.D. Cal. 2008)........................ 5

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007)....................................... 4, 5

*Vess v. CIBA-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003)...................................... 4

///

///

**State Cases**          **Page(s)**

*Lazar v. Superior Court*,
    12 Cal.4th 631 (1996)................................... 7

**Rules**          **Page(s)**

Fed. R. Civ. P. 8(a) ......................................... 3, 5

Fed. R. Civ. P. 9(b)........................................... 2-7

Fed. R. Civ. P. 12(b)........................................... 3

Fed. R. Civ. P. 15(a)........................................... 4

## I. INTRODUCTION

In or about April 2010, Counter-defendant Adli Law Group, a California Corporation ("ALG") commenced representation of representation of Counter-claimant Kaneka Corporation ("Counter-claimant" or "Kaneka"), to represent Kaneka's interest in numerous patent litigation cases before the International Trade Commission ("ITC"), the United States District Court for the Central District of California, Southern District Court of Texas, and Norther District of Texas. However, at no point did ALG have an executed retainer agreement with Kaneka.

In early February 2012, Kaneka became concerned about the mounting bills submitted by ALG which collectively approached $20 million, which include an astounding, indeed shocking charge in excess of $9.5 million in claimed services from outside vendors.

As a result, Kaneka terminated ALG's representation to stem the hemorrhaging and retained an outside legal auditing firm in an attempt to determine if such astronomical bills could be legitimate - not surprisingly, they were not. While analyzing bills submitted by ALG, the auditors determined that the bills submitted, *inter alia*, contained block billing, inadequate descriptions of services, description of time keepers, double billing in the form of submission of outside vendor time as both a cost item **and** billing as if they were ALG employees!

Other irregularities include (the list is too long to recite in full): numerous time entries exceeding 15 hours in a day, including entries for individual attorneys that range as high as 43 hours in a single 24 hour day, 5000 hours personally billed in a single year by Adli, improper hourly rate increases, concealed charges for overhead, administrative charges, and concealed increases in charges submitted by vendors.

///

1     ALG even had the temerity to bill Kaneka bottles of wine costing thousands of dollars and for the drafting of revised ALG bylaws and a "benefit contract" for co-founder, CEO, CFO and Director of Operations of ALG, SAWAYA - a non-lawyer.

    In addition, the auditors have concluded that at present, it appears that Counter-Defendants submitted fraudulent bills for services and expenses containing in excess of $7.5 million in inflated and fraudulent charges!

    Moreover, ALG's third party vendors, who were retained without Kaneka's knowledge or consent (and there is no retainer agreement authorizing the retention of these vendors) remain unpaid. It is impossible to determine if Kaneka has already paid for some or all of the charges by remitting payment to ALG, but ALG has continued to withhold payment!

    On top of it all, ALG committed malpractice in the *Shenzhou Matter* and *SKI Kolon Matter*.

    Kaneka filed the instant counter-claim against ALG, Dariush G. Adli ("Adli"), and Nicolette Hachem-Sawaya ("Sawaya"), asserting claims of 1) Breach of Fiduciary Duty; 2) Fraudulent Concealment; and 3) Legal Malpractice.[1]

    Counter-defendants ALG and Adli ("Counter-defendants") file the instant motion asserting that Counter-claimant has failed to plead sufficient allegations to support its claim of fraudulent concealment. Specifically, Counter-defendants argue: 1) Counter-claimant has failed to meet the heightened pleading requirements of fraud under rule 9(b); 2) Counter-claimant fails to allege that it acted in any manner based upon the concealed facts; 3) Counter-claimant fails to allege in any manner that it suffered any damage as a result of the alleged conduct; 4) Counterclaim failed to allege who

---

[1] Counter- claimant does not assert a claim of legal malpractice against Sawaya, a non lawyer.

1  concealed the information; 5) Counter-claimant fails to state what exact information was concealed; 6) Counter-claimant fails to allege Counter-defendants had a duty to disclose the concealed facts; and 7) Counter-claimant fails to provide any names and job titles of individuals. (Mot. at 6-7:17-4.) In sum, Counter-defendants summarily present to the Court generalized arguments in hope that the Court finds some ground to grant Counter-defendants Motion to Dismiss. However, Counter-defendants arguments fail as Counter-claimant has properly alleged sufficient facts to state a cause of action for fraudulent concealment. Moreover, Counter-claimant's allegations meet the pleading requirements set forth under Rule 9(b).

As the Court will see below, Counter-claimant has pled sufficient allegations to sustain its claim of fraudulent concealment against Counter-defendants. Accordingly, Counter-defendants Motion to Dismiss should be denied.

## II.  LEGAL STANDARDS

### A.  Motion to Dismiss Rule 12(b)(6) Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A court may grant such a dismissal only where the plaintiff fails to present a cognizable legal theory or to allege sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

///

COUNTER-CLAIMANT'S OPPOSITION TO COUNTER-DEFENDANTS', ADLI LAW GROUP, P.C. AND DARIUSH G. ADLI'S MOTION TO DISMISS

In conducting the above analysis, a court must accept all factual allegations as true even if doubtful in fact. *Twombly*, 550 U.S. at 555. Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

Should a court dismiss certain claims in the complaint, it must also decide whether to grant leave to amend. "Courts are free to grant a party leave to amend whenever 'justice so requires,' and requests for leave should be granted with 'extreme liberality.'" *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (citation omitted) (quoting Fed. R. Civ. P. 15(a)(2); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). A court should not deny leave to amend unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (internal quotation marks omitted; quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*)).

### B.     Fraud Rule 9(b) Legal Standard

Federal Rules of Civil Procedure impose a heightened pleading standard on a party alleging fraud. *See* Fed. R. Civ. P. 9(b) (requiring party to "state with particularity the circumstances constituting fraud or mistake"). Rule 9(b) requires that averments of fraud be specific enough to give defendants notice of the particular misconduct in order to allow defendants to defend against the charge and not just deny that they have done anything wrong. *See Vess v. CIBA-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

## III.    LEGAL ARGUMENT

### A.     Counter-Claimant's Pleading is Sufficient Under Rule 9(b)

Counter-defendants, relying solely on *Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007), incorrectly argue that Counter-claimant's allegations fail

4
COUNTER-CLAIMANT'S OPPOSITION TO COUNTER-DEFENDANTS', ADLI LAW GROUP, P.C.
AND DARIUSH G. ADLI'S MOTION TO DISMISS

1  to differentiate allegations regarding different defendants.  (Mot. at 7:5-8.)

2        Counter-defendants reliance on *Swartz* is misplaced.  In *Swartz*, the court rejects Counter-defendants argument that the counter-claim must "specify which Counter-defendant purportedly concealed information from the Counter-claimant." (Mot. at 7:2-4.) In *Swartz*, the court explained "there is no absolute requirement that where several defendants are sued in connection with an alleged fraudulent scheme, the complaint must identify *false statements* made by each and every defendant." 476 F.3d at 764.

      Moreover, courts in the Ninth Circuit have consistently held that Rule 9(b) is to be applied with consideration of other Rules. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) ("A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations"); *Spiegler v. Home Depot U.S.A., Inc.*, 552 F. Supp. 2d 1036, 1044 (C.D. Cal. 2008) (internal citations and quotation marks omitted) ("The heightened pleading requirements of Rule 9(b) must be read in harmony with Fed.R.Civ.P. 8(a)'s short and plain statement of the claim requirement.  Thus, Rule 9(b) is satisfied if the allegations identif[y] the circumstances constituting fraud (or mistake) so that the defendant can prepare an adequate answer from the allegations"); *Ranger v. T-Mobile USA, Inc.*, EDCV 08-1518VAP(JCX), 2009 WL 416003 (C.D. Cal. Feb. 19, 2009) (same).

      In *Moore*, the court explained the rationale behind allegations set forth on information and belief under Rule 9(b), stating:

> In Wool, we explained that allegations of fraud based on information and belief usually do not satisfy the particularity requirements under rule 9(b).  However, the rule may be relaxed as to matters within the opposing party's knowledge. For example, in cases of corporate fraud, plaintiffs will not have personal knowledge of all of the underlying facts.  In such cases, the particularity requirement may be satisfied if the allegations are accompanied by a statement of the facts on which the belief is founded. Instances of corporate fraud may also make it difficult to attribute particular fraudulent conduct to each defendant as an

individual.

885 F.2d at 540 (internal citation and quotation marks omitted.)

Here, Counter-claimant has alleged Counter-defendants conduct based on information and belief:

> Claimant is informed and believes, and based thereon alleges, that Counter-Defendant the Adli Law Group is the alter ego of Counter-Defendant Adli and SAWAYA and that there is such a unity of interest between the two that separate personalities of the corporation and the individuals no longer exist. Therefore, if the acts of Counter-Defendant ALG are treated as its alone, an inequitable result will follow, as Counter-Defendants ADLI and SAWAYA will be able to escape responsibility for their own tortious conduct and the Claimant is informed and believes that Counter-Defendant ALG is insufficiently capitalized to satisfy a judgment in the Claimant's favor.
>
> The Claimant is informed and believes, and based thereon alleges, that at all times mentioned herein, the Counter-Defendants, and each of them, were the agents, servants, employees, representatives, joint venturers, parents, assigns, predecessors, and/or successors of their co-defendants and were acting within the course, scope, and authority of these relationships, and that each and every Counter-Defendant, when acting as a principal, was negligent and/or reckless in the selection, hiring, training, and retention of each and every other Counter-Defendant as an agent, servant, employee, representative, joint venturer, assign, and/or successor.
>
> The Claimant is informed and believes, and based thereon alleges, that at all times mentioned herein, each of the Counter-Defendants, was the agent, servant, employee, representative, joint venturer, parent, assign, predecessor, and/or successor of each of the remaining Counter-Defendants and was at all times material hereto acting within the authorized course and scope of these relationships, and/or that all acts, conduct, and omissions were subsequently ratified by the respective principals and the benefits thereof accepted by the principals.

(Countercl. at ¶¶6-7.) These allegations based on information and belief are sufficient in the present scenario where Counter-defendants possess knowledge as to Counter-claimant's allegations. Counter-claimant's allegations regarding Counter-defendants fraudulent concealment based on information and belief clearly satisfy the Rule 9(b) pleading requirement. This is particularly so as these allegations relate to corporate fraud where the specific instances of the corporate fraud make it difficult to attribute particular fraudulent conduct. This is clearly the scenario which was envisioned by the *Moore* court as information

6
COUNTER-CLAIMANT'S OPPOSITION TO COUNTER-DEFENDANTS', ADLI LAW GROUP, P.C. AND DARIUSH G. ADLI'S MOTION TO DISMISS

concerning Adli and ALG's wrongful conduct is in possession of Counter-defendants and Counter-claimant is entitled to discovery on the matter. As a result, Counter-claimant's group pleading is proper and has presented sufficient allegations to meet the requirements set forth in Rule 9(b).

### B. **Counter-claimant Has Alleged Sufficient Facts to Sustain a Claim of Fraudulent Concealment**

Counter-claimant has pled sufficient allegations to sustain a claim of fraudulent concealment. Counter-defendants first cite to *Lazar v. Superior Court*, 12 Cal.4th 631 (1996) for the proposition that Counter-claimant must allege "(1) the names of the persons who made the misrepresentations; (2) their authority to speak for the corporation; (3) to whom they spoke; (4) what they said or wrote; and (5) when it was said or written." (Mot. at 6:1-11.)[2] Counter-defendants citation to *Lazar* is a misrepresentation of California law. The Court in *Lazar* made clear that the rule stated by Counter-defendants is meant for a corporate-employer, explaining:

> A plaintiff's burden in asserting a fraud claim against a **corporate employer** is even greater. **In such a case**, the plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written."

*Lazar v. Superior Court*, 12 Cal. 4th 631, 645, 909 P.2d 981, 989 (1996) (emphasis added.) In the instant case, Counter-defendants were not and are not Counter-claimant's corporate employer. As such, this additional heightened pleading requirement for a corporate employer does not apply.

Counter-defendants also present additional arguments which are equally unavailing. First, Counter-Defendant argues that Counter-claimant fails to allege that it acted in any manner based upon the concealed facts. In paragraph 32 of the counter-claim, Counter-claimant clearly alleges reliance based on

---

[2] Counter-defendants make the related argument that Counter-claimant fails to provide any names and job titles of individuals. (Mot. at 7:2-4.)

Counter-defendants fraudulent concealment:

> **As a direct and proximate result of the conduct of the Counter-Defendants, and each of them**, as herein alleged, the Claimant has suffered general and special damages in an amount within the unlimited jurisdiction of this Court that will be determined according to proof at the time of trial.

(Countercl. at ¶32) (emphasis added.) <u>Second</u>, Counter-defendants argue that Counter-claimant fails to allege in any manner that it suffered any damage as a result of the alleged conduct. In the same paragraph, paragraph 32 of the counter-claim, Counter-claimant alleges it suffered damage as a result of the alleged conduct:

> **As a direct and proximate result of the conduct of the Counter-Defendants**, and each of them, as herein alleged, **the Claimant has suffered general and special damages** in an amount within the unlimited jurisdiction of this Court that will be determined according to proof at the time of trial.

(Countercl. at ¶32)(emphasis added.) <u>Third</u>, Counter-defendants argue that Counter-claimant failed to allege who concealed the information. As stated above in Section III(A), Counter-claimant's allegations are sufficiently pled because Counter-defendants possess knowledge. Such pleading is allowed because the instant scenario creates difficulties for Counter-claimant to allege facts to particular fraudulent conduct as to each Counter-defendant. <u>Fourth</u>, Counter-defendants argue that Counter-claimant fails to state what exact information was concealed. In paragraphs 10, 29, 30, and 31 of the counter-claim, Counter-claimant has sufficiently alleged facts regarding information concealed:

> Initial audits of ALG bills and outside vendors, reveal numerous irregularities and improprieties amounting **to be in excess of two million dollars ($2,000,000).** Claimant is informed and believes, and based thereon alleges, that once all vendor bills and ALG bills are audited, additional improprieties will be found. Current examples of the irregularities and improprieties include but are not limited to:
>
> 1. Adli claimed to have personally billed five thousand hours (5,000) in one year on Kaneka matters;
> 2. Time entries for attorneys that regularly exceeded 15 hours in a day, including approximately twenty (20) entries for individual

  attorneys that approximate or exceed 24 hours per day and range as high as 43 hours in a single 24 hour day;
3. Approximately $500,000 in improper hourly rate increases for attorneys engaged on the matters;
4. Hundreds of thousands of dollars for entries that contain inadequate descriptions of activities, block billing or fail to identify the timekeeper;
5. In excess of $600,000 in charges for secretarial, clerical or administrative activities;
6. In excess of $500,000 in billings from outside contract attorneys and vendors that were double billed to Kaneka. ALG would improperly raise the actual hourly rates on the invoices it received and then submit them to Kaneka on its own bills as "line items" at the higher hourly rate and then double-bill the invoices to Kaneka as "cost" items;
7. At least $300,000 in improper charges for "administration costs" that were based on a percentage of bills;
8. Improper charges for activities, including the September 19, 2010 entry "Draft the benefit contract between the Firm and Nicolette Hachem-Sawaya; revise bylaws."
9. Improper and undisclosed "mark ups" on invoices that were submitted to vendors to ALG and then submitted from ALG to Kaneka, including in excess of $9,000,000 for outside temporary personnel engaged by ALG;

Counter-Defendants, and each of them fraudulently concealed, among other things, that SAWAYA, a non-lawyer, was a "co-founder" of ALG and that ALG had entered into an illegal fee splitting arrangement with SAWAYA in violation of the *Rules of Professional Conduct*.

Counter-Defendants, and each of them, also concealed the fact that it was marking up the hourly rates of outside vendors and in other instances, double billing the hourly rates of vendors by including them as "costs" while simultaneously also including the hourly rates of outside vendors on their billing statements.

Counter-Defendants, and each of them, also concealed that it was charging Claimant for administrative, overhead, secretarial and clerical activities.

(Countercl. at ¶¶10, 29, 30, 31.) <u>Fifth</u>, Counter-defendants argue that Counter-claimant fails to allege Counter-defendants had a duty to disclose the concealed facts. In paragraph 28 of the counter-claim, Counter-claimant clearly states that Counter-defendants had a duty to disclose the concealed facts:

> As its counsel, Counter-Defendants, and each of them, **owed a duty** of loyalty, trust, **disclosure** and care to Claimant.

(Countercl. at ¶28) (emphasis added.)

As the Court can easily determine, Counter-defendants present in a throw away fashion any and all arguments in hope that the Court finds some ground to grant Counter-defendant's Motion to Dismiss. Nevertheless, an examination of Counter-claimant's counter-claim demonstrates that the allegations pled are sufficient to sustain its claim for fraudulent concealment.

## IV. CONCLUSION

For the foregoing reasons, Counter-claimant respectfully requests that the Court deny Counter-defendants Motion to Dismiss. Alternatively, should the Court find that Kaneka's counter-claim is insufficient, Kaneka respectfully requests leave to amend so that any remaining defects that are identified can be cured.

Dated: January 31, 2013         LAW OFFICES OF VICTOR L. GEORGE

                                /s/ Wayne C. Smith
                          By:_____
                                VICTOR L. GEORGE
                                WAYNE C. SMITH
                                Attorneys for Defendant
                                and Counter-Claimant
                                KANEKA CORPORATION