1 Victor L. George, State Bar No. 110504
Wayne C. Smith, State Bar No. 112535
2 LAW OFFICES OF VICTOR L. GEORGE
20355 Hawthorne Blvd., First Floor
3 Torrance, CA 90503
Tel:  (310) 698-0990
4 Fax: (310) 698-0995
E-mail:  vgeorge@vgeorgelaw.com
5          wsmith@vgeorgelaw.com

6 William F. Sondericker, Esq.
Carter Ledyard & Milburn, LLP
7 2 Wall Street
New York, NY 10005-2072
8 Tel:  (212) 732-3200
Fax: (212) 732-3232
9 E-mail:  sondericker@clm.com

10 Attorneys for Defendants
KANEKA CORPORATION and
11 KANEKA NORTH AMERICA LLC

12                **UNITED STATES DISTRICT COURT**

13                **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADLI LAW GROUP, a California Corporation, | CASE NO. CV12-07377 GW (RZx) |
| Plaintiff, | [Assigned to Hon. George H. Wu, Courtroom 10] |
| v. | |
| KANEKA CORPORATION, a Japanese Corporation; and KANEKA NORTH AMERICA LLC, a Texas Limited Liability Company, | **COUNTER-CLAIMANT'S OPPOSITION TO DEFENDANT HACHEM-SAWAYA'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND FAILURE TO PLEAD WITH PARTICULARITY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| Defendants. | |
| KANEKA CORPORATION, a Japanese Corporation, | |
| Counter-Claimant, | [Filed concurrently with: Request for Judicial Notice] |
| v. | |
| ADLI LAW GROUP, a California Corporation; DARIUSH G. ADLI, an individual; NICOLETTE HACHEM-SAWAYA, an individual, | Date:        February 21, 2013 Time:        8:30 a.m. Courtroom: 10 |
| Counter-Defendants. | Complaint Filed:   August 28, 2012 Counter-Claim Filed: November 2, 2012 Trial Date:        None Set. |

COUNTER-CLAIMANT'S OPPOSITION TO DEFENDANT HACHEM-SAWAYA'S MOTION TO DISMISS

# **TABLE OF CONTENTS**

I.     **INTRODUCTION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    **LEGAL STANDARDS**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.    Motion to Dismiss Rule 12(B)(6) Legal Standard. . . . . . . . . . 4

    B.    Fraud Rule 9(b) Legal Standard. . . . . . . . . . . . . . . . . . . . . 5

III.   **LEGAL ARGUMENT**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.    Counter-Claimant's Pleading Is Sufficient

        Under Rule 9(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    B.    Sawaya Is Individually Liable for ALG's

        Wrongful Conduct. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    C.    Counter-Claimant Has Sufficiently Pled Breach of

        Fiduciary Duty. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    D.    Counter-claimant Has Sufficiently Pled

        Fraudulent Concealment. . . . . . . . . . . . . . . . . . . . . . . . 11

IV.    **CONCLUSION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

1

## TABLE OF AUTHORITIES

2 **Federal Cases**                                                              **Page (s)**

3 *Ashcroft v. Iqbal*,

4        556 U.S. 662 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

5 *Bell Atl. Corp. v. Twombly*,

6        550 U.S. 544,(2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

7 *Knappenberger v. City of Phoenix*,

8        566 F.3d 936 (9th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . 4

9 *Lopez v. Smith,*

10        203 F.3d 1122 (9th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . 4

11 *Mendiondo v. Centinela Hosp. Med. Ctr.*,

12        521 F.3d 1097 (9th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . 4

13 *Moore v. Kayport Package Exp., Inc.*,

14        885 F.2d 531 (9th Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . 6-8

15 *Moss v. U.S. Secret Serv.*,

16        572 F.3d 962 (9th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . 4

17 *Owens v. Kaiser Found. Health Plan, Inc.,*

18        244 F.3d 708 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . 4

19 *Ranger v. T-Mobile USA, Inc.,*

20   EDCV 08-1518VAP(JCX), 2009 WL 416003(C.D. Cal. Feb. 19, 2009). . 6

21 *Spiegler v. Home Depot U.S.A., Inc.*,

22        552 F. Supp. 2d 1036 (C.D. Cal. 2008). . . . . . . . . . . . . . . . . . . . 6

23 *Swartz v. KPMG LLP*,

24        476 F.3d 756 (9th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . 5

25 *Vess v. CIBA-Geigy Corp. USA*,

26        317 F.3d 1097 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . 5

27 ///

28 ///

COUNTER-CLAIMANT'S OPPOSITION TO DEFENDANT HACHEM-SAWAYA'S MOTION TO DISMISS

**State Cases**                                                                                        **Page (s)**

*Balsam v. Trancos, Inc.*,

      203 Cal.App.4th 1083 (2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Frances T. v. Vill. Green Owners Assn.*,

      42 Cal.3d 490 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Michaelis v. Benavides,*

      61 Cal. App. 4th 681 (1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Wolf v. Superior Court,*

      106 Cal.App.4th 625 (2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10


**Rules**                                                                                              **Page (s)**

Fed. R. Civ. P. 8(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

Fed. R. Civ. P. 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-8

Fed. R. Civ. P. 12(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Civ. P. 15(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## I.    INTRODUCTION

In or about April 2010, Counter-defendant  Adli Law Group, a California Corporation ("ALG") commenced representation of representation of Counter-claimant Kaneka Corporation ("Counter-Claimant" or "Kaneka"), to represent Kaneka's interest in numerous patent litigation cases before the International Trade Commission ("ITC"), the United States District Court for the Central District of California, Southern District Court of Texas, and Norther District of Texas.  However, at no point did ALG have an executed retainer agreement with Kaneka.

In early February 2012, Kaneka became concerned about the mounting bills submitted by ALG which collectively approached $20 million, which include an astounding, indeed shocking charge in excess of $9.5 million in claimed services from outside vendors.

As a result, Kaneka terminated ALG's representation to stem the hemorrhaging and retained an outside legal auditing firm in an attempt to determine if such astronomical bills could be legitimate - not surprisingly, they were not.  While analyzing bills submitted by ALG, the auditors determined that the bills submitted, *inter alia*, contained block billing, inadequate descriptions of services, description of time keepers, double billing in the form of submission of outside vendor time as both a cost item **and** billing as if they were ALG employees!

Other irregularities include (the list is too long to recite in full): numerous time entries exceeding 15 hours in a day, including entries for individual attorneys that range as high as 43 hours in a single 24 hour day, 5000 hours personally billed in a single year by Adli, improper hourly rate increases, concealed charges for overhead, administrative charges, and concealed increases in charges submitted by vendors.

///

1   ALG even had the temerity to bill Kaneka bottles of wine costing

2   thousands of dollars and for the drafting of revised ALG bylaws and a "benefit

3   contract" for  co-founder, CEO, CFO and Director of Operations of ALG,

4   SAWAYA - a non-lawyer.

5   In addition, the auditors have concluded that at present, it appears that

6   Counter-Defendants submitted fraudulent bills for services and expenses

7   containing in excess of $7.5 million in inflated and fraudulent charges!

8   Moreover, ALG's third party vendors, who were retained without

9   Kaneka's knowledge or consent (and there is no retainer agreement authorizing

10   the retention of these vendors) remain unpaid.  It is impossible to determine if

11   Kaneka has already paid for some or all of the charges by remitting payment

12   to ALG, but ALG has continued to withhold payment!

13   On top of it all, ALG committed malpractice in the  *Shenzhou Matter*

14   and *SKI Kolon Matter*.

15   Kaneka filed the instant counter-claim against ALG, Dariush G. Adli,

16   and Nicolette Hachem-Sawaya ("Sawaya"), asserting claims of 1) Breach of

17   Fiduciary Duty; 2) Fraudulent Concealment; and 3) Legal Malpractice.[1]

18   Sawaya, a co-founder and CEO of ALG, brings the instant motion to

19   dismiss arguing: 1) She does not maintain a fiduciary duty towards Kaneka; 2)

20   the counter-claim is "devoid of any mention of Ms. SAWAYA, her relationship

21   to KANEKA, the actions she is alleged to have taken or the manner, if any, she

22   caused or contributed to KANEKA's alleged damages"; and 3) Counter-

23   claimant has failed to identify individually Sawaya's fraudulent conduct or

24   concealment.  (Sawaya Mot. at 1:21-25, 2:3-8.)

25   Sawaya's argument that she does not owe a fiduciary duty to Kaneka

26   fails for two reasons:  First, under California law, it is clear that an officer or

27

28   [1]   Counter- claimant does not assert a claim of legal malpractice against Sawaya, a non lawyer.

2

1  director incurs personal liability for corporate torts upon participation,

2  authorization, or direct of the wrongful act.  The Counter-claim has properly

3  alleged that Sawaya "was a co-founder, CEO, CFO, and Director of Operations

4  of ALG and that she is responsible for overseeing the operations for all of the

5  firm's office(s)" and that Sawaya directly participated or authorized in ALG's

6  wrongful conduct.  (Countercl. at ¶4.)  Second, Sawaya's argument set forth

7  in her Motion to Dismiss completely contradicts her sworn declaration

8  submitted in a related case before this Court, *Adli Law Group P.C. v. Kaneka*

9  *Corporation and Linguistic Systems*, CV12-11001[2], as Sawaya states:

10        I was one of the original employees that helped start ADLI LAW when
      it first opened in April, 2010.  As Director of Operations, I am

11        responsible for the financial operations of the law firm.  I supervise the
      accounting personnel at the law firm and oversee accounts receivable

12        and accounts payable.  I have personal knowledge of the retention of
      document reviewers and on behalf of Kaneka Corporation

13        ("KANEKA"), a former client of ADLI LAW.  I communicated with
      KANEKA's representatives regarding litigation budgets and estimates

14        . . . . During the time KANEKA was a client of ADLI LAW, based upon
      information provided by attorneys, I prepared estimates of future costs

15        and fees.  I submitted these estimates to KANEKA.  The estimates of
      future costs included the costs of hiring bilingual document reviewers.

16

17  (*See* Req. Jud. Not., **Exhibit 1** ¶¶1-2.)  Sawaya's argument set forth in the

18  instant pleading contradicts her own declaration which demonstrates that

19  Sawaya was responsible for financial operations, oversaw accounts

20  receivables, accounts payables, and communicated with Kaneka directly

21  regarding litigation budgets and estimates.

22       As the Court will see below, Counter-claimant has pled sufficient

23  allegations to sustain its claims against Sawaya and she cannot escape

24  individual liability behind ALG's corporate entity.

25  ///

26

27       [2]  Counter-claimant requests the Court to take Judicial Notice of Sawaya's
Declaration in a related case in this Court, CV12-11001, pursuant to Federal Rules of

28  Evidence 201, as these are facts that "can be accurately and readily determined from
sources whose accuracy cannot reasonably be questioned."

## II.    LEGAL STANDARDS

### A.    Motion to Dismiss Rule 12(b)(6) Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  A court may grant such a dismissal only where the plaintiff fails to present a cognizable legal theory or to allege sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

In conducting the above analysis, a court must accept all factual allegations as true even if doubtful in fact.  *Twombly*, 550 U.S. at 555. Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

Should a court dismiss certain claims in the complaint, it must also decide whether to grant leave to amend.  "Courts are free to grant a party leave to amend whenever 'justice so requires,' and requests for leave should be granted with 'extreme liberality.'" *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (citation omitted) (quoting Fed. R. Civ. P. 15(a)(2); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).  A court should not deny leave to amend unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (internal quotation marks omitted; quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th

1  Cir. 2000) (*en banc*)).

2        **B.**     **Fraud Rule 9(b) Legal Standard**

3        Federal Rules of Civil Procedure impose a heightened pleading standard

4  on a party alleging fraud. *See* Fed. R. Civ. P. 9(b) (requiring party to "state

5  with particularity the circumstances constituting fraud or mistake"). Rule 9(b)

6  requires that averments of fraud be specific enough to give defendants notice

7  of the particular misconduct in order to allow defendants to defend against the

8  charge and not just deny that they have done anything wrong. *See Vess v.*

9  *CIBA-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

10

11  **III.**    **LEGAL ARGUMENT**

12        **A.**     **Counter-claimant's Pleading Is Sufficient under Rule 9(b)**

13        Sawaya, relying solely on *Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir.

14  2007), incorrectly argues that Counter-claimant's allegations fail to

15  differentiate between the law firm and individual defendants and that counter-

16  claimant is required to "differentiate his or her allegations when suing each

17  defendant to inform each defendant separate of the allegations surrounding his

18  alleged participation in the fraud."(Sawaya Mot. at 1-2:26-2, 6-7:23-3.)

19        Sawaya's reliance on *Swartz* is misplaced. In *Swartz*, the court rejects

20  Sawaya's argument that the counter-claim fails to individually identify

21  Sawaya's actions and "fails to describe any action or inaction by SAWAYA."

22  (Sawaya Mot. at 6:19-22.) In *Swartz*, the court explained "there is no absolute

23  requirement that where several defendants are sued in connection with an

24  alleged fraudulent scheme, the complaint must identify *false statements* made

25  by each and every defendant." 476 F.3d at 764. To the contrary, here, the

26  counter-claim distinctly delineates the roles of Sawaya and ALG. (Countercl.

27  at ¶¶2-5.) Indeed, the counter-claim clearly identifies Sawaya's responsibilities

28  and involvement as a co-founder of ALG, who supervised the accounting

1   personnel and oversaw the accounts receivable and accounts payable and

2   admits she has  personal knowledge of the retention of document reviewers

3   that account for a claimed $9 million (*See* Req. Jud. Not., **Exhibit 1** ¶¶1-2.):

> Claimant is informed and believes, and based thereon alleges, at all
> times mentioned herein, SAWAYA, a non-lawyer, was a co-founder,
> CEO, CFO and Director of Operations of ALG and that she is
> responsible for overseeing the operations for all of the firm's office(s).
> Her responsibilities include, inter alia, overseeing all legal matters
> establishing and implementing attorney assignments, policies and
> schedules.   Claimant is informed and believes, and based thereon
> alleges, that SAWAYA's interest and control of ALG is in violation of
> *California Rules of Professional Conduct*, *Rule* 1-310, which prohibits
> any legal partnership with a person who is not a lawyer if any of the
> activities of that partnership consist of the practice of law.
>
> Claimant is informed and believes, and based thereon alleges  that Adli
> and ALG, directly or indirectly entered into an illegal fee sharing
> agreement with SAWAYA, a non-lawyer, as a result of a "Benefit
> Contract" between SAWAYA and ALG and revised bylaws of ALG in
> violation of *California Rules of Professional Conduct*, *Rule* 1-320
> prohibiting the sharing of fees with non-attorneys.

13  (*Id.* at ¶¶4-5.)

14        Moreover, courts in the Ninth Circuit have consistently held that Rule

15  9(b) is to be applied with consideration of other Rules, particularly, as here, the

16  facts are in the presumptive possession of co-founder, CEO, CFO and Director

17  of Operations Sawaya, who was responsible for overseeing the financial

18  operations of ALG. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540

19  (9th Cir. 1989) ("A pleading is sufficient under rule 9(b) if it identifies the

20  circumstances constituting fraud so that a defendant can prepare an adequate

21  answer from the allegations"); *Spiegler v. Home Depot U.S.A., Inc.*, 552 F.

22  Supp. 2d 1036, 1044 (C.D. Cal. 2008) (internal citations and quotation marks

23  omitted) ("The heightened pleading requirements of Rule 9(b) must be read in

24  harmony with Fed. R. Civ. P. 8(a)'s short and plain statement of the claim

25  requirement. Thus, Rule 9(b) is satisfied if the allegations identif[y] the

26  circumstances constituting fraud (or mistake) so that the defendant can prepare

27  an adequate answer from the allegations"); *Ranger v. T-Mobile USA, Inc.*,

28  EDCV 08-1518VAP(JCX), 2009 WL 416003(C.D. Cal. Feb. 19, 2009) (same).

1    In *Moore*, the court explained the rationale behind allegations set forth

2  on information and belief under Rule 9(b) where the matter is within the

3  opposing party's knowledge, stating:

4        In Wool, we explained that allegations of fraud based on information
         and belief usually do not satisfy the particularity requirements under rule
5        9(b).   However, the rule may be relaxed as to matters within the
         opposing party's knowledge. For example, in cases of corporate fraud,
6        plaintiffs will not have personal knowledge of all of the underlying
         facts. In such cases, the particularity requirement may be satisfied if the
7        allegations are accompanied by a statement of the facts on which the
         belief is founded. Instances of corporate fraud may also make it difficult
8        to attribute particular fraudulent conduct to each defendant as an
         individual.
9  885 F.2d at 540 (internal citation and quotation marks omitted.)

10       Here, Counter-claimant has clearly alleged Sawaya's responsibilities and

11  involvement as a co-founder of ALG in the corporate fraud committed by

12  ALG.   Moreover, on information and belief, Counter-claimant has alleged

13  Sawaya's relationship to ALG:

14       Claimant is informed and believes, and based thereon alleges, that
         Counter-Defendant the Adli Law Group is the alter ego of Counter-
15       Defendant Adli and SAWAYA and that there is such a unity of interest
         between the two that separate personalities of the corporation and the
16       individuals no longer exist. Therefore, if the acts of Counter-Defendant
         ALG are treated as its alone, an inequitable result will follow, as
17       Counter-Defendants ADLI and SAWAYA will be able to escape
         responsibility for their own tortious conduct and the Claimant is
18       informed and believes that Counter-Defendant ALG is insufficiently
         capitalized to satisfy a judgment in the Claimant's favor.
19
         The Claimant is informed and believes, and based thereon alleges, that
20       at all times mentioned herein, the Counter-Defendants, and each of
         them, were the agents, servants, employees, representatives, joint
21       venturers, parents, assigns, predecessors, and/or successors of their co-
         defendants and were acting within the course, scope, and authority of
22       these relationships, and that each and every Counter-Defendant, when
         acting as a principal, was negligent and/or reckless in the selection,
23       hiring, training, and retention of each and every other Counter-
         Defendant as an agent, servant, employee, representative, joint venturer,
24       assign, and/or successor.

25       The Claimant is informed and believes, and based thereon alleges, that
         at all times mentioned herein, each of the Counter-Defendants, was the
26       agent, servant, employee, representative, joint venturer, parent, assign,
         predecessor, and/or successor of each of the remaining Counter-
27       Defendants and was at all times material hereto acting within the
         authorized course and scope of these relationships, and/or that all acts,
28       conduct, and omissions were subsequently ratified by the respective
         principals and the benefits thereof accepted by the principals.

1    (Countercl. at ¶¶6-7.)  These allegations based on information and belief are

2    sufficient in the present scenario where Counter-defendants possess knowledge

3    as to Counter-claimant's allegations.

4              Counter-claimant's allegations regarding Sawaya's role, relationship,

5    and responsibilities, coupled with Counter-claimant's allegations based on

6    information and belief clearly satisfy the Rule 9(b) pleading requirement.  This

7    is particularly so as these allegations relate to corporate fraud where the

8    specific instances of the corporate fraud make it difficult to attribute particular

9    fraudulent conduct.  This is clearly a situation of corporate fraud scenario

10   which was envisioned by the *Moore* court as information concerning Sawaya

11   and ALG's corporate relationships is in possession of Counter-defendants and

12   Counter-claimant is entitled to discovery on the matter.  As a result, Counter-

13   claimant's delineation of Sawaya's role and subsequent group pleading is

14   proper and sufficient.

15          **B.     Sawaya Is Individually Liable for ALG's Wrongful Conduct**

16             California authority clearly states that an officer or director incurs

17   personal liability for corporate torts upon participation, authorization, or direct

18   of the wrongful act.  *Balsam v. Trancos, Inc.*, 203 Cal. App. 4th 1083, 1109,

19   138 Cal. Rptr. 3d 108, 128 (2012) (emphasis in original) ("Directors or officers

20   of a corporation do not incur personal liability for torts of the corporation

21   merely by reason of their official position, unless they participate in the wrong

22   or authorize or direct that it be done . . . . A corporate director or officer's

23   participation in tortious conduct may be shown not solely by direct action but

24   also by *knowing consent to or approval of unlawful acts*"); *Michaelis v.*

25   *Benavides*, 61 Cal. App. 4th 681, 685, 71 Cal. Rptr. 2d 776, 778 (1998) ("The

26   reason for this rule is that otherwise, a[n officer] could inflict injuries upon

27   others and then escape liability behind the shield of his or her representative

28   character, even though the corporation might be insolvent or irresponsible");

1   *Frances T. v. Vill. Green Owners Assn.*, 42 Cal. 3d 490, 507, 723 P.2d 573,

2   582 (1986) ("Directors or officers of a corporation do not incur personal

3   liability for torts of the corporation merely by reason of their official position,

4   unless they participate in the wrong or authorize or direct that it be done.")

5          Here, the counter-claim clearly alleges that Sawaya is an officer or

6   director, stating "SAWAYA, a non-lawyer, was a co-founder, CEO, CFO and

7   Director of Operations of ALG and that she is responsible for overseeing the

8   operations for all of the firm's office(s)." (Countercl. at ¶4.)  Moreover, the

9   counter-claim has also properly asserted that Sawaya participated, authorized,

10  or directed the wrongful acts as Counter-claimant states:

11          Counter-Defendants breached their fiduciary duties owed to Claimants
            by, including, but not limited to:
12          1. Submitting fraudulent time entries for attorneys and vendors;
            2. Improperly increasing the hourly rates for attorneys engaged on the
13          matters;
            3. Submitting bills containing inadequate descriptions of activities;
14          4. Charging Claimant for secretarial, clerical or administrative activities;
            5. Double-billing Claimant for services performed by outside contract
15          attorneys and vendors by including them as "costs" as well as line item
            charges;
16          6. Charging Claimant for a administrative "surcharges" on invoices;
            7. Charging Claimant for activities unrelated to its representation of
17          Claimant, including the September 19, 2010 entry "Draft the benefit
            contract between the Firm and Nicolette Hachem-Sawaya; revise
18          bylaws." and,
            8.Submitting bills containing improper and undisclosed "mark ups" on
19          invoices that were submitted from vendors.

20  (Countercl. at ¶22.)  There is little question that Counter-claimant has alleged

21  that: 1) Sawaya is a director of officer of ALG; and 2) Sawaya participated,

22  directed, or authorized ALG's wrongful conduct.

23          Sawaya argues that she "did not occupy a fiduciary relationship toward

24  the counter-claimant, no fiduciary duty ever existed.  No conduct by

25  SAWAYA can ever constitute a breach a fiduciary duty owed to KANEKA."

26  Sawaya's assertion is unsupported by case law.  A fiduciary relationship is

27  created from any relationship in which "any relation existing between parties

28  to a transaction wherein one of the parties is in duty bound to act with the

9

1  utmost good faith for the benefit of the other party. Such a relation ordinarily

2  arises where a confidence is reposed by one person in the integrity of another,

3  and in such a relation the party in whom the confidence is reposed, if he

4  voluntarily accepts or assumes to accept the confidence, can take no advantage

5  from his acts relating to the interest of the other party without the latter's

6  knowledge or consent." *Wolf v. Superior Court,* 106 Cal.App.4th 625, 29

7  (2003).   Here, there is little doubt that Sawaya, a co-founder, CEO, and

8  thoroughly involved officer did not obtain the confidence of Counter-claimant.

9  Sawaya possessed the confidence of Counter-claimant, voluntary accepted

10  such confidence, and took advantage of such confidence without Counter-

11  claimant's consent.   Sawaya, a co-founder and CEO of ALG, clearly had

12  superior knowledge over Kaneka, a Japanese corporation.

13       Moreover, Sawaya's assertions are completely contradictory to her

14  sworn declaration submitted in a related case before this Court, *Adli Law*

15  *Group P.C. v. Kaneka Corporation and Linguistic Systems*, CV12-11001. In

16  her declaration, Sawaya states:

17      I was one of the original employees that helped start ADLI LAW when
       it first opened in April, 2010.  As Director of Operations, I am

18      responsible for the financial operations of the law firm.  I supervise the
       accounting personnel at the law firm and oversee accounts receivable

19      and accounts payable.  I have personal knowledge of the retention of
       document reviewers and on behalf of Kaneka Corporation

20      ("KANEKA"), a former client of ADLI LAW.  I communicated with
       KANEKA's representatives regarding litigation budgets and estimates

21      . . . . During the time KANEKA was a client of ADLI LAW, based upon
       information provided by attorneys, I prepared estimates of future costs

22      and fees.  I submitted these estimates to KANEKA.  The estimates of
       future costs included the costs of hiring bilingual document reviewers.

23

24  (See Req. Jud. Not., **Exhibit 1** ¶¶1-2.) Sawaya's assertions of her inactivity set

25  forth in the instant motion are completely contradictory to the roles,

26  responsibilities, and activity that she submitted in a sworn declaration

27  regarding ALG's involvement with Counter-claimant.

28  ///

**C.    Counter-Claimant Has Sufficiently Pled Breach of Fiduciary Duty**

Sawaya's argument that Counter-claimant has failed to sufficiently plead breach of fiduciary duty is unavailing.  Sawaya argues "the counter-claim offers no facts to identify an individual relationship between KANEKA and Ms. SAWAYA . . . . KANEKA had no individual or personal contract with her. KANEKA did not hire SAWAYA individually."  In addition, Sawaya argues that she does not have a fiduciary duty because "she has never been a lawyer, guardian, trustee, or attorney for KANEKA" and that "she did not occupy a fiduciary relationship toward the counter-claimant, no fiduciary duty ever existed." (Sawaya Mot. at 5:12-18.)  However, Sawaya's argument fails to take into consideration that individual liability is created because Counter-claimant has properly alleged: 1) Sawaya is a director or officer;  and, 2) Sawaya participated, directed, or authorized such conduct as stated above in Section III(A). Sawaya cannot escape individual liability merely because of her contention that she did not have a direct connection relationship with Counter-claimant.

**D.    Counter-claimant Has Sufficiently Pled Fraudulent Concealment**

Sawaya's argues in her moving papers that Counter-claimant has failed to sufficiently plead fraudulent concealment because "fraudulent concealment claim is based upon duties of loyalty and trust owed by <u>legal counsel</u>. [Counter-claim at ¶28].  Since SAWAYA is not a lawyer and was not by [sic] KANEKA as its legal counsel, she has no such duties . . . . The absence of a fiduciary duty between SAWAYA and KANEKA undercuts an essential element of the claim (e.g., a duty to disclose)." (Sawaya Mot. at 6:10-11, 14-17) (emphasis in original.)  In addition, Sawaya also argues that even though the counter-claim alleges that Sawaya engaged in an illegal fee splitting

arrangement with the law firm, Sawaya is admittedly a non-lawyer and the Rules of Professional Conduct have no application to her. Sawaya's argument miss the mark and must fail. The fact that Sawaya is a non-lawyer does not absolve her from individual liability for ALG's wrongful conduct. As stated above in Section III(A), a director or officer who participated, directed, or authorized a corporation's wrongful conduct towards a third party is individually liable for the corporation's torts. Even assuming that Sawaya's participation in an illegal fee splitting arrangement with ALG did not in itself create individual liability under the Rules of Professional Conduct, such allegation undoubtedly supports Counter-claimant's assertions that Sawaya participated, directed, or authorized ALG's wrongful conduct.

Finally, Sawaya surprisingly argues that counter-claimant fails to allege how it was damaged. In its counter-claim, Counter-claimant explicitly alleges:

> As a direct and proximate result of the conduct of the Counter-Defendants, and each of them, as herein alleged, the Claimant has suffered general and special damages in an amount within the unlimited jurisdiction of this Court that will be determined according to proof at the time of trial.

(Countercl. at ¶22.)

As a result, it is of no consequence that Sawaya is a non-lawyer. Counter-claimant has sufficiently alleged facts establishing that Sawaya is individually liable as a director or officer who participated, authorized, or directed ALG's wrongful conduct.

///
///
///
///
///

COUNTER-CLAIMANT'S OPPOSITION TO DEFENDANT HACHEM-SAWAYA'S MOTION TO DISMISS

1    **IV.   CONCLUSION**

2         For the foregoing reasons, Counter-claimant respectfully requests that

3    the Court deny Sawaya's Motion to Dismiss.  Alternatively, should the Court

4    find that Kaneka's counter-claim is insufficient, Kaneka respectfully requests

5    leave to amend so that any remaining defects that are identified can be cured.

6

7    Dated:   January 31, 2013          LAW OFFICES OF VICTOR L. GEORGE

8

9                                           /s/ Wayne C. Smith
                                     By:_____
10                                       VICTOR L. GEORGE
                                         WAYNE C. SMITH
11                                       Attorneys for Defendant
                                         and Counter-Claimant
                                         KANEKA CORPORATION
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNTER-CLAIMANT'S OPPOSITION TO DEFENDANT HACHEM-SAWAYA'S MOTION TO DISMISS