1   Victor L. George, State Bar No. 110504
    Wayne C. Smith, State Bar No. 112535
2   LAW OFFICES OF VICTOR L. GEORGE
    20355 Hawthorne Blvd., First Floor
3   Torrance, CA 90503
    Tel:  (310) 698-0990
4   Fax: (310) 698-0995
    E-mail:   vgeorge@vgeorgelaw.com
5             wsmith@vgeorgelaw.com

6   William F. Sondericker, Esq.
    Carter Ledyard & Milburn, LLP
7   2 Wall Street
    New York, NY 10005-2072
8   Tel:  (212) 732-3200
    Fax: (212) 732-3232
9   E-mail:   sondericker@clm.com

10  Attorneys for Defendants
    KANEKA CORPORATION and
11  KANEKA NORTH AMERICA LLC

12              **UNITED STATES DISTRICT COURT**

13             **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 14  ADLI LAW GROUP, a California Corporation, | CASE NO. CV12-07377 GW (RZx) |
| 15 | |
| 16          Plaintiff,<br>      v. | [Assigned to Hon. George H. Wu, Courtroom 10] |
| 17  KANEKA CORPORATION, a Japanese Corporation; and KANEKA NORTH AMERICA LLC, a Texas Limited Liability Company, | **COUNTER-CLAIMANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF COUNTER-CLAIMANT'S OPPOSITION TO DEFENDANT HACHEM-SAWAYA'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND FAILURE TO PLEAD WITH PARTICULARITY** |
| 18 | |
| 19 | |
| 20          Defendants. | |
| 21 | |
| 22  KANEKA CORPORATION, a Japanese Corporation, | |
| 23          Counter-Claimant, | [Filed concurrently with:<br>Opposition to Motion to Dismiss] |
| 24       v. | |
| 25  ADLI LAW GROUP, a California Corporation; DARIUSH G. ADLI, an individual; NICOLETTE HACHEM-SAWAYA, an individual, | Date:        February 21, 2013<br>Time:        8:30 a.m.<br>Courtroom:   10 |
| 26 | |
| 27 | Complaint Filed:   August 28, 2012 |
| 28          Counter-Defendants. | Counter-Claim Filed: November 2, 2012<br>Trial Date:        None Set. |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Federal Rules of Evidence 201, Counter-Claimant requests that the Court take judicial notice of the following:

1. The Declaration of Nicolette Hachem-Sawaya in Support of Petition to Compel Arbitration, which was submitted in a Related Case currently before this Court, *Adli Law Group P.C. v. Kaneka Corporation and Linguistic Systems, Inc.*, CV12-11001. (**Exhibit 1**)

Dated: January 31, 2013                LAW OFFICES OF VICTOR L. GEORGE

/s/ Wayne C. Smith
By:_____
VICTOR L. GEORGE
WAYNE C. SMITH
Attorneys for Defendant
and Counter-Claimant
KANEKA CORPORATION

# EXHIBIT 1

RECEIVED
JAN 1 7 2013
BY: UPS

1   Daniel D. Harshman, Esq. [SBN 177139]
2   daniel.harshman@adlilaw.com
    ADLI LAW GROUP P.C.
3   633 West Fifth Street, Suite 6900
4   Los Angeles, CA 90071
    Tel: 213.623.6546
5   Fax: 213.623.6554
6
    Attorney for Defendant and Cross-Complainant,
7   ADLI LAW GROUP P.C.

8

9                 UNITED STATES DISTRICT COURT

10           FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

12   ADLI LAW GROUP P.C., a California        Case No. **CV12 - 11001 MWF (AJWx)**
13   professional corporation,
                                              **DECLARATION OF NICOLETTE**
14           Petitioner,                      **HACHEM-SAWAYA IN SUPPORT**
                                              **OF PETITION TO COMPEL**
15           v.                               **ARBITRATION**

16                                            Date:  To Be Determined
     KANEKA CORPORATION, a Japanese           Time:  To Be Determined
17   corporation, and LINGUISTIC              Ctrm:  To Be Determined
     SYSTEMS, INC., a Massachusetts
18   corporation,                             Judge:  To Be Determined

19           Respondents.

20

21

22   I, Nicolette Hachem-Sawaya, declare:

23        1.    I am employed as Director of Operations by the law firm of Adli Law

24   Group, P.C. ("ADLI LAW"). I was one of the original employees that helped start

25   ADLI LAW when it first opened in April, 2010. As Director of Operations, I am

26   responsible for the financial operations of the law firm. I supervise the accounting

27   personnel at the law firm and oversee accounts receivable and accounts payable. I

28

have personal knowledge of the retention of document reviewers for and on behalf of Kaneka Corporation ("KANEKA"), a former client of ADLI LAW. I communicated with KANEKA's representatives regarding litigation budgets and estimates. I make this Declaration on personal knowledge of the facts set forth and, if called as a witness, could and would testify competently to such matters.

2.     During the time KANEKA was a client of ADLI LAW, based upon information provided by attorneys, I prepared estimates of future costs and fees. I submitted these estimates to KANEKA. The estimates of future costs included the costs of hiring bilingual document reviewers.

3.     Based upon information provided by the attorneys, I communicated with outside vendors to request the appropriate number of bilingual document reviewers and translators. Per KANEKA's instruction, document reviewers were not permitted to work at an off-site or remote location. We were instructed to have document reviewers located in office space rented by ADLI LAW. I arranged to secure additional office space and computers to be used solely for document review.

4.     Document reviewers retained by ADLI LAW for KANEKA's cases included Korean, Chinese and Japanese speakers. To keep pace with the volume of the documents, the number of document reviewers hired to work on KANEKA's cases was frequently in excess of 80 reviewers at any given time. During the initial document collection in Japan, 82 Japanese document reviewers were needed to review the documents collected from KANEKA's files.

5.     I am familiar with the services provided by Linguistic Systems, Inc. ("LSI") for the KANEKA lawsuits. LSI was an outside vendor that supplied Korean and Chinese speakers to review and translate documents in KANEKA's lawsuits. LSI was introduced to ADLI LAW by Bart Holladay. Mr. Holladay came to ADLI LAW offices on behalf of several vendors, including LSI. William Holladay, a representative of LSI, introduced Bart Holladay as LSI's "local representative" in

DECLARATION OF NICOLETTE HACHEM-SAWAYA IN SUPPORT
OF PETITION TO COMPEL ARBITRATION

California. Attached as **Exhibit "A"** to my declaration is a copy of an October 7, 2011 email sent to me in which William Holladay referred to Bart Holladay as LSI's "local representative."

6.  I signed an Estimate from LSI to obtain bilingual document reviewers to work on KANEKA cases. The Estimate contains terms and conditions Attached as **Exhibit "B"** to my declaration is a true and correct copy of the LSI estimate that I signed for work on the KANEKA cases. Page 2 of the Estimate contains the following language:

> "Applicable Law: The rights of the parties under this agreement shall be governed by the Laws of the Commonwealth of Massachusetts. Any disputes will be settled by arbitration through the Boston, MA office of the American Arbitration Association in lieu of litigation through the court system. Out of pocket expenses of the arbitration shall be borne by each party until the decision and then reimbursed to the prevailing party."

7.  All document reviewers provided by LSI worked in Los Angeles at office space rented by ADLI LAW. Neither I, nor anyone from ADLI LAW traveled to Massachusetts to meet with LSI or sign any papers. None of the document reviews were conducted in Massachusetts. None of the document reviewers worked on KANEKA cases in Massachusetts. LSI communicated with me in California. Time sheets were sent to me for review in California.

8.  KANEKA requested that ADLI LAW deal with other third parties on its behalf. When KANEKA traveled from Japan to visit ADLI LAW offices, I was asked to purchase tickets for their travel. Prior to the trial before the International Trade Commission in March 2012, Mr. Hirofumi Yamada asked me to arrange hotel accommodations for KANEKA representatives. ADLI LAW paid for the hotel in Washington, D.C.

DECLARATION OF NICOLETTE HACHEM-SAWAYA IN SUPPORT
OF PETITION TO COMPEL ARBITRATION

9.      I also communicated with KANEKA regarding unpaid law firm invoices. On April 12, 2012, Mr. Iwao Funahasi of KANEKA sent me an email proposing a payment plan in which KANEKA would make installment payments beginning on April 15, 2012 and continuing through September 15, 2012.   Attached as **Exhibit "C"** to my declaration is a copy of the April 9, 2011email sent to me by Iwao Funahasi.

10.      I also communicated with Mr. Kazuhiko Fujii of KANEKA.  At his request, I sent an email to Mr. Fujii on May 16, 2012 identifying unpaid discovery vendors.  I sent the invoices for each vendor to Mr. Fujii in a series of ten emails beginning on May 10, 2012, including the invoices for Linguistic Systems, Inc. Attached as **Exhibit "D"** to my declaration is a copy of my May 16, 2012 email to Mr. Fujii.  Attached as **Exhibit "E"** to my Declaration is a copy of my May 10, 2012 email to Mr. Fujii.

11.      Neither Mr. Funahasi, nor Mr. Fujii ever informed me that ADLI LAW was not authorized by KANEKA to hire outside discovery vendors or document reviewers.

12.      The last payment received by ADLI LAW from KANEKA was March 1, 2012.  Prior to that date, KANEKA paid ADLI LAW invoices and reimbursed ADLI LAW for the cost of document reviewers and other third party costs.

13.      KANEKA's representatives, Hirofumi Yamada and Reiko Muzutani, were provided identification cards to permit their access through building security in the building where ADLI LAW is located.  Yamada and Mizutani were provided their own office in ADLI LAW.  Yamada and Mizutani visited the office spaced rented by ADLI LAW where document reviewers were located and reviewing documents.

///

///

///

14.     Neither Hirofumi Yamada, nor Reiko Muzutani ever informed me that ADLI LAW was not authorized by KANEKA to hire third party document reviewers to work on KANEKA's cases.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this ___21st___ day of December, 2012 in Los Angeles California

Nicolette Hachem-Sawaya