1  Victor L. George, State Bar No. 110504
   Wayne C. Smith, State Bar No. 112535
2  LAW OFFICES OF VICTOR L. GEORGE
   20355 Hawthorne Blvd., First Floor
3  Torrance, CA 90503
   Tel:  (310) 698-0990
4  Fax: (310) 698-0995
   E-mail:   vgeorge@vgeorgelaw.com
5            wsmith@vgeorgelaw.com

6  William F. Sondericker, Esq.
   CARTER LEDYARD & MILBURN, LLP
7  2 Wall Street
   New York, NY 10005-2072
8  Tel:  (212) 732-3200
   Fax: (212) 732-3232
9  E-mail:   sondericker@clm.com

10 Attorneys for Defendants
   KANEKA CORPORATION and
11 KANEKA NORTH AMERICA LLC

12              **UNITED STATES DISTRICT COURT**

13            **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 14  ADLI LAW GROUP, a California Corporation, | CASE NO. CV12-07377 GW (RZx) |
| 15 | [Assigned to Hon. George H. Wu, Courtroom 10] |
| 16              Plaintiff, | |
|         v. | |
| 17  KANEKA CORPORATION, a | **KANEKA CORPORATION AND** |
| 18  Japanese Corporation; and | **KANEKA NORTH AMERICA** |
|     KANEKA NORTH AMERICA | **LLC'S OPPOSITION TO HC2'S** |
| 19  LLC, a Texas Limited Liability | **MOTION TO INTERVENE;** |
|     Company, | **MEMORANDUM OF POINTS** |
| 20              Defendants. | **AND AUTHORITIES IN SUPPORT** |
|                              | **THEREOF** |
| 21  _____ | [Filed concurrently with: |
| 22  KANEKA CORPORATION, a | Declaration of Wayne C. Smith in |
|     Japanese Corporation, | Support of Opposition to Motion to |
| 23 | Intervene] |
|              Counter-Claimant, | |
| 24         v. | Date:   March 7, 2013 |
| 25  ADLI LAW GROUP, a California | Time:  8:30 a.m. |
|     Corporation; DARIUSH G. | Crtrm: 10 |
| 26  ADLI, an individual; | |
|     NICOLETTE HACHEM- | Complaint Filed:       August 28, 2012 |
| 27  SAWAYA, an individual, | Counter-Claim Filed: November 2, 2012 |
| 28              Counter-Defendants. | Trial Date:            None Set. |

1  HC2, INC., a Washington, DC
   Corporation,
2
3          Plaintiff-Intervenor
4          v.
5  ADLI LAW GROUP, a California
   Corporation, KANEKA
6  CORPORATION, a Japanese
   Corporation and KANEKA
7  NORTH AMERICA, LLC, a
   Texas Limited Liability Company,
8
           Defendants-Intervenor
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KANEKA CORP. AND KANEKA NORTH AMERICA LLC'S OPPOSITION TO HC2'S MOTION TO INTERVENE

# TABLE OF CONTENTS

**I.    INTRODUCTION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**II.   HIRE COUNSEL IS NOT ENTITLED TO**
**INTERVENTION AS A MATTER OF RIGHT**. . . . . . . . . . . . . . 3

    A.   HIRE COUNSEL DOES NOT POSSESS A
          SIGNIFICANT PROTECTABLE INTEREST. . . . . . . . . . . . 4

    B.   THE OUTCOME OF THIS LAWSUIT WILL NOT
          IMPAIR OR IMPEDE HIRE COUNSEL'S ABILITY
          TO PROTECT ITS INTEREST. . . . . . . . . . . . . . . . . . . . . . . 6

    C.   HIRE COUNSEL'S INTEREST IS ADEQUATELY
          REPRESENTED BY ALG. . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**III.  HIRE COUNSEL IS NOT ENTITLED TO**
**PERMISSIVE INTERVENTION**. . . . . . . . . . . . . . . . . . . . . . . . . 9

**IV.   IMPROPER VENUE PURSUANT TO**
**F.R.C.P., RULE 12(b)(3)**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**V.    CONCLUSION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# TABLE OF AUTHORITIES

**Cases**                                                                **Page(s)**

*Argueta v. Banco Mexicano, S.A.,*
    87 F.3d 320 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Blake v. Pallan,*
    554 F.2d 947 (9th Cir. 1977). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Carnival Cruise Lines, Inc. v. Shute,*
    499 U.S. 585 (1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Continental Casualty Co. v. American National Insurance Co.,*
    417 F.3d 727 (7th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Daugherty v. Oppenheimer & Co.,*
    C 06-7725PJH, 2007 WL 2701311 (N.D. Cal. Sept. 13, 2007). . . . . . 7

*Docksider, Ltd. v. Sea Technology, Ltd.,*
    875 F2d 762 (9th Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Greene v. United States,*
    996 F.2d 973 (9th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

*Hawaii-Pac. Venture Capital Corp. v. Rothbard,*
    564 F.2d 1343 (9th Cir. 1977). . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

*M/S Bremen v. Zapata Off-Shore Co.,*
    407 U.S. 1 (1972). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Murphy v. Schneider Nat'l, Inc.,*
    362 F.3d 1133 (9th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Nw. Forest Res. Council v. Glickman,*
    82 F.3d 825 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7, 9

*Perry v. Proposition 8 Official Proponents,*
    587 F.3d 947 (9th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*S. California Edison Co. v. Lynch,*
    307 F.3d 794 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9, 10

**Cases**                                                                    **Page(s)**

*Shearson/American Express, Inc. v. McMahon,*

    482 U.S. 220 (1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.,*

    915 F.2d 1351 (9th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Alisal Water Corp.,*

    370 F.3d 915 (9th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 5


**Codes, Statutes, Rules, Misc.**                                            **Page(s)**

9 U.S.C. § 2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Federal Rules of Civil Procedure, Rule 12(b)(3). . . . . . . . . . . . . . .  2, 10, 13

Federal Rules of Civil Procedure, Rule 24. . . . . . . . . . . . . . . . . .  1, 3, 5, 7, 9

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

HC2, Inc. ("Hire Counsel") moves to intervene as a plaintiff in the instant matter, pursuant to Rule 24(a)(2) or, in the alternative, Rule 24(b) of the Federal Rules of Civil Procedure.  Unfortunately for Hire Counsel, under law of the Ninth Circuit, Hire Counsel does not have a significant protectable interest in this litigation.  Hire Counsel's only connection with this matter is "its right to collect" outstanding fees. (Hire Counsel's Motion to Intervene ("Mot.") at 5:24-25.)

Hire Counsel claims that in April 2011, Kaneka Corporation and Kaneka North America LLC[1] ("KANEKA") hired Adli Law Group ("ALG"), and ALG then entered into a Master Services Agreement with Hire Counsel to provide temporary legal professionals to perform document review and analysis. (Mot. at 3:7-10.) (Decl. of Wayne C. Smith, ¶1.)  Hire Counsel asserts that it is owed $970,498.80.  (Mot. at 4:16-17.)  From the face of Hire Counsel's Motion to Intervene, it appears that Hire Counsel has not filed any lawsuit in any jurisdiction against ALG or KANEKA.[2]

Hire Counsel has no pending suit.  Hire Counsel has not obtained any dispositive motion or rulings in its favor.  Moreover, Hire Counsel has not obtained judgment against ALG or KANEKA.  Hire Counsel's alleged "right to collect the fees outstanding" has not been established.   In fact, Hire

---

[1]  Hire Counsel's assertion is factually impossible as Kaneka North America LLC was not created until April 2012.  In April 2011, Kaneka North America LLC did not exist.

[2]  "Finally, if Hire Counsel sues Kaneka, Kaneka America and Adli Law independent of this action, it is likely that such a case would be removed to the Central District and "low numbered" to this Court . . . ." (Mot. at 4-5:28-3.)

Counsel's alleged right may never be established.[3]  Even assuming that Hire Counsel may obtain a judgment against ALG, that in itself does not create a significant protectable interest in the instant litigation or provide it standing to sue KANEKA.

Hire Counsel argues that it has "an interest in exercising its right to collect the fees outstanding under its contract with Adli Law, or, alternative, for Kaneka for services performed for Kaneka's benefit" and "Hire Counsel may be deprived of an opportunity to collect payment altogether against Adli Law which could end up being judgment proof . . . ." (Mot. at 5:24-26, 6:1-4.) Hire Counsel is without legal support for its assertions.  In fact, Hire Counsel's claims are contrary to the laws and precedent of the Ninth Circuit.  *United States v. Alisal Water Corp.*, 370 F.3d 915, 920 (9th Cir. 2004) ("A mere interest in property that may be impacted by litigation is not a passport to participate in the litigation itself. To hold otherwise would create a slippery slope where anyone with an interest in the property of a party to a lawsuit could bootstrap that stake into an interest in the litigation itself.")

Finally, the Court should not allow Hire Counsel to intervene in the instant litigation because Hire Counsel would be in an improper venue pursuant to Federal Rules of Civil Procedure, Rule 12(b)(3).  Hire Counsel's Master Agreement with ALG contains a contractual provision that is a binding forum-selection clause.  This contractual provision specifies that venue is exclusive, stating:

> 13.4.   This Agreement shall be governed and construed in accordance with the laws of the State of New York, without regard to its choice of law provisions.  **Each party irrevocably**

---

[3]  ALG denies that it is indebted to Hire Counsel as Hire Counsel admits in its Motion to Intervene: "Adli Law claims it was acting at all times as the disclosed agent of Kaneka in contracting with Hire Counsel and is not liable for the Hire Counsel bills." (Mot. at 4:8-10.)

1    **agrees that any legal action, suit or proceeding brought by it**

2    **in any way arising out of this agreement must be brought**

3    **solely and exclusively in the state and federal courts of the**

4    **State of New York in the County of New York**.  All parties

5    consent to personal jurisdiction in the State of New York, and

6    agree to accept service of process outside of the State of New

7    York as if service had been made in that state.

8  (Decl. of Wayne C. Smith, ¶1) (emphasis added.)

9    As the Court will see below, Hire Counsel's Motion to Intervene as a

10  matter of right or, in the alternative, permissive intervention, should be denied.

11

## II.  HIRE COUNSEL IS NOT ENTITLED TO INTERVENTION AS A MATTER OF RIGHT

14    Federal Rules of Civil Procedure, Rule 24 provides for a parties ability

15  to intervene as a matter of right, stating:

16    **(a) Intervention of Right.** On timely motion, the court must

17    permit anyone to intervene who:

18    **(1)** is given an unconditional right to intervene by a federal

19    statute; or

20    **(2)** claims an interest relating to the property or transaction that

21    is the subject of the action, and is so situated that disposing of the

22    action may as a practical matter impair or impede the movant's

23    ability to protect its interest, unless existing parties adequately

24    represent that interest.

25  The Ninth Circuit has clarified the requirements necessary of a party who seeks

26  to intervene as a matter of right under Federal Rules of Civil Procedure, Rule

27  24(a)(2):

28    In particular, we require an applicant for intervention as of right

1  to demonstrate that (1) it has a significant protectable interest

2  relating to the property or transaction that is the subject of the

3  action; (2) the disposition of the action may, as a practical matter,

4  impair or impede the applicant's ability to protect its interest; (3)

5  the application is timely; and (4) the existing parties may not

6  adequately represent the applicant's interest.

7  *Alisal Water Corp.*, 370 F.3d at 919 (internal quotation marks omitted.)  In

8  addition, "The party seeking to intervene bears the burden of showing that *all*

9  the requirements for intervention have been met."  *Id.* (emphasis in original.)

10 Moreover, a prospective intervenor's "[f]ailure to satisfy any one of the

11 requirements is fatal to the application."  *Perry v. Proposition 8 Official*

12 *Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

13     **A.**  **HIRE COUNSEL DOES NOT POSSESS A SIGNIFICANT**

14           **PROTECTABLE INTEREST**

15     "Whether an applicant for intervention as of right demonstrates

16 sufficient interest in an action is a practical, threshold inquiry, and no specific

17 legal or equitable interest need be established.  The movant must, however,

18 demonstrate a 'significantly protectable interest' in the lawsuit to merit

19 intervention.  To demonstrate this interest, a prospective intervenor must

20 establish that (1) the interest [asserted] is protectable under some law, and (2)

21 there is a relationship between the legally protected interest and the claims at

22 issue."  *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996)

23 (internal citation and quotation marks omitted.)

24     In the context of intervention, the Ninth Circuit has held that a purely

25 economic expectancy is not a significant protectable interest. *Greene v. United*

26 *States*, 996 F.2d 973, 976 (9th Cir. 1993) ("An economic stake in the outcome

27 of the litigation, even if significant, is not enough.").  Moreover, the Ninth

28 Circuit explained its position in *Hawaii-Pac. Venture Capital Corp. v.*

*Rothbard*, 564 F.2d 1343 (9th Cir. 1977).  There, a class action litigation was initiated against defendant and shareholders of the plaintiff entity, non-members of a class action suit against the defendant, sought to intervene because "the proceedings may decrease the collectability of any subsequent judgments they may obtain in the future." *Id.* at 1345-46.  The Ninth Circuit affirmed the trial court's denial of the party seeking to intervene, stating:

> This contention likewise does not give the appellants the right to intervene in the class action suit. Logically extended, the appellants' contention would give the right to intervene in the class action suit to all persons with potential claims against any party in the class action suit on the ground that the outcome of the class action suit may increase or decrease the collectibility of their claims. This would abandon completely the general notion that a plaintiff may control his action and the FRCP Rule 24(a)(2) requirement that an unrepresented petitioner must show an interest in the underlying transaction to support an absolute right of intervention.

*Id.* at 1346 (9th Cir. 1977).  The Ninth Circuit has clearly stated that a party's purely economic claim and its ability to satisfy its judgment does not warrant intervention. *Alisal Water Corp.*, 370 F.3d at 920 ("To hold otherwise would create an open invitation for virtually any creditor of a defendant to intervene in a lawsuit where damages might be awarded"); *S. California Edison Co. v. Lynch*, 307 F.3d 794 (9th Cir. 2002).

In *Lynch*, the Ninth Circuit affirmed the trial court's ruling to deny a motion to intervene as of right where the applicants argued that they possessed a significant protectable interest because plaintiff owed them over $260 million which could not be paid because of defendant. *Id.* at 803.  The court explained:

The pending litigation would not resolve those claims, and SoCal Edison is in privity with the California Power Exchange Corporation, not with Reliant or Mirant. Thus, Reliant and Mirant are claiming a right to intervene based on a contingent, unsecured claim against a third-party debtor. **This falls far short of the "direct, non-contingent, substantial and legally protectable" interest required for intervention as a matter of right.**

*Id.* (emphasis added.)

Here, Hire Counsel's own asserted claims warrant denial of its Motion to Intervene as a matter of right.  Hire Counsel claims that it possesses significant protectable interest in this case because "in exercising its right to collect the fees outstanding under its contract with Adli Law or, alternatively, for Kaneka for services performed for Kaneka's benefit" and because it "may be deprived of an opportunity to collect payment altogether against Adli Law which could end up being judgment proof."  (Mot. at 5:24-26, 6:1-3.)  In essence, Hire Counsel's claimed "significant protectable interest" is purely economic.  Moreover, Hire Counsel's argument is shockingly similar to the argument which the Ninth Circuit rejected in *Hawaii-Pac* that intervention should be allowed because "proceedings may decrease the collectibility of any subsequent judgments they may obtain in the future."  564 F.2d at 1346.  As case law in the Ninth Circuit dictates, Hire Counsel does not have a significantly protectable interest in the instant litigation and its Motion to Intervene should be denied.

## B.   THE OUTCOME OF THIS LAWSUIT WILL NOT IMPAIR OR IMPEDE HIRE COUNSEL'S ABILITY TO PROTECT ITS INTEREST

Even assuming that Hire Counsel has a significant protectable interest (which it does not), an application for intervention cannot establish this

element when it may protect its interest in another forum. *Blake v. Pallan*, 554 F.2d 947, 954 (9th Cir. 1977) ("Mere inconvenience to the Commissioner caused by requiring him to litigate separately is not the sort of adverse practical effect contemplated by Rule 24(a)(2)"); *see also Daugherty v. Oppenheimer & Co.*, C 06-7725PJH, 2007 WL 2701311 (N.D. Cal. Sept. 13, 2007) ("[proposed intervenor] also has not demonstrated that his ability to collect the debt from plaintiff would be impaired or impeded by the disposition of this action. [Proposed intervenor] references a pending state court lawsuit against plaintiff in which he has asserted a breach of contract claim for plaintiff's failure to make payments on her debt. If [he] obtains a judgment against plaintiff in state court, he may enforce it with a judgment lien. *See id.* at 921. He therefore has other means by which he may protect his interests.")

Here, Hire Counsel asserts that it "would be impaired whether the matter is resolved in Adli Law or Kaneka's favor or by a settlement without a provision for payment of Hire Counsel.  Both kaneka and Adli Law seek to escape payment of the fees owed to Hire Counsel on the ground that the other is responsible." (Mot. at 7:6-8.)  In addition, Hire Counsel asserts that "both parties are likely to continue to deny liability and the other collection will require new duplicate litigation."  (Mot. at 4:23-24.)  However, as stated above, the fact that Hire Counsel is required to litigate a separate action does not mean that its ability to protect its interest is impaired or impeded. Moreover, Hire Counsel does not provide any reasoning or argument as to why it would not be able to litigate against ALG or KANEKA in an independent suit.  As a result, the outcome of this litigation would not impair or impeded Hire Counsel's ability to protect its interest.

## C.  HIRE COUNSEL'S INTEREST IS ADEQUATELY REPRESENTED BY ALG

In *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 838 (9th Cir.

1996), the Ninth Circuit explained when an applicant's interest was adequately represented, stating:

> In determining whether an applicant's interest is adequately represented by the parties, we consider (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect
>
> . . . .
>
> **Where an applicant for intervention and an existing party "have the same ultimate objective, a presumption of adequacy of representation arises.**

(emphasis added.)

Here, the ultimate objective that Hire Counsel and ALG seek in this litigation are exactly the same: a determination that KANEKA owes money for vendor services which ALG allegedly contracted on behalf of KANEKA. Hire Counsel asserts that its interest are not being represented because "both [ALG and KANEKA] have denied any liability to Hire Counsel, despite receiving the value of its services." (Mot. at 7:16-17.) Hire Counsel's argument must fail because it fails to overcome the presumption of adequacy of representation. Hire Counsel's interests, the alleged payment for services rendered amounting to $970,498.80, is adequately represented in this matter. As a result, Hire Counsel's Motion for Intervention should be denied.[4]

---

[4]   KANEKA acknowledges that there is also a fourth element of "timeliness" which is a proposed intervenor is to show when seeking intervention as a matter of right. However, KANEKA does not contest this element recognizing that the instant case is in the early stages of litigation.

1   **III.   HIRE   COUNSEL   IS   NOT   ENTITLED   TO PERMISSIVE**
2         **INTERVENTION**

3         In the alternative, Hire Counsel also moves this Court for permissive
4   intervention under Federal Rules of Civil Procedure, Rule 24(b).  (Mot. at 7-
5   8:23-7.)  "[A] court may grant permissive intervention where the applicant for
6   intervention shows (1) independent grounds for jurisdiction; (2) the motion is
7   timely; and (3) the applicant's claim or defense, and the main action, have a
8   question of law or a question of fact in common."  *Lynch*, 307 F.3d at 803.

9         Hire Counsel's Motion to Intervene fails to meet the criteria necessary
10  for permissive intervention.   First, Hire Counsel has failed to assert any
11  independent grounds for jurisdiction.  (Mot. at 7-8:23-7.)  *Nw. Forest Res.*
12  *Council*, 82 F.3d at 839 (court denied proposed intervenor's application for
13  permissive intervention because it "fails to satisfy the first prong of the
14  permissive intervention standard, since it asserts no independent basis for
15  jurisdiction.")

16        Second, Hire Counsel fails to demonstrate that a common of question of
17  law or a question of fact in common exist between Hire Counsel's claims and
18  the instant litigation.  Hire Counsel's claims are for a debt which is allegedly
19  owed by ALG.  Distinctly different, ALG's claims against KANEKA allege:
20  1) breach of contract; 2) breach of covenant of good faith and fair dealing; 3)
21  quantum merit; 4) promissory fraud; 5) intentional misrepresentation; and
22  negligent misrepresentation.  As the Ninth Circuit has explained:

23        Proposed Intervenors fail to meet the threshold requirements
24        because no common question of law or fact exists between their
25        claims and the main action. Proposed Intervenors argue that the
26        amount of money that SoCal Edison may collect, and how SoCal
27        Edison uses that money, raises questions of law and fact common
28        to both the underlying action and any claims Reliant and Mirant

1
2
3
4
5
6

> have against SoCal Edison and/or the Commission. However, the
> Proposed Intervenors' concerns as to whether SoCal Edison
> would repay them are sufficiently different from the issues in the
> underlying action so as to not meet this factor of the test for
> permissive intervention. The intervention rule is ... not intended
> to allow the creation of whole new lawsuits by the intervenors.

7  *Lynch*, 307 F.3d at 803-804.   As a result, Hire Counsel should be denied

8  permissive intervention.

9

10  **IV.   IMPROPER VENUE PURSUANT TO F.R.C.P., RULE 12(b)(3)**

11       On the face of Hire Counsel's Motion to Intervene, it asserts that it

12  entered a Master Services Agreement with ALG, which it attached as Exhibit

13  2 to its Motion.  (Mot. at 3:9-10) (Decl. of Wayne C. Smith, ¶1.)  This Master

14  Services Agreement specifies "any legal action . . . . must be brought solely ane

15  exclusively in the state and federal courts of the State of New York in the

16  County of New York." (Decl. of Wayne C. Smith, ¶1.)  Hire Counsel's Motion

17  to Intervene should be denied as its intervention in this litigation will place it

18  in an improper venue.

19       It is without question that parties may contract to designate a forum and

20  venue in which to resolve any disputes between themselves.   Litigation

21  commenced elsewhere is subject to dismissal for improper venue. *Carnival*

22  *Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 595, 111 S. Ct. 1522, 1525, 113 L.

23  Ed. 2d 622 (1991); *TAAG Linhas Aereas de Angola v. Transamerica Airlines,*

24  *Inc.,* 915 F.2d 1351, 1353 (9th Cir. 1990); *Continental Casualty Co. v.*

25  *American National Insurance Co.*, 417 F.3d 727, 730, 733 (7th Cir. 2005)

26  Dismissal proper where designated forum was not within the Northern District

27  of Illinois).

28  ///

KANEKA CORP. AND KANEKA NORTH AMERICA LLC'S OPPOSITION TO HC2'S MOTION TO INTERVENE

1    "[Forum selection] clauses are prima facie valid and should be enforced

2    unless enforcement is shown by the resisting party to be 'unreasonable' under

3    the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92

4    S. Ct. 1907, 1913, 32 L. Ed. 2d 513 (1972). The party challenging the [forum

5    selection] clause bears a "heavy burden of proof" and must "clearly show that

6    enforcement would be unreasonable and unjust, or that the clause was invalid

7    for such reasons as fraud or over-reaching." *Murphy v. Schneider Nat'l, Inc.*,

8    362 F.3d 1133, 1140 (9th Cir. 2004). Unless Hire Counsel can present

9    evidence that meets this heavy burden, the district court should deny Hire

10   Counsel's motion. *Id.*

11          Despite this strong presumption, the Court in *Bremen* recognized

12   exceptions "that would make enforcement of a forum selection clause

13   unreasonable: (1) "if the inclusion of the clause in the agreement was the

14   product of fraud or overreaching"; (2) "if the party wishing to repudiate the

15   clause would effectively be deprived of his day in court were the clause

16   enforced"; and (3) "if enforcement would contravene a strong public policy of

17   the forum in which suit is brought." *Murphy*, 362 F.3d at 1140.

18          With these few exceptions in mind, it is apparent that none exist here.

19   Hire Counsel does not present any evidence or argument in support of the first

20   or third exception to the rule set fourth in *Bremen*. However, Hire Counsel

21   does provide argument to support the second exception in *Bremen*, as Hire

22   Counsel asserts it possesses "an interest in exercising its right to collect the

23   fees outstanding under its contract with Adli Law, or, alternative, for Kaneka

24   for services performed for Kaneka's benefit" and "Hire Counsel may be

25   deprived of an opportunity to collect payment altogether against Adli Law

26   which could end up being judgment proof . . . ." (Mot. at 5:24-26, 6:1-4.) Yet,

27   other than the expense of additional litigation and the possibility of not being

28   able to collect an unestablished debt, Hire Counsel provides little reasoning as

to what is preventing Hire Counsel from pursuing an independent action for its alleged debt owed by ALG.   Because Hire Counsel will have to incur additional litigation expenses to file suit against ALG in New York, this does not nearly meet the second exception to the *Bremen* rule.   *See Bremen*, 407 U.S. at 19 (upholding forum-selection clause which required litigation to take place in London); *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 327 (9th Cir. 1996) (upholding forum-selection clause which required litigation to take place in Mexico).

A forum selection clause in a written contract affecting commerce are "valid, irrevocable and enforceable." 9 U.S.C. § 2. This is true even when statutory claims are asserted. *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 227, 107 S. Ct. 2332, 2337, 96 L. Ed. 2d 185(1987).   Moreover, the Ninth Circuit has consistently held that forum and venue clauses which are specifically designated in a state or district, as here the State of New York and County of New York, to be the exclusive forum. *Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F2d 762, 764 (9th Cir. 1989).

Here, Hire Counsel entered into the Master Services Agreement with ALG, which provides:

> 13.4.   This Agreement shall be governed and construed in accordance with the laws of the State of New York, without regard to its choice of law provisions. **Each party irrevocably agrees that any legal action, suit or proceeding brought by it in any way arising out of this agreement must be brought solely and exclusively in the state and federal courts of the State of New York in the County of New York**. All parties consent to personal jurisdiction in the State of New York, and agree to accept service of process outside of the State of New York as if service had been made in that state.

1  (Decl. of Wayne C. Smith, ¶1) (emphasis added.)

2        It is clear that this provision exclusively provides for the resolution of

3  disputes to be "brought solely and exclusively in the state and federal courts

4  of the State of New York in the County of New York."  Nevertheless, Hire

5  Counsel seeks to improperly intervene in this action, placing it in an improper

6  venue.  Hire Counsel does not have any facts which exist in this matter that

7  would make enforcement of this forum-selection clause unreasonable or unjust.

8        Accordingly, this Court should deny Hire Counsel's Motion to Intervene

9  because Hire Counsel would be placed in an improper venue pursuant to

10  Federal Rules of Civil Procedure, Rule 12(b)(3).

11

12  **V.**   **CONCLUSION**

13        For the foregoing reasons, Kaneka respectfully requests the Court deny

14  Hire Counsel's Motion to Intervene.

15

16  Dated:  February 13, 2013     LAW OFFICES OF VICTOR L. GEORGE

17

18                        /s/ Wayne C. Smith
             By:_____

19                        VICTOR L. GEORGE
                      WAYNE C. SMITH

20                        Attorneys for Defendants
                      KANEKA CORPORATION and
                      KANEKA NORTH AMERICA LLC

21                        and Counter-Claimant
                      KANEKA CORPORATION

22

23

24

25

26

27

28