**THOMAS J. KEARNEY (Bar No. 150202)**
 tjk@amclaw.com
**JOSEPH P. TABRISKY (Bar No. 120749)**
 jpt@amclaw.com
**ANDERSON, McPHARLIN & CONNERS LLP**
444 South Flower Street
Thirty-First Floor
Los Angeles, California  90071-2901
TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594

**Attorneys for Counter-Defendants ADLI LAW GROUP, a California corporation, and DARIUSH G. ADLI, an individual**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ADLI LAW GROUP, a California corporation,<br><br>         Plaintiff,<br><br>vs.<br><br>KANEKA CORPORATION, a Japanese corporation; and KANEKA NORTH AMERICA LLC, a Texas Limited Liability Company,<br><br>         Defendants.<br><br>KANEKA CORPORATION, a Japanese corporation,<br><br>         Counter-Claimant,<br><br>vs.<br><br>ADLI LAW GROUP, a California corporation; DARIUSH G. ADLI, an individual; NICOLETTE HACHEM-SAWAYA, an individual,<br><br>         Counter-Defendants. | Case No. CV 12-07377 GW (RZx)<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM**<br><br>**Date:     February 28, 2013**<br>**Time:    8:30 a.m.**<br>**Crtrm.:  10**<br><br>Trial Date:              None |

1046744.1 05809-125

## I. INTRODUCTION

Counter-claimant's attempt unduly obfuscates the straightforward motion to dismiss its Counterclaim by arguing facts and issues that misdirect this Court from the lack of any merit for their assertions against these counter-defendants. Carefully sifting through the din of the hyperbole, counter-claimant not only fails to cite this Court to any relevant case law supporting its arguments, but fails to demonstrate how it can be amended to state any such facts.

As will be demonstrated more fully below, the Court should dismiss the Counterclaim with prejudice because the counter-claimant not only has failed to comply with FRCP Rule 9(b)'s requirement of pleading fraud with particularity, but it has failed to demonstrate how it may amend the Counterclaim to allege such facts without violating FRCP Rule 11.

## II. THE COUNTERCLAIM FAILS TO SATISFY RULE 9(b)'s PLEADING REQUIREMENTS FOR FRAUD AND SHOULD BE DISMISSED

"Particularity" under Federal Rule 9(b) is not a difficult concept. The required level of pleading of averments of fraud or fraudulent concealment in the courts with within the Ninth Circuit Court of Appeals is well settled. Unfortunately, counter-claimant apparently fails to grasp that requirement or wants a different standard to apply to it. Contrary to counter-claimant's suggestion however, it is not a shifting concept. More importantly, it certainly applies in this instance when counter-claimant claims to have performed an audit which supports its averments.

Fraud must be pled with "particularity" to include the "who, what, when, where and how" details underlying the alleged fraudulent activity. *Vess v. Ciba-Geigy Corp USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Averments of fraud not only must be pled "with particularity," but with a "high degree of meticulousness." *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-23 (9th Cir. 2000). Any fraud allegations failing to satisfy Rule 9(b) are disregarded, and the remaining allegations

evaluated to see if a valid claim has been stated.  *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d at 1105.

"By requiring the plaintiff to allege the who, what, where, and when of the alleged fraud, the rule requires the plaintiff *to conduct a precomplaint investigation in sufficient depth* to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." *Ackerman v. Northwestern Mutual Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999).  "[T]he who, what, when, and where must be laid out before access to the discovery process is granted." *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 178 (5th Cir. 1997).

The purposes of requiring "particularity" is to reduce the number of frivolous lawsuits brought for the purpose of extracting settlements; eliminate fraud actions in which all of the facts are learned after discovery; provide an increased measure of protection for defendant's reputation.  *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999); *Tuchman v. DSC Communications Corp.*, 14 F3d 1061, 1067 (5th Cir. 1994); *Concha v. London*, 62 F.3d 1493, 1502-03 (9th Cir. 1995).

Applying these standards to the Counterclaim, it fails.  For example, although counter-claimant alleges that it performed an audit, it completely fails to identify which entries it claims are "fraudulent"  (*See,* Counterclaim at ¶22.1.)  Although the counter-claimant has the invoices which it claims are fraudulent, it inexplicably does not identify a single entry, which attorney submitted them, and what facts make them fraudulent.  (*Id.*)

Moreover, the counter-claimant offers no means as to how it would be able to demonstrate the fraud.  Instead, while having all of the information in its possession and having conducted an audit, it still claims that it does not have access to the information.  By having audited the records and having complete access to the invoices, it then concedes that it cannot amend the Counterclaim.  Accordingly, the Counterclaim should be dismissed with prejudice.

1  Counter-claimant's reliance on *Moore v. Kayport Package Express, Inc.*, 885
2  F.2d 531 (9th Cir. 1989) is misplaced.  In *Moore*, the Ninth Circuit affirmed the
3  dismissal of a complaint under Rule 9(b) because plaintiff alleged fraud based on
4  information and belief and failed to attribute particular fraudulent statements or acts
5  to the individual defendants.  *Id*. at 540.  The court held that the complaint was
6  deficient because it did not specify which plaintiff received a prospectus, which
7  plaintiff made purchases through a particular defendant or which securities the
8  plaintiffs allegedly purchased.  *Id*.
9  This matter is analogous to *Moore* and accordingly requires dismissal.  Just as
10 in *Moore,* the Counterclaim fails to identify which time entries are questioned, who
11 made them and why they are "fraudulent" or "improper."
12 In *Beltrame v. JPMorgan Chase Bank*, 2011 U.S. Dist. LEXIS 13091 (S.D.
13 Calif. 2011), the court dismissed a complaint under Rule 9(b) because it offered so
14 few facts about billing statements that defendant could not determine which billing
15 statement included misrepresentations or when they were sent.  That is precisely the
16 defect here.  For the same reason that the motion to dismiss was granted in
17 *Beltrame*, it should be granted here.
18 In *State of California v. Walgreen Corp*., 175 F.R.D. 631 (N.D. Calif. 1997),
19 the plaintiff alleged that Walgreens had submitted fraudulent claims for
20 reimbursement of prescription drugs.  *Id*. at 633.  The court held that complaint
21 failed to comply with Rule 9(b), because it did not identify any particular
22 prescription that was "short filled," any pharmacy or pharmacist that engaged in the
23 practice, or any Walgreen customer who received a deficient prescription.  *Id*.  The
24 court held that conclusory or generalized allegations that fail to include times,
25 places, persons and the content of the allegedly fraudulent statements do not comply
26 with Rule 9(b).  *Id*. at 634.
27 Having alleged fraudulent billing against the counter-defendants, counter-
28 claimant cannot now escape affirmatively alleging the particular facts supporting

1  that generalized claim.  It must identify the entries that are fraudulent, why they are
2  fraudulent, when they were made, and who made them.  The Counterclaim fails in
3  doing so.
4      Having failed to satisfy the standards for pleading fraud under Rule 9(b), the
5  counter-claimant erroneously contends that fraud claims may rest on nothing more
6  than information and belief.  (Opp. at p. 7.)  Fraud cannot be pled upon information
7  and belief unless the allegations contain a statement of facts on which the belief is
8  founded.  *Shroyer v. New Cingular Wireless Services, Inc*., 622 F.3d 1035, 1042
9  (9th Cir. 2010).  To allege a claim of fraud on information and belief, the counter-
10  claimant must allege: (1) the necessary information lies within defendant's control;
11  and (2) include a statement of the facts upon which plaintiff's information and belief
12  is based.  *State of California v. Walgreen Corp., supra,* at 635.
13      Not only does the Counterclaim fail to satisfy the limited exception to
14  pleading on information and belief, but it does not allege any fraudulent conduct
15  supporting such allegations.  Paragraphs 6 through 8 of the Counterclaim, for
16  example, fail to identify fraudulent behavior.
17      The counter-claimant insinuates, without support, that unidentified
18  information lies solely in possession of the counter-defendants.  (Opp. at p. 8.)
19  However, counter-claimant ignores its own pleading in which it alleges that it
20  conducted audits of law firm bills and outside vendor invoices and further, that it
21  has reviewed numerous billing entries.  (*See,* Counterclaim at ¶10-11.)
22  Additionally, counter-claimant has admitted receiving monthly statements and
23  forecasts of fees, charges and expenses.  (*See*, Answer at ¶13; Docket #14.)  These
24  pleading admissions foreclose the argument that it lacks sufficient information to
25  plead with specificity.  The monthly billing invoices and the hundreds of vendor
26  invoices in its possession give it ready access to the details.  By possessing this
27  information and refusing to demonstrate how it may amend the Counterclaim,
28  counter-claimant has demonstrated that the Counterclaim must be dismissed.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1046744.1 05809-125

The Counterclaim contains scandalous allegations that subject counter-defendants to ridicule and reproach without any facts.  The more despicable the contention, the less detail was provided by the counter-claimant.  This is the very type of pleading which Rule 9(b) is designed to prevent.

### III.     CONCLUSION

Simply put, counter-claimant had an option to act responsibly and pay the attorneys' fees and third party vendor costs incurred upon its behalf in a multitude of litigation.

Counter-claimant could have done the right thing and simply paid or otherwise negotiated payment to third parties who most certainly provided extensive services on its behalf.  As counter-claimant's opposition so ably demonstrates, once again it has taken the wrong road.  It unfortunately is left to this Honorable Court to do the right thing and dismiss the Counterclaim against the counter-defendants.

DATED: February 15, 2013         ANDERSON, McPHARLIN & CONNERS LLP

By: /s/ Joseph P. Tabrisky
Thomas J. Kearney
Joseph P. Tabrisky
Attorneys for Counter-Defendant ADLI LAW GROUP and DARIUSH G. ADLI

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA  90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1046744.1 05809-125

6
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM