1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Daniel D. Harshman, Esq. [SBN 177139]
daniel.harshman@adlilaw.com
ADLI LAW GROUP P.C.
633 West Fifth Street, Suite 6900
Los Angeles, CA  90071
Tel: 213.623.6546
Fax: 213.623.6554

Attorney for Counter-Defendant
ADLI LAW GROUP

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADLI LAW GROUP P.C., a California Professional Corporation,<br><br>                 Plaintiff,<br><br>          vs.<br><br>KANEKA CORPORATION, a Japanese Corporation; and  KANEKA NORTH AMERICA LLC, a Texas Limited Liability Company,<br><br>                 Defendants. | Case No.: CV12-07377-GW(RZx)<br><br>DEFENDANT HACHEM-SAWAYA'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS<br><br>F.R.C.P. 9(b) & 12(b)(6) |
| KANEKA CORPORATION, a Japanese Corporation,<br><br>                 Counter-Claimant,<br><br>          vs.<br><br>ADLI LAW GROUP, a California Corporation; DARIUSH G. ADLI, an individual; and NICOLETTE HACHEM-SAWAYA, an individual,<br><br>                 Counter-Defendants. | Date:   February 21, 2013<br>Time:  8:30 a.m.<br>Ctrm:  10-Spring St.<br>Judge:  Hon. George H. Wu |

# TABLE OF CONTENTS

I.    FAILURE TO ALLEGE FACTS ESTABLISHING A FIDUCIARY DUTY .......1

II.   FAILURE TO PLEAD A CLAIM FOR FRAUDULENT CONCEALMENT ......4

      A.   Liability of "Directors And Officers" For Corporate Torts..........................5

III.  FAILURE TO PLEAD WITH PARTICULARITY UNDER RULE 9(B).............6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal,* 566 U.S. 662 (2009)...............................................................2

*Beltrame v. JPMorgan Chase Bank*, 2011 U.S. Dist. LEXIS 13091 (S.D. Calif. 2011) ...............................................................................................................7

*Berg & Berg Enterprises LLC v. Boyle*, (2009) 178 Cal. App. 4th 1020.......................3

*Frances T. v. Village Green Owners Assoc.*, (1986) 42 Cal. 3d 490 .......................3, 5

*Gutierrez v. Girardi*, (2011) 194 Cal. App. 4th 925..........................................1

*Moore v. Kayport Package Express, Inc*, 885 F.2d 531 (9th Cir. 1989)...................6, 7

*Pittelman v. Pearce*, (1992) 6 Cal. App. 4th 1436 ..............................................3

*Seagate Technology v. A.J. Kogyo Co., Ltd.*, (1990) 219 Cal. App. 3d 696 ..............3, 5

*Shroyer v. New Cingular Wireless Services, Inc*., 622 F.3d 1035 (9th Cir. 2010).........8

*State of California v. Walgreen Corp.*, 175 F.R.D. 631 (N.D. Calif, 1997) ............7, 8

*Vess v. Ciba-Geigy Corp USA*, 317 F.3d 1097 (9th Cir. 2003)......................................6

## Statutes

Calif. Bus. & Prof. Code §6161...............................................................2

Calif. Bus. & Prof. Code §6165...............................................................2

Calif. Corp. Code § 164 .......................................................................1

Calif. Corp. Code § 301 .......................................................................1

Calif. Corp. Code § 309 .......................................................................2

ARGUMENT

I.   <u>Failure to Allege Facts Establishing A Fiduciary Duty</u>

The sole basis for fiduciary duty alleged in the counter-claim was the attorney-client relationship. [counterclaim at ¶21].  That being so, KANEKA's admission that SAWAYA is a **<u>non-lawyer</u>** destroys the fiduciary claim against her.  KANEKA never claimed that it hired SAWAYA directly or contracted with her in any way.  Consequently, there is **<u>no</u>** relationship of any kind between KANEKA and SAWAYA.  Since breach of a fiduciary duty requires the existence of a fiduciary relationship, *Gutierrez v. Girardi*, (2011) 194 Cal. App. 4th 925, 932, the absence of any relationship forecloses the claim asserted.  Under the facts pled – or under any facts that could be pled – KANEKA has no claim against SAWAYA for breach of fiduciary duty.  No amendment can cure this defect.

The remainder of KANEKA's brief attempts to justify treating non-lawyers as though they owed the same fiduciary duties as attorneys.  There is no legal authority to do so and no amount of contorted reasoning can produce that result.  KANEKA suggests, for example, that the word "director" in SAWAYA's title as "director of operations" transforms her into a member of the law firm's board of directors.  As Yogi Berra might say "that don't make good nonsense."  It was not pled and even if it had been pled, it would be wholly ineffective to create a fiduciary duty.  There is a vast difference between a member of a corporation's board of directors and someone given the title "director of operators."  Office titles using the word "director" are ubitquitous.  However, not every "marketing director," "human resource director" "director of business development" or "executive director" is automatically a board member.  Natural persons serving on the board of directors of a corporation are referred to as "directors."  Calif. Corp. Code § 164.  By law, directors are either elected or appointed.  Calif. Corp. Code § 301.  Neither the Corporations Code, nor any other law elevates

DEFENDANT HACHEM-SAWAYA'S REPLY MEMORANDUM
IN FURTHER SUPPORT OF MOTION TO DISMISS

employees to the board of directors because the word "director" appears in their title. SAWAYA has never been a director of the professional corporation known as Adli Law Group, P.C., nor was she alleged to have been a member.  Use of the word "director" in her title does not create fiduciary duties, nor grant her legal status as a member of the board of directors. [1]

California statute requires that all directors of a professional law corporation be licensed attorneys.  Calif. Bus. & Prof. Code §6165.  Professional corporations are required to supply the State Bar with the firm's by-laws, articles of incorporation and the names of its directors and shareholders.  Calif. Bus. & Prof. Code §6161.  Only after the State Bar determines that all persons are properly licensed will it issue a certificate of registration.  *Id.*  Since she is not a licensed attorney, SAWAYA could not serve as board member of a professional corporation.  While a court reviewing a motion to dismiss must draw all reasonable inferences in plaintiff's favor, the key word here is "reasonable."  The court cannot infer that everyone – including the State Bar of California – conspired to allow SAWAYA to become a director based upon the innocuous use of this word in her job title.  The inference attempted draw does not pass muster under the "facial plausibility" standard set forth in *Ashcroft v. Iqbal,* 566 U.S. 662, 663 (2009).

Further, even if we were as gullible as KANEKA supposes, a putative role a director does not save the breach of fiduciary duty claim.  Even if she were a director, SAWAYA remains a non-lawyer.  As a non-lawyer, she owes no fiduciary duties to the corporation's clients.  As a non-lawyer director, her fiduciary duty would be owed to the corporation and its shareholders.  Calif. Corp. Code § 309; *Berg & Berg*

---

[1] KANEKA suggests that SAWAYA's declaration in a related case is inconsistent with her motion to dismiss.  That is simply not so.  The declaration identifies her title and describes her role handling accounting and accounts receivable.  Nothing in the declaration identifies her as a corporate director.

DEFENDANT HACHEM-SAWAYA'S REPLY MEMORANDUM
IN FURTHER SUPPORT OF MOTION TO DISMISS

*Enterprises LLC v. Boyle*, (2009) 178 Cal. App. 4th 1020, 1037.  Non-lawyer directors do not owe fiduciary duties to outsiders or third parties.  For instance, directors do not owe fiduciary duties to bondholder or creditors.  *Pittelman v. Pearce*, (1992) 6 Cal. App. 4th 1436, 1443.  KANEKA did not claim to be a shareholder in Adli Law Group. Accordingly, even if she were a non-lawyer, director of the corporation, SAWAYA could not owe fiduciary duties to KANEKA.  Hence, there is no factual basis for the breach of fiduciary duty claim.

Finally, KANEKA suggests that officers of a corporation can be liable for torts in which they participate.  [Opposition at p. 8].  While true in the abstract, that legal principle has no application to the breach of fiduciary duty claim.  The counter-claim does not describe personal conduct by SAWAYA, let alone portray her personal participation in a tort against KANEKA.  There is simply nothing to justify her personal liability for acts of the corporate entity.  Moreover, the liability of a corporate officer is not based upon fiduciary duties.  An officer or director will not be liable for torts in which he does not personally participate, of which he has no knowledge or to which he has not consented.  *Seagate Technology v. A.J. Kogyo Co., Ltd.*, (1990) 219 Cal. App. 3d 696, 701.  A corporate officer or director's liability arises solely from his personal tortious conduct, not from his status as director or officer of the enterprise. *Frances T. v. Village Green Owners Assoc.*, (1986) 42 Cal. 3d 490, 580.  In other words, liability under this theory has nothing to do with the fiduciary duty alleged in Count One.  Even assuming there were facts alleging showing SAWAYA's personal conduct in tortious behavior (which there is none), this theory cannot remedy the defects in the breach of fiduciary duty claim.

KANEKA has offered no factual or legal theory in support of the breach of fiduciary duty asserted against SAWAYA in Count One of the counter-claim.  There are no facts showing a relationship between SAWAYA and KANKEA, let alone a

fiduciary relationship.  Since she owes no fiduciary duty to KANEKA, SAWAYA
cannot be sued for breach of fiduciary duty.

II.    Failure to Plead A Claim For Fraudulent Concealment

SAWAYA moved to dismiss the concealment claim because she had no duty to
disclose facts to a corporation with whom she had no personal or individual
relationship.  [Opening Brief at p. 6;10-19].  SAWAYA also moved to dismiss because
KANEKA did not claim to rely upon anything she had done.  [Opening Brief at p. 7;6-
11].  KANEKA's Opposition was silent on these points.  It neither pointed to facts in
its current pleading that satisfied these missing elements, nor did it offer to supply
them by amendment.  Nothing is said of why she would have an affirmative duty to
disclose facts to KANEKA.  Nothing suggested that KANEKA would have acted
differently.  The most KANEKA could do was argue in conclusory fashion that the
absence of facts "does not absolve her from individual liability for ALG's wrongful
conduct."  [Opposition at p. 12:3-4].  On this point, KANEKA is wrong.  The absence
of facts to support a cause of action means the claim must be dismissed.  Conclusory
statements are not substitutes for missing facts.

KANEKA also confuses abstract causes of action with its counter-claim in this
case.  There are no facts to support a claim for fraudulent concealment against
SAWAYA.  That remains true if even the law, in the abstract, recognizes a cause of
action against directors for torts they commit on behalf of the corporation.  Those are
two distinct causes of action with different elements.  The absence of facts to support a
concealment claim is not cured by the possibility that different causes of action might
be justified *if* other facts existed.  To respond to a Rule 12(b)(6) claim, KANEKA must
point to facts supporting the present complaint.  It has not and cannot do so.

A.    _Liability of "Directors And Officers" For Corporate Torts_

KANEKA refers to _Frances T. v. Village Green Owners Assoc., supra_., suggesting that it has or could assert a claim against SAWAYA as an officer of Adli Law Group.   KANEKA theorizes SAWAYA can be individually liable for the law firm's putative torts based upon this legal theory. [Opposition at p. 8-9].  KANEKA has it backwards.  Even if she were an officer or director of ADLI LAW, SAWAYA could not be vicariously liable for ADLI LAW's torts.  Corporate officers or directors cannot be vicariously liable for the torts of the corporation.  _Frances T. v. Village Green Owners Assoc., supra_. at 580.  To make a claim against an individual as an officer or director, a plaintiff must show that the officer or director himself engaged in tortious conduct.  _Id_.  This requires the officer's personal participation in the tort or consent to the tortious act.  _Seagate Technology v. A.J. Kogyo Co., Ltd., supra_.  There is no authority holding that SAWAYA may be liable for torts of a corporation solely because she is or was a putative officer in the enterprise.  While KANEKA suggests paragraph 22 of the counter-claim identifies conduct by SAWAYA, that paragraph does not even mention SAWAYA's name, let alone attribute conduct to her.  On the contrary, paragraph 22 relates to "fiduciary duties" for licensed attorneys.  [see, counter-claim ¶21].  Since SAWAYA is not an attorney, paragraph 22 cannot be referring to her in any manner.

To support a tort claim against a putative corporate officer, KANEKA must make _specific_ allegations identifying her _personal_ participation.  It has not and cannot do so.  Further, as noted below, since we are talking about a fraudulent concealment claim, KANEKA must plead her personal participation _with particularity_.  It has not done so.  Consequently, the counterclaim failed to state a claim against SAWAYA for fraudulent concealment.

DEFENDANT HACHEM-SAWAYA'S REPLY MEMORANDUM
IN FURTHER SUPPORT OF MOTION TO DISMISS

III.    Failure to Plead with Particularity Under Rule 9(b)

"Particularity" means something different to Kaneka Corporation than it does to the rest of us.  The case law mandates that fraud must be pled with "particularity" to include the "who, what, when, where and how" details underlying the alleged fraudulent activity.  *Vess v. Ciba-Geigy Corp USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  To most of us, when we are asked "who," we understand that we must respond by naming a person.  If asked "when," we understand that we must provide a specific date or time.  If asked to explain "how," we recognize that we must provide an explanation of the facts.  These are concepts a child can grasp, but they nevertheless elude KANEKA.  For example, which time entries does KANEKA contend are "fraudulent?"  [counter-claim at ¶22.1].  When were those time entries billed?  Which attorney does it claim submitted them?  What facts make the time entries fraudulent?  What time entries have inadequate descriptions? [counter-claim at ¶22.1].  When did Dr. Adli bill over 5,000 hours? [counter-claim at ¶10.1].  What time entries add up to 5,000 hours?  When was Kaneka billed for wine?  [Opposition at p. 2:1-3]  Which vendor costs were double billed?  When were vendor costs double billed? [counter-claim at ¶10.6].  The counter-claim is devoid of these details or of any details.  It does not describe a single time entry, invoice or vendor cost.  The counter-claim is insufficient as a matter of law to state a claim for fraudulent concealment.

KANEKA relies on *Moore v. Kayport Package Express, Inc*, 885 F.2d 531 (9th Cir. 1989) to suggest that its pleading is adequate, [Opposition at p. 6;18-20], but KANEKA misreads and misapplies *Moore*.  In that case, the Ninth Circuit affirmed the <u>dismissal</u> of a complaint under Rule 9(b) because plaintiff alleged fraud based on information and belief and failed to attribute particular fraudulent statements or acts to the individual defendants.  *Id*. 540.  The complaint was deficient because it did not specify which plaintiff received a prospectus, which plaintiff made purchases through

a particular defendant or which securities the plaintiffs allegedly purchased.  *Id*.  Just like *Moore*, KANEKA's pleading fails to identify which time entries are questioned, who made them and why they are "fraudulent" or "improper."  Far from supporting KANEKA's exiguous pleading, *Moore* requires its dismissal.

In *Beltrame v. JPMorgan Chase Bank*, 2011 U.S. Dist. LEXIS 13091 (S.D. Calif. 2011), the court dismissed a complaint under Rule 9(b) because it offered so few facts about billing statements that defendant could not determine which billing statement included misrepresentations or when they were sent.  That is precisely the defect here.  For the same reason that the motion to was granted in *Beltrame*, it should be granted here.

Another case that confirms KANEKA's counter-claim falls below the mandatory pleading standards is *State of California v. Walgreen Corp*., 175 F.R.D. 631 (N.D. Calif, 1997).  There, the plaintiff alleged that Walgreens had submitted fraudulent claims for reimbursement of prescription drugs.  *Id*. at 633.  The complaint was deficient under Rule 9(b) because it failed to identify any particular prescription that was "short filled," any pharmacy or pharmacist that engaged in the practice or any Walgreen customer who received a deficient prescription.  *Id*.  Conclusory or generalized allegations that fail to include times, places, persons and the content of the allegedly fraudulent statements do not comply with Rule 9(b).  *Id*. at 634.  Having accused counter-defendants of fraudulent billing, KANEKA must identify the entries that are fraudulent, why they are fraudulent, when they were made and who made them.  Measured by the relevant yardstick, KANEKA's counter-claim does not meet the heightened pleading standard of Rule 9(b).

KANEKA erroneously states that fraud claims may rest on nothing more than information and belief.  [Opposition at p. 7;14 -8:1].  That is not so.  Fraud cannot be pled upon information and belief unless the averments contain a statement of facts on

which the belief is founded. *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1042 (9th Cir. 2010).  To base a fraud claim on information and belief, plaintiff must allege (1) the necessary information lies within defendant's control and (2) include a statement of the facts upon which plaintiff's information and belief is based. *State of California v. Walgreen Corp, supra* at 635.  Even if information and belief was sufficient (which it is not), paragraphs six through eight of the counter-claim (cited by KANEKA) fail to identify fraudulent behavior and fail to connect SAWAYA to anything in particular.  Boilerplate averments of alter ego do not meet the heightened pleading requirements for fraud.

KANEKA halfheartedly tries to excuse its defective pleading by insinuating that unidentified information lies solely in possession of counter-defendants.  [Opposition at p. 8;9-12].  Of course, that flies in the face of KANEKA's pleading admissions. KANEKA averred that it conducted "audits" of law firm bills and outside vendor invoices and further, that it has reviewed numerous billing entries. [counter-claim at ¶10-11].  When answering the original complaint in this case, KANEKA admitted receiving monthly statements and forecasts of fees, charges and expenses. [see, KANEKA Answer at ¶13; Docket #14].  These pleading admissions foreclose the argument that it lacks sufficient information to plead with specificity.  The monthly billing invoices and the hundreds of vendor invoices in its possession give it ready access to the details.  KANEKA has an abundance of detail.  What it lacks is a cause of action.

This is a textbook case for Rule 9(b).  The counter-claim contains scandalous allegations that subject counter-defendants to ridicule and reproach without any facts to allow the reader to judge the claim.  The more despicable the contention, the less detail was provided in the pleading.  The absence of facts and the indefinite, conclusory and abstract allegations prevent SAWAYA from identifying the claim,

investigating its truthfulness or refuting the baseless allegations.  We do not know what she did, how KANEKA relied on anything she did or how KANEKA may amend the counter-claim to justify her presence in the case.

CONCLUSION

KANEKA has no facts establishing any relationship with SAWAYA, let alone a fiduciary relation.  It has averred no facts showing that SAWAYA personally committed any tort against it at any time.  The counter-claims against SAWAYA fail to state a claim upon which relief can be granted under Rule 12(b)(6).  The counter-claim alleging fraudulent concealment does not meet the heightened pleading standard of Rule 9(b) and must be dismissed.

Dated:  February 15, 2013          Respectfully submitted,

                                   ADLI LAW GROUP, P.C.

                                   By:  /s/ Daniel D. Harshman

                                   Daniel D. Harshman, Esq.
                                   Counsel for Defendant,
                                   Nicolette Hachem-Sawaya

**PROOF OF SERVICE**

Re:  Adli Law Group PC v Kaneka Corporation, et al. Case No.  CV12-07377-GW-(RZx)

I, the undersigned, declare that I am, and was at the time of service of the papers herein referred to, over the age of eighteen years, and not a party to the action; and I am employed in the County of Los Angeles, California in which county the within-mentioned mailing occurred.  My business address is 633 W. 5th Street, Suite 6900, Los Angeles, California 90071.

I served the following document:

**DEFENDANT HACHEM-SAWAYA'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS**

[X]  BY E-MAIL OR ELECTRONIC TRANSMISSION:  Pursuant to Local Rule 5-3.3, service of the foregoing document was made by electronic service pursuant to the CM/ECF System to the following counsel of record who are registered users of the CM/ECF System.

| | |
|---|---|
| William F. Sondericker<br>sondericker@clm.com<br>Victor Light George<br>vgeorge@vgeorgelaw.com<br>Wayne C. Smith<br>wsmith@vgeorgelaw.com | Counsel for Kaneka Corporation |
| Thomas J. Kearney<br>tjk@amclaw.com<br>Joseph P. Tabrisky<br>jpt@amclaw.com | Counsel for Counter-Defendant Adli Law Group |

I hereby certify under the penalty of perjury that the foregoing is true and correct. Executed on Friday, February 15, 2013, at Los Angeles, California.

_____/s/Bridgette Lancaster_____

Bridgette Lancaster