1 **GREENBERG TRAURIG, LLP**
FRANK E. MERIDETH, JR. (SBN 46266)
2 1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
3 MeridethF@gtlaw.com
Tel: 310-586-7700; Fax: 310-586-7800
4 Attorneys for Plaintiff in Intervention HC2, Inc.

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

10

11

| | |
|---|---|
| ADLI LAW GROUP, a California Corporation, | CASE NO. CV 12-07377 GW (RZx) |
| Plaintiffs, | [Assigned to Hon. George H. Wu] |
| vs. | **OPPOSITION OF PLAINTIFF IN INTERVENTION HC2, INC TO KANEKA CORPORATION AND KANEKA NORTH AMERICA LLC'S MOTION TO DISMISS COMPLAINT** |
| KANEKA CORPORATION, a Japanese Corporation; and KANEKA NORTH AMERICA LLC, a Texas Limited Liability Company, | |
| Defendants. | |
| AND RELATED CROSS-ACTIONS | |
| HC2, INC., a Washington, DC Corporation, | Date: May 2, 2013<br>Time: 8:30 a.m.<br>Crtrm: 10 |
| Plaintiff-Intervenor, | |
| v. | Complaint Filed: August 8, 2012<br>Counterclaim Filed: November 2, 2012<br>Trial Date: December 10, 2013 |
| ADLI LAW GROUP, a California Corporation, KANEKA CORPORATION, a Japanese Corporation and KANEKA NORTH AMERICA, LLC, a Texas Limited Liability Company, | |
| Defendants-Intervention. | |

## **TABLE OF CONTENTS**

INTRODUCTION ..............................................................................................................1

ARGUMENT ....................................................................................................................2

    1.    Hire Counsel's Complaint meets the Twombly Standard.............................2

    2.    The Complaint alleges that Kaneka and Kaneka NA were Parties to the Services Agreement.................................................................................4

    3.    The Fact that Kaneka NA was formed in February 2012, is not Dispositive....................................................................................................5

    4.    The Quantum Meruit Claim Made In The Alternative Is Viable Because Kaneka And Kaneka NA Contend That They Are Not Parties To The Agreement..........................................................................................5

    5.    The Venue Provision Was Argued In The Opposition To The Motion To Intervene And The Ruling On That Issue Is The Law Of The Case .......6

CONCLUSION..................................................................................................................7

i

OPPOSITION OF PLAINTIFF IN INTERVENTION HC2, INC TO KANEKA CORPORATION AND KANEKA NORTH AMERICA LLC'S MOTION TO DISMISS COMPLAINT

# TABLE OF AUTHORITIES

**Federal Cases**

*Ashcroft v. Iqbal*,
    129 S.Ct. 1937 (2009).................................................................................2

*Bell Atl. v. Twombly*,
    550 U.S. 544 (2007)...................................................................................2

*Britton v. Co-op Banking Group*,
    4 F.3d 742 (1993).......................................................................................4

*Turner v. Thorworks*,
    2006 WL 829142 (E.D. Cal 2006).............................................................4

**State Cases**

*Corporate Nations Realty Inc. v. Laboratory Corporation of America, Inc.*,
    2008 WL 2597970 .....................................................................................4

*Henry v. Associated Indem. Corp.*,
    217 Cal.App.3d 1405 (1990) .....................................................................4

*Stark v. Fry*,
    517 N.Y.S. 2d 643 (1967)..........................................................................1

# INTRODUCTION

Kaneka Corporation ("Kaneka") and Kaneka North America LLC ("Kaneka NA") make five unmeritorious arguments in support of their Motion to Dismiss HC2, Inc.'s ("Hire Counsel") Complaint in Intervention.

First, Kaneka and Kaneka NA trot out the argument that appears in every filing they have made in this case about how they were abused at the hands of their attorney, Adli Law Group ("Adli"). This lament is irrelevant to Hire Counsel's Complaint in Intervention since there is no contention by Kaneka, Kaneka NA or Adli that Hire Counsel's unpaid invoices were inflated, inaccurate or otherwise inappropriate or that it abused Kaneka or Kaneka NA in any way. However, this argument does raise an important question: why are Kaneka and Kaneka NA so concerned about the "shocking charge [by Adli] of $9.5 million in claimed services from outside vendors" if they truly believe that they are not legally responsible for any of those costs?

Second, Kaneka and Kaneka NA argue that as "non-signatories to the Master Services Agreement" they are not liable as a matter of law for the $970,498.80 unpaid invoices due to Hire Counsel. This argument fails because it ignores two well established legal principles: (a) an agent may be authorized to enter into a contract for a principal [Restatement of the Law Second Agency Section 17; Williston on Contracts Fourth Edition Section 35:1] and (b) whether an agent had actual or apparent authority to contract is an issue of fact [*Stark v. Fry*, 517 N.Y.S. 2d 643 (1967).]

Third, Kaneka NA argues that because it was not formed until February 2013, it cannot be liable under a contract theory for the unpaid Hire Counsel fees. This argument ignores that Kaneka NA is the successor in interest to Kaneka Texas Corporation that did business in the United States as a Kaneka subsidiary since the 1980's and that Kaneka NA is the named plaintiff in at least one of the ITC actions for which Hire Counsel performed document review.

1

Fourth, Kaneka and Kaneka NA argue that since the Second Claim in the Complaint in Intervention is for breach of an express contract, to which they say that they are not parties, they are cannot liable for the common count alleged in the Third Claim. Such a quantum meruit claim is commonly pleaded in the alternative where a defendant disputes the validity of the contract pursuant to which services were rendered for the defendants' benefit. That is the case here.

Finally, Kaneka and Kaneka NA make the same argument about the mandatory venue provision in the contract, to which they claim to be non-parties, as they made in opposition to the Motion to Intervene. This argument was rejected by the Court and that ruling is the law of the case.

## ARGUMENT

1.  <u>Hire Counsel's Complaint meets the Twombly Standard</u>.

A Court may grant a dismissal only when accepting the well-pled allegations as true Plaintiff is unable to state enough facts to establish a plausible entitlement to relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007).

Here Hire Counsel has alleged:

(a) Hire Counsel is a legal staffing firm that provides temporary attorneys, paralegals and other legal professionals to law firms and corporations. [¶ 8]

(b) Kaneka is a Japanese corporation with operations and subsidiaries in the United States including Kaneka NA and is a sophisticated consumer of legal services. [¶ 9]

(c) Kaneka and Kaneka NA knew that Adli was hiring temporary legal services to handle document review for Kaneka and Kaneka NA's patent cases in the United States. [¶ 10]

(d) Kaneka and Kaneka NA authorized Adli to engage temporary firms, including hire Counsel, and they knew that they ultimately would be responsible for Hire Counsel's fees. [¶ 11]

2

  (e) Adli entered into the services agreement with the knowledge and consent of Kaneka and Kaneka NA.  [¶ 12]

  (f) Kaneka and Kaneka NA knew that during the period from November 2011 through May 2012 that Hire Counsel was providing legal professionals to perform services for their benefit.  [¶ 15]

  (g) Kaneka and Kaneka NA do not dispute that the services described in Hire Counsel's unpaid invoices in the amount of $970,498.80 were rendered by Hire counsel and the charges were reasonable.  However, they argue that Adli is ultimately responsible for the charges.

  (h) Adli contends that it was acting as the disclosed agent of Kaneka and Kaneka NA and that both those companies agreed to be responsible for paying for Hire Counsel's services.  [¶ 27]

  (i) Kaneka and Kaneka NA entered into the Services Agreement through their agent Adli.  [¶ 28]

  (j) When Adli submitted Service Orders it was acting as the agent of Kaneka and Kaneka NA.  [¶ 29]

  (k) Kaneka and Kaneka NA knew that services were being rendered by Hire Counsel on their patent cases and they accepted the benefit of those services in order to satisfy their legal obligations in the patent litigation.

The Court must accept these facts as true for purposes of the Motion to Dismiss. *Bell Atl. Supra* at 555.

  2. <u>The Complaint alleges that Kaneka and Kaneka NA were Parties to the Services Agreement</u>.

The general rule argued by Kaneka and Kaneka NA, that non-signatories to a contract cannot be liable for breach of contract, begs the question. Because, as noted above, the Hire Counsel Complaint alleges a plausible claim that Kaneka and Kaneka NA were parties to the Services Agreement based on Adli's sworn statement that he acted as their disclosed agent, that Kaneka and Kaneka NA intended that Adli retain temporary

3

OPPOSITION OF PLAINTIFF IN INTERVENTION HC2, INC TO KANEKA CORPORATION AND KANEKA NORTH AMERICA LLC'S MOTION TO DISMISS COMPLAINT

lawyers and paralegals for document review for their pending patent cases, that Kaneka and Kaneka NA knew they ultimately were responsible for Hire Counsel's charges, and that Kaneka and Kaneka NA breached that agreement by refusing to pay for Hire Counsel's services.

The cases cited by Kaneka and Kaneka NA are inapposite. *Britton v. Co-op Banking Group*, 4 F.3d 742 (1993) is an arbitration case in which the key question was whether the moving party had a right to arbitration since none of the claims in the complaint in that case sought to impose liability based on the contract containing the arbitration clause. *Id*. at 747. *Turner v. Thorworks*, 2006 WL 829142 (E.D. Cal 2006), also an arbitration case, holds, after stating the general rule upon which Kaneka and Kaneka NA espouse, holds that "contractual terms may extend to non-signatories according to the following theories …3) agency." *Henry v. Associated Indem. Corp.*, 217 Cal.App.3d 1405 (1990), is an insurance bad faith case. There the Court held that the insured did not have a contract with an adjuster retained by the insurer and therefore could not bring an action for breach of the covenant of good faith and fair dealing. The final case on this subject cited by Kaneka and Kaneka NA, *Corporate Nations Realty Inc. v. Laboratory Corporation of America, Inc.*, 2008 WL 2597970, is an unpublished New York state trial court decision which stands for the not surprising proposition that real estate brokers cannot collect a real estate commission from the lessor when the lease expressly provides that the payment of commissions is the obligation of the tenant.

None of these authorities are contrary to the basic legal principle stated in the myriad of cases cited in the Restatement of Agency and Williston that a party can be bound to a contract entered into by its agent.

3.  <u>The Fact that Kaneka NA was formed in February 2012, is not Dispositive</u>.

Kaneka NA is the successor in interest to Kaneka Texas Corporation.  This fact should not come as a surprise to counsel for Kaneka since William Sondericker, one of Kaneka's counsel, was the Organizer of the LLC.  Moreover, the LLC operates from the same address in Pasadena, Texas and has the same managers as Kaneka Texas

4

Corporation, including Kazuniko Fugjii. Finally, it is alleged in the main action that Kaneka NA was an owner of at least one of the patents in one of the ITC proceedings for which Hire Counsel performed services.

    4.   <u>The Quantum Meruit Claim Made In The Alternative Is Viable Because Kaneka And Kaneka NA Contend That They Are Not Parties To The Agreement</u>.

Kaneka and Kaneka NA argue that an action for quantum meruit will not lie if performance is the subject of an express contract. The problem with this argument is the Kaneka and Kaneka NA contend that they are not parties to the Services Agreement. Respectfully, they cannot have it both ways. Eventually, the Court or Jury will determine whether Kaneka and Kaneka America are parties to the express agreement or not. If they are parties, then the quantum meruit claim is not applicable. If they are not parties, then it is. But this decision cannot be made on a Motion to Dismiss when facts supporting both alternative claims are pleaded.

    5.   <u>The Venue Provision Was Argued In The Opposition To The Motion To Intervene And The Ruling On That Issue Is The Law Of The Case</u>.

The same mandatory venue argument made in the Motion to Dismiss was made by Kaneka and Kaneka NA to the Motion to Intervene. The Court denied it in connection with the Motion to Intervene, and also should here with respect to the Motion to Dismiss. See Ruling on Hire Counsel to Intervene, footnote 5.

In addition to that ruling, in this case Kaneka and Kaneka NA claim that they are not parties to the Services Agreement which contains the mandatory venue provision. They cannot have it both ways, *i.e.*, either they are not parties to the agreement and not bound by its terms or they are entitled to enforce its terms. But, in any event, in this instance, Adli, Kaneka and Kaneka NA chose to litigate in California, where they agree venue lies. The Court has ruled intervention in the action by Hire Counsel is proper, notwithstanding the New York venue provisions, and so the matter should proceed as ordered.

OPPOSITION OF PLAINTIFF IN INTERVENTION HC2, INC TO KANEKA CORPORATION AND KANEKA NORTH AMERICA LLC'S MOTION TO DISMISS COMPLAINT

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss should be denied.

Dated: April 11, 2013                GREENBERG TRAURIG, LLP


By: //s// Frank E. Merideth, Jr.
Frank E. Merideth, Jr.
Attorneys for HC2, INC.
Plaintiff in Intervention
HC2, Inc.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **1840 Century Park East, Suite 1900, CA 90067.**

On the date given below, I served the **OPPOSITION OF PLAINTIFF IN INTERVENTION HC2, INC TO KANEKA CORPORATION AND KANEKA NORTH AMERICA LLC'S MOTION TO DISMISS COMPLAINT** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **(BY FIRST CLASS MAIL)**
I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Santa Monica, California, in the ordinary course of such business.

☒ **(BY CM/ECF)**
Pursuant to CM/ECF System, registration as a CM/ECF user constitutes service through the Court's transmission facilities. The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.

☒ **(BY E-MAIL)**
Based on court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 11, 2013, at Los Angeles, California.

_____
CHERYL D. BEATTY

NY 242738458v1

1

## SERVICE LIST

| | |
|---|---|
| Almuhtada Smith, Esq.<br>Daniel D. Harshman, Esq.<br>Dariush G. Adli, Esq.<br>Rasheed McWilliams, Esq.<br>ADLI LAW GROUP PC<br>633 West 5th St, Suite 6900<br>Los Angeles, CA  90071<br>Tel:  (213) 623-6546<br>daniel.harshman@adlilaw.com<br>adli@adlilaw.com<br>rasheed.mcwilliams@adlilaw.com | Thomas J. Kearny, Esq.<br>ANDERSON MCPHARLIN & CONNERS LLP<br>444 S. Flower St., 21st Fl.<br>Los Angeles, CA  90071-2901<br>Tel:  (213) 236-1623 * Fax: (213) 622-7594<br>tjk@amclaw.com |
| Victor L. George, Esq.<br>Wayne C. Smith, Esq.<br>LAW OFFICES OF VICTOR L. GEORGE<br>20355 Hawthorne Blvd., 1st Fl.<br>Torrance, CA  90503<br>vgeorge@vgeorgelaw.com<br>wsmith@vgeorgelaw.com<br>Tel:  310-698-0990<br>Fax:  310-698-0995 | William F. Sondricker, Esq.<br>CARTER LEDYARD & MILBURN LLP<br>2 Wall St.<br>New York, NY  10005-2072<br>Tel: (212) 238-8656 * Fax: (212) 732-3232<br>sondericker@clm.com |
| Joseph P. Tabrisky, Esq.<br>ANDERSON MCPHARLIN & CONNERS LLP<br>444 South Flower Street, 31st Floor<br>Los Angeles, CA 90071<br>Tel:  213-688-0080<br>Fax: 213-622-7594<br>jpt@amclaw.com | |

2

NY 242738458v1