**THOMAS J. KEARNEY** (Bar No. 150202)
  tjk@amclaw.com
**JOSEPH P. TABRISKY** (Bar No. 120749)
  jpt@amclaw.com
**ANDERSON, McPHARLIN & CONNERS LLP**
444 South Flower Street
Thirty-First Floor
Los Angeles, California 90071-2901
TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594

Attorneys for Counter-Defendants ADLI LAW GROUP, a California corporation, and DARIUSH G. ADLI, an individual

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ADLI LAW GROUP, a California Corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>KANEKA CORPORATION, a Japanese Corporation; and KANEKA NORTH AMERICA LLC, a Texas Limited Liability Company,<br><br>        Defendants. | Case No. CV 12-07377 GW (RZx)<br><br>**NOTICE OF MOTION AND MOTION OF COUNTER-DEFENDANTS, ADLI LAW GROUP, P.C. AND DARIUSH G. ADLI TO DISMISS THE FIRST AMENDED COUNTERCLAIM PURSUANT TO FED.R.CIV.P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES** |
| KANEKA CORPORATION, a Japanese Corporation,<br><br>        Counter-Claimant,<br><br>    vs.<br><br>ADLI LAW GROUP, a California Corporation; DARIUSH G. ADLI, an individual; NICOLETTE HACHEM-SAWAYA, an individual,<br><br>        Counter-Defendants. | Date:       June 3, 2013<br>Time:       8:30 a.m.<br>Crtrm.:     10, Courtroom of the<br>                 Honorable George H. Wu<br><br>Trial Date:       December 10, 2013 |

/ / /

/ / /

/ / /

1064534.1 05809-125

**TO DEFENDANT/COUNTER-CLAIMANT KANEKA CORPORATION, AND COUNTER-DEFENDANT NICOLETTE HACHEM-SAWAYA AND THEIR COUNSELS OF RECORD:**

**PLEASE TAKE NOTICE** that on **June 3, 2013**, at 8:30 a.m., or as soon thereafter as counsel may be heard, in Courtroom 10 of the above-captioned Court, located at 312 North Spring Street, Los Angeles, California 90012, Counter-Defendants ADLI LAW GROUP, P.C. ("ALG") and DARIUSH G. ADLI ("ADLI") will and hereby do move this Court to dismiss the First Amended Counterclaim against them pursuant to FRCP Rule 12(b)(6) on the grounds that it fails to state facts upon which a claim for relief may be based against the Counter-Defendants.

This Motion is made following the conference of counsel which took place on April 4, 2013.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

DATED: April 15, 2013           ANDERSON, McPHARLIN & CONNERS LLP

By: /s/ Joseph P. Tabrisky
  Thomas J. Kearney
  Joseph P. Tabrisky
Attorneys for Counter-Defendants ADLI LAW GROUP and DARIUSH G. ADLI

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1064534.1 05809-125

ii
MOTION OF COUNTER-DEFENDANTS, ADLI LAW GROUP, P.C. AND DARIUSH ADLI TO DISMISS THE FIRST AMENDED COUNTERCLAIM

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Statement of Facts

Kaneka Corporation ("KANEKA"), hired the intellectual property law firm ALG to represent KANEKA in various patent disputes. (See, First Amended Counterclaim ("FACC") at ¶ 9.) KANEKA and ALG are involved in a dispute over legal fees and alleged malpractice by the law firm. ALG sued KANEKA for approximately $9 million in unpaid legal fees and KANEKA brought a Counterclaim alleging ALG breached its fiduciary duty and committed legal malpractice. The court dismissed the Counterclaim on February 28, 2013.

Ms. SAWAYA is a non-lawyer, employee of ADLI LAW. (FACC at ¶ 4.) With regard to SAWAYA, KANEKA alleged three new allegations:

1) SAWAYA communicated with KANEKA's representatives and received confidential information; (FACC ¶ 4 & 31.)

2) SAWAYA represented *to vendors* that she was the "client supervising attorney" (FACC ¶ 4); and

3) SAWAYA provided KANEKA with litigation budgets and estimates of future costs and fees. (FACC ¶ 4 & 31.)

KANEKA further alleges that ADLI and ALG fraudulently concealed that SAWAYA was a co-founder of ALG and that she allegedly had a fee splitting agreement with ALG. (FACC ¶ 32 and ¶ 33.) KANEKA does not allege how either of these facts are material to its relationship with ALG or, more importantly, how they are material to any of KANEKA complaints against either ALG or ADLI regarding billing or the handling of the two matters before the United States International Trade Commission. KANEKA's First Amended Counterclaim does not allege how the concealment of those facts harmed KANEKA. KANEKA also does not allege that it suffered any damages arising from the supposed concealment of the facts.

/ / /

KANEKA also alleges that ALG's invoices contained numerous errors or improper billing entries on their face. (See, FACC ¶ 12, p. 5- 9.)  Despite a five-page laundry list of billing errors which KANEKA was able to discern and allege with some specificity in the five pages of paragraph 12 of the FACC, KANEKA nonetheless claims that there was concealment of the supposed errors which it has been able to determine from its review of the invoices.

## II. STANDARD FOR GRANTING MOTIONS UNDER FRCP 12(b)(6) AND 12(e)

A Rule 12(b)(6) motion is similar to a common law general demurrer and tests the legal sufficiency of the pleading on its face.  *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980).  Further, as with demurrers, the Court and the parties must accept the allegations of the complaint as true for purposes of this motion.  *Williford v. California,* 352 F.2d 474 (9th Cir. 1965); *McCalden v. California Library Ass'n.*, 955 F.2d 1214 (9th Cir. 1990).

If a cause of action fails to state a claim on which relief may be granted, a party may file a motion to dismiss under FRCP 12(b)(6).  Where it appears from the face of the complaint that it fails to state a claim upon which relief may be granted, a motion to dismiss under FRCP 12(b)(6) will be sustained.  FRCP 12(b)(6); *Cahill v. Liberty Mutual Insurance Company*, 80 F.3d. 336, 338 (9th Cir. 1996); *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1482, 1483 (9th Cir. 1991).

The Court need not accept conclusory allegations, legal characterizations, unreasonable inferences, or unwarranted deductions of fact as true.  *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  As stated in SCHWARZER TASHIMA & WAGSTAFFE *California Practice Guide – Federal Civil Procedure Before Trial* § 8:27a, "bare assertions of legal conclusions may not satisfy plaintiff's obligations to provide fair notice of the claim alleged.  In fact, [c]onclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition."

(citing *DM Research, Inc. v. College of American Pathologists,* 170 F.3d 53, 55 (1st Cir. 1999); *Lee v. City of Los Angeles,* 250 F.3d 668, 679 (9th Cir. 2001).) As the Ninth Circuit has held, a dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 F.2d. 696, 699 (9th Cir. 1990).

Furthermore, if it is clear that the defects cannot be cured, the dismissal should be granted without leave to amend. Although the courts should generally allow one attempt to amend, it appears that such leave is not required where the court determines "… that the pleading could not possibly be cured by the allegation of other facts …" *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995) (discussing the interplay between FRCP 12(b)(6) and FRCP 15(a)).

The Court need not accept as true allegations that contradict facts which may be judicially noticed by the Court. *Von Saher v. Norton Simon Museum of Art at Pasadena,* 578 F.3d 1016, 1021-22 (9th Cir. 2009). The district court is not required to accept as true allegations in an amended complaint that, without explanation, contradict an earlier complaint. The court may strike the changed allegations as "false and sham" and dismiss the complaint for failure to state a claim. *Bradley v. Chiron Corp.,* 136 RF.3d 1317, 1324 (Fed. Cir. 1998); *Ellingson v. Burlington Northern, Inc.,* 653 F.2d 1327, 1329-30 (9th Cir. 1981).

### III. <u>COUNTER-CLAIMANT HAS FAILED TO PROPERLY PLEAD FRAUDULENT CONCEALMENT</u>

"Particularity" under Federal Rule 9(b) is not a difficult concept. The required level of pleading of averments of fraud or fraudulent concealment in the courts with within the Ninth Circuit Court of Appeals is well settled. Fraud must be pled with "particularity" to include the "who, what, when, where and how" details underlying the alleged fraudulent activity. *Vess v. Ciba-Geigy Corp USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Averments of fraud not only must be pled "with

particularity," but with a "high degree of meticulousness." *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-23 (9th Cir. 2000). Any fraud allegations failing to satisfy Rule 9(b) are disregarded, and the remaining allegations evaluated to see if a valid claim has been stated. *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d at 1105.

"By requiring the plaintiff to allege the who, what, where, and when of the alleged fraud, the rule requires the plaintiff *to conduct a precomplaint investigation in sufficient depth* to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." *Ackerman v. Northwestern Mutual Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999). "[T]he who, what, when, and where must be laid out before access to the discovery process is granted." *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 178 (5th Cir. 1997).

The purposes of requiring "particularity" is to reduce the number of frivolous lawsuits brought for the purpose of extracting settlements; eliminate fraud actions in which all of the facts are learned after discovery; provide an increased measure of protection for defendant's reputation. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999); *Tuchman v. DSC Communications Corp.*, 14 F3d 1061, 1067 (5th Cir. 1994); *Concha v. London*, 62 F.3d 1493, 1502-03 (9th Cir. 1995).

The elements of an action for fraud and deceit based on concealment are: (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed facts, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage. *Boschma v. Home Loan Center, Inc.*, 198 Cal. App. 4th 230, 248 (2011).

/ / /

1  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a party's pleading to
2  contain "a short and plain statement of the claim showing that the pleader is entitled
3  to relief." Fed.R.Civ.P. 8(a)(2).  However, Rule 9(b) requires that, when fraud is
4  alleged, "a party must state with particularity the circumstances constituting
5  fraud …" Fed.R.Civ.P. 9(b). *See, e.g., Kearns v. Ford Motor Co.*, 567 F.3d 1120,
6  1124 (9th Cir. 2009) (holding same).  Counter-claimant's claim for fraud must
7  satisfy Fed.R.Civ.P. 9(b). *See, Neubronner v. Milken*, 6 F.3d 666, 673 (9th Cir.
8  1993) (affirming dismissal of fraud claims on the ground that plaintiffs failed to
9  satisfy Rule 9(b)).  Since fraudulent concealment claims sound in fraud, they are
10 subject to the heightened pleading requirements of Rule 9(b). *Grant v. Aurora Loan
11 Services, Inc.*, 736 F. Supp. 2d 1257, 1273 (C.D. Calif. 2010); *see also*, *Gerawan
12 Farming, Inc. v. Rehrig Pacific Co.*, 2012 U.S. Dis. LEXIS 28017 (E.D. Calif.
13 2012).

14     Put simply, the First Amended Counterclaim fails to satisfy the pleading
15 standards applying to claims of fraud.  KANEKA only alleges two general classes of
16 so-called concealment claims: (1) two conclusory allegations that ADLI and ALG
17 "concealed" from KANEKA that SAWAYA allegedly was a co-founder of ALG
18 and that there allegedly existed a fee splitting arrangement between ALG and
19 SAWAYA; and (2) five pages of billing errors appearing on the face of each invoice
20 provided to KANEKA by ALG.

21     That KANEKA's laundry list of fraudulent concealment claims simply are not
22 well thought out goes without saying.  That they do not give rise to fraudulent
23 concealment should be obvious.  As KANEKA makes plain, it audited the bills
24 which it has in its possession. (FACC ¶ 10.)  From its review of the bills in its
25 possession, it alleges a five page laundry list, which for the purposes of this Motion
26 to Dismiss must be accepted as true.  Its "initial audit," from the materials that it has
27 in its possession, there were numerous errors in ALG's invoices to KANEKA.
28 / / /

In other words, KANEKA has in its possession the information demonstrating the errors and those errors appeared on the face of the bills to KANEKA. Put simply, KANEKA's own paragraph 12 demonstrates that there wasn't any concealment. If, as we must for this Motion, accept KANEKA's allegations of errors set forth in paragraph 12 as true, then KANEKA used every error appearing on the face of the invoice.

Additionally, KANEKA not only ignores the allegations of paragraph 12, but also ignores the fact that it has admitted receiving monthly statements and forecasts of fees, charges and expenses. (*See*, Answer at ¶13; Docket #14.) These pleading admissions foreclose the argument that the facts were concealed. The monthly billing invoices and the hundreds of vendor invoices in its possession give it ready access to the details. By possessing this information and alleging paragraph 12, KANEKA has demonstrated that the FACC must be dismissed.

With regard to the so-called SAWAYA allegations, KANEKA only alleges that ALG concealed her status and the so-called fee splitting agreement. KANEKA does not allege who was involved in this so-called concealment, any facts demonstrating why this is material to KANEKA, any facts demonstrating any harm to KANEKA, and any facts demonstrating any damages.

The FACC fails to allege the requisite elements of a cause of action for fraudulent concealment and further fails to meet the requirement that fraud be pled with specificity. Accordingly, it must be dismissed.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## IV. CONCLUSION

Having failed to satisfy the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure, the Court must disregard it, and the fraudulent concealment claim should be dismissed.

DATED: April 15, 2013      ANDERSON, McPHARLIN & CONNERS LLP

By:    /s/ Joseph P. Tabrisky
       Thomas J. Kearney
       Joseph P. Tabrisky
Attorneys for Counter-Defendants ADLI LAW GROUP and DARIUSH G. ADLI

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 444 South Flower Street, Thirty-First Floor, Los Angeles, California 90071-2901.

On April 15, 2013, I served the following document(s) described as **NOTICE OF MOTION AND MOTION OF COUNTER-DEFENDANTS, ADLI LAW GROUP, P.C. AND DARIUSH G. ADLI TO DISMISS THE FIRST AMENDED COUNTERCLAIM PURSUANT TO FED.R.CIV.P. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties as follows:

## SEE ATTACHED LIST

**BY MAIL:** I am "readily familiar" with Anderson, McPharlin & Conners' practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed on April 15, 2013, at Los Angeles, California.

                                   */s/  Bette Barraclough*
                                    Bette Barraclough

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1064534.1 05809-125

**SERVICE LIST**
**Adli Law Group v. Kaneka Corporation, et al.**
**USDC - Central - CV 12-07377 GW (RZx)**

**ECF PARTICIPANTS:**

| | |
|---|---|
| Dariush G. Adli, Esq.<br>Rasheed McWilliams Esq.<br>Adli Law Group PC<br>633 West Fifth Street, Suite 6900<br>Los Angeles, CA 90071<br>Telephone: (213) 623-6546<br>E-Mail: adli@adlilaw.com<br>E-Mail: Rasheed.mcwilliams@adilaw.com | Attorneys for Plaintiff Adli Law Group P.C. |
| Victor L. George, Esq.<br>Wayne C. Smith, Esq.<br>Law Offices of Victor L. George<br>20355 Hawthorne Blvd., First Floor<br>Torrance, CA 90503<br>Telephone: (310) 698-0990<br>Facsimile: (310) 698-0995<br>E-Mail: vgeorge@vgeorgelaw.com<br>E-Mail: wsmith@vgeorgelaw.com | Attorneys for Defendants Kaneka Corporation and Kaneka North America LLC; and Attorneys for Cross-Complainant Kaneka Corporation |
| William F. Sondericker, Esq.<br>Carter Ledyard & Milburn, LLP<br>2 Wall Street<br>New York, NY 10005-2072<br>Telephone: (212) 732-3200<br>Facsimile: (212) 732-3232<br>E-Mail: sondericker@clm.com | Co-Counsel for Defendants Kaneka Corporation and Kaneka North America LLC; and Attorneys for Cross-Complainant Kaneka Corporation |

**NON-ECF PARTICIPANTS:**

| | |
|---|---|
| Almuhtada Smith Esq.<br>Adli Law Group PC<br>633 West Fifth Street, Suite 6900<br>Los Angeles, CA 90071<br>Telephone: (213) 623-6546 | Attorneys for Plaintiff Adli Law Group P.C. |

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1064534.1 05809-125