THOMAS J. KEARNEY (Bar No. 150202)
  tjk@amclaw.com
DAVID R. HUNT (Bar No. 110675)
  drh@amclaw.com
ANDERSON, McPHARLIN & CONNERS LLP
444 South Flower Street
Thirty-First Floor
Los Angeles, California  90071-2901
TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594

**Attorneys for Counter-Defendant ADLI LAW GROUP, a California corporation, and DARIUSH G. ADLI, an individual**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ADLI LAW GROUP, a California corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>KANEKA CORPORATION, a Japanese corporation; and KANEKA NORTH AMERICA LLC, a Texas Limited Liability Company,<br><br>          Defendants.<br><hr>KANEKA CORPORATION, a Japanese corporation,<br><br>          Counter-Claimant,<br><br>     vs.<br><br>ADLI LAW GROUP, a California corporation; DARIUSH G. ADLI, an individual; NICOLETTE HACHEM-SAWAYA, an individual,<br><br>          Counter-Defendants. | Case No. CV 12-07377 GW (RZx)<br><br><br>**STIPULATION RE PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS**<br><br><br><br>Trial Date:     December 10, 2013 |

/ / /

/ / /

**THIS IS A JOINT STIPULATION AND REQUEST BY THE PARTIES BY AND THROUGH THEIR RESPECTIVE COUNSEL OF RECORD:**

Counsel enter into this stipulation for a Protective Order which will permit discovery to proceed more expeditiously and with less expense by: (1) reducing the need for the parties to file motions for protective orders; (2) avoiding disputes over discovery materials; and (3) facilitating the taking of depositions.

**IT IS HEREBY STIPULATED AND AGREED** by the undersigned parties to this action that the following proposed Protective Order be entered, subject to the approval of the Court, as follows:

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal. Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   DEFINITIONS

2.1   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

/ / /

/ / /

2.2 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 <u>Designated House Counsel</u>: House Counsel who seek access to "HIGHLY

2.5 CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.]

2.6 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.9 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

/ / /

/ / /

2.10   House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12   Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.17   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or

4

presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection.</u>
Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other

/ / /

1   portions of the material, documents, items, or communications for which protection

2   is not warranted are not swept unjustifiably within the ambit of this Order.

3         Mass, indiscriminate, or routinized designations are prohibited.  Designations

4   that are shown to be clearly unjustified or that have been made for an improper

5   purpose (e.g., to unnecessarily encumber or retard the case development process or

6   to impose unnecessary expenses and burdens on other parties) expose the

7   Designating Party to sanctions.

8         If it comes to a Designating Party's attention that information or items that it

9   designated for protection do not qualify for protection at all or do not qualify for the

10   level of protection initially asserted, that Designating Party must promptly notify all

11   other parties that it is withdrawing the mistaken designation.

12         5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

13   this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

14   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

15   under this Order must be clearly so designated before the material is disclosed or

16   produced.

17         Designation in conformity with this Order requires:

18         a.   <u>for information in documentary form</u> (e.g., paper or electronic

19   documents, but excluding transcripts of depositions or other pretrial or trial

20   proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

21   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that

22   contains protected material.  If only a portion or portions of the material on a page

23   qualifies for protection, the Producing Party also must clearly identify the protected

24   portion(s) (e.g., by making appropriate markings in the margins) and must specify,

25   for each portion, the level of protection being asserted.

26         A Party or Non-Party that makes original documents or materials available for

27   inspection need not designate them for protection until after the inspecting Party has

28   indicated which material it would like copied and produced.  During the inspection

1   and before the designation, all of the material made available for inspection shall be

2   deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the

3   inspecting Party has identified the documents it wants copied and produced, the

4   Producing Party must determine which documents, or portions thereof, qualify for

5   protection under this Order.  Then, before producing the specified documents, the

6   Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

7   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that

8   contains Protected Material.  If only a portion or portions of the material on a page

9   qualifies for protection, the Producing Party also must clearly identify the protected

10  portion(s) (e.g., by making appropriate markings in the margins) and must specify,

11  for each portion, the level of protection being asserted.

12          b.      for testimony given in deposition or in other pretrial or trial

13  proceedings, that the Designating Party identify on the record, before the close of

14  the deposition, hearing, or other proceeding, all protected testimony and specify the

15  level of protection being asserted.  When it is impractical to identify separately each

16  portion of testimony that is entitled to protection and it appears that substantial

17  portions of the testimony may qualify for protection, the Designating Party may

18  invoke on the record (before the deposition, hearing, or other proceeding is

19  concluded) a right to have up to 21 days to identify the specific portions of the

20  testimony as to which protection is sought and to specify the level of protection

21  being asserted.  Only those portions of the testimony that are appropriately

22  designated for protection within the 21 days shall be covered by the provisions of

23  this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at

24  the deposition or up to 21 days afterwards if that period is properly invoked, that the

25  entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY

26  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

27          Parties shall give the other parties notice if they reasonably expect a

28  deposition, hearing or other proceeding to include Protected Material so that the

1   other parties can ensure that only authorized individuals who have signed the

2   "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those

3   proceedings.  The use of a document as an exhibit at a deposition shall not in any

4   way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

5   ATTORNEYS' EYES ONLY."

6          Transcripts containing Protected Material shall have an obvious legend on the

7   title page that the transcript contains Protected Material, and the title page shall be

8   followed by a list of all pages (including line numbers as appropriate) that have been

9   designated as Protected Material and the level of protection being asserted by the

10  Designating Party.  The Designating Party shall inform the court reporter of these

11  requirements.  Any transcript that is prepared before the expiration of a 21-day

12  period for designation shall be treated during that period as if it had been designated

13  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

14  otherwise agreed.  After the expiration of that period, the transcript shall be treated

15  only as actually designated.

16                 c.       for information produced in some form other than documentary

17  and for any other tangible items, that the Producing Party affix in a prominent place

18  on the exterior of the container or containers in which the information or item is

19  stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

20  ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or

21  item warrant protection, the Producing Party, to the extent practicable, shall identify

22  the protected portion(s) and specify the level of protection being asserted.

23         5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent

24  failure to designate qualified information or items does not, standing alone, waive

25  the Designating Party's right to secure protection under this Order for such material.

26  Upon timely correction of a designation, the Receiving Party must make reasonable

27  efforts to assure that the material is treated in accordance with the provisions of this

28  Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5) within 21 days of the initial notice of challenge or within 14 days of the

parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

1    Protected Material must be stored and maintained by a Receiving Party at a

2    location and in a secure manner that ensures that access is limited to the persons

3    authorized under this Order.

4    7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless

5    otherwise ordered by court or permitted in in writing by the Designating Party, a

6    Receiving Party may disclose any information or item designated

7    "CONFIDENTIAL" only to:

8    a.    the Receiving Party's Outside Counsel of Record in this action,

9    as well as employees of said Outside Counsel of Record to whom it is reasonably

10   necessary to disclose the information for this litigation and who have signed the

11   b.    "Acknowledgment and Agreement to Be Bound" that is attached

12   hereto as Exhibit A;

13   c.    the officers, directors, and employees (including House Counsel)

14   of the Receiving Party to whom disclosure is reasonably necessary for this litigation

15   and who have signed the "Acknowledgment and Agreement to Be Bound"

16   (Exhibit A);

17   d.    Experts (as defined in this Order) of the Receiving Party to

18   whom disclosure is reasonably necessary for this litigation and who have signed the

19   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

20   e.    the court and its personnel;

21   f.    court reporters and their staff, professional jury or trial

22   consultants, and Professional Vendors to whom disclosure is reasonably necessary

23   for this litigation and who have signed the "Acknowledgment and Agreement to Be

24   Bound" (Exhibit A);

25   g.    during their depositions, witnesses in the action to whom

26   disclosure is reasonably necessary and who have signed the "Acknowledgment and

27   Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating

28   Party or ordered by the court. Pages of transcribed deposition testimony or exhibits

1 to depositions that reveal Protected Material must be separately bound by the court

2 reporter and may not be disclosed to anyone except as permitted under this

3 Stipulated Protective Order.

4         h.    the author or recipient of a document containing the information

5 or a custodian or other person who otherwise possessed or knew the information.

6     7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

7 ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in

8 writing by the Designating Party, a Receiving Party may disclose any information or

9 item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only

10 to:

11         a.    the Receiving Party's Outside Counsel of Record in this action,

12 as well as employees of said Outside Counsel of Record to whom it is reasonably

13 necessary to disclose the information for this litigation and who have signed the

14 "Acknowledgment and Agreement to Be Bound" that is attached hereto as

15 Exhibit A;

16         b.    *Optional as deemed appropriate in case-specific circumstances*:

17 Designated House Counsel of the Receiving Party (1) who has no involvement in

18 competitive decision-making, (2) to whom disclosure is reasonably necessary for

19 this litigation, (3) who has signed the "Acknowledgment and Agreement to Be

20 Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph

21 7.4(a)(1), below, have been followed];

22         c.    Experts of the Receiving Party (1) to whom disclosure is

23 reasonably necessary for this litigation, (2) who have signed the "Acknowledgment

24 and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set

25 forth in paragraph 7.4(a)(2), below, have been followed];

26         d.    the court and its personnel;

27         e.    court reporters and their staff, professional jury or trial

28 consultants, and Professional Vendors to whom disclosure is reasonably necessary

1  for this litigation and who have signed the "Acknowledgment and Agreement to Be

2  Bound" (Exhibit A); and

3     f.  the author or recipient of a document containing the information

4  or a custodian or other person who otherwise possessed or knew the information.

5     7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY</u>

6  <u>CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to</u>

7  <u>Designated House Counsel or Experts</u>.

8     a. (1)  Unless otherwise ordered by the court or agreed to in

9  writing by the Designating Party, a Party that seeks to disclose to Designated House

10  Counsel any information or item that has been designated "HIGHLY

11  CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b)

12  first must make a written request to the Designating Party that (1) sets forth the full

13  name of the Designated House Counsel and the city and state of his or her residence,

14  and (2) describes the Designated House Counsel's current and reasonably

15  foreseeable future primary job duties and responsibilities in sufficient detail to

16  determine if House Counsel is involved, or may become involved, in any

17  competitive decision-making.

18      (2)  Unless otherwise ordered by the court or agreed to in

19  writing by the Designating Party, a Party that seeks to disclose to an Expert (as

20  defined in this Order) any information or item that has been designated "HIGHLY

21  CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c)

22  first must make a written request to the Designating Party that (1) identifies the

23  general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

24  information that the Receiving Party seeks permission to disclose to the Expert,

25  (2) sets forth the full name of the Expert and the city and state of his or her primary

26  residence, (3) attaches a copy of the Expert's current resume, (4) identifies the

27  Expert's current employer(s), (5) identifies each person or entity from whom the

28  Expert has received compensation or funding for work in his or her areas of

expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

b.      A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

c.      A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

1099664.1 05809-125

1  such motion must be accompanied by a competent declaration describing the

2  parties' efforts to resolve the matter by agreement (i.e., the extent and the content of

3  the meet and confer discussions) and setting forth the reasons advanced by the

4  Designating Party for its refusal to approve the disclosure.

5         In any such proceeding, the Party opposing disclosure to Designated House

6  Counsel or the Expert shall bear the burden of proving that the risk of harm that the

7  disclosure would entail (under the safeguards proposed) outweighs the Receiving

8  Party's need to disclose the Protected Material to its Designated House Counsel or

9  Expert.

10  8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

11         IN OTHER LITIGATION

12         If a Party is served with a subpoena or a court order issued in other litigation

13  that compels disclosure of any information or items designated in this action as

14  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

15  ONLY" that Party must:

16         a.     promptly notify in writing the Designating Party. Such

17  notification shall include a copy of the subpoena or court order;

18         b.     promptly notify in writing the party who caused the subpoena or

19  order to issue in the other litigation that some or all of the material covered by the

20  subpoena or order is subject to this Protective Order.  Such notification shall include

21  a copy of this Stipulated Protective Order; and

22         c.     cooperate with respect to all reasonable procedures sought to be

23  pursued by the Designating Party whose Protected Material may be affected.[2]

_____

25  [2] The purpose of imposing these duties is to alert the interested parties to the

26  existence of this Protective Order and to afford the Designating Party in this case an

27  opportunity to try to protect its confidentiality interests in the court from which the

   subpoena or order issued.

28

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

a.      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

b.      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

i.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

ii.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

/ / /

1    iii.    make the information requested available for inspection by
2  the Non-Party.

3    c.    If the Non-Party fails to object or seek a protective order from
4  this court within 14 days of receiving the notice and accompanying information, the
5  Receiving Party may produce the Non-Party's confidential information responsive
6  to the discovery request.  If the Non-Party timely seeks a protective order, the
7  Receiving Party shall not produce any information in its possession or control that is
8  subject to the confidentiality agreement with the Non-Party before a determination
9  by the court.[3]  Absent a court order to the contrary, the Non-Party shall bear the
10  burden and expense of seeking protection in this court of its Protected Material.

11  10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

12    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
13  Protected Material to any person or in any circumstance not authorized under this
14  Stipulated Protective Order, the Receiving Party must immediately (a) notify in
15  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts
16  to retrieve all unauthorized copies of the Protected Material, (c) inform the person or
17  persons to whom unauthorized disclosures were made of all the terms of this Order,
18  and (d) request such person or persons to execute the "Acknowledgment and
19  Agreement to Be Bound" that is attached hereto as Exhibit A.

20  11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
21          PROTECTED MATERIAL

22    When a Producing Party gives notice to Receiving Parties that certain
23  inadvertently produced material is subject to a claim of privilege or other protection,
24  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

---

[3] The purpose of this provision is to alert the interested parties to the existence of
confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to
protect its confidentiality interests in this court.

Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.    MISCELLANEOUS

12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.   Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: July 30, 2013          ADLI LAW GROUP PC


By: _____
          Daniel D. Harshman
Attorneys for Plaintiffs, ADLI LAW GROUP

/ / /

/ / /

1   DATED: July 30, 2013       LAW OFFICES OF VICTOR L. GEORGE

2

3

4                  By: _____

                      Victor L. George
5                      Wayne C. Smith

6        Attorneys for Defendants and Cross-Complainants,
          KANEKA CORPORATION and KANEKA NORTH
7        AMERICA LLC

8

9   DATED: July _____, 2013      ANDERSON, McPHARLIN & CONNERS LLP

10

11

12               By: _____

13                    Thomas J. Kearney
                      David R. Hunt
14       Attorneys for Counter-Defendants, ADLI LAW
         GROUP and DARIUSH G. ADLI
15

16

17

18   DATED: July 31, 2013       GREENBERG, TRAURIG, LLP

19

20

21             By: _____
                  Frank E. Merideth, Jr.
22      Attorneys for Intervenor, FC2, Inc.

23

24

25

26

27

28

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty

of perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issued by the United States District Court for the Central District of

California on [date] in the case of _____ [insert formal name of the case and

the number and initials assigned to it by the court].  I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                              [printed name]

Signature: _____
                          [signature]