THOMAS J. KEARNEY (Bar No. 150202)
  tjk@amclaw.com
DAVID R. HUNT (Bar No. 110675)
  drh@amclaw.com
ANDERSON, McPHARLIN & CONNERS LLP
444 South Flower Street
Thirty-First Floor
Los Angeles, California  90071-2901
TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594

Attorneys for Counter-Defendant ADLI LAW GROUP, a California corporation, and DARIUSH G. ADLI, an individual

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ADLI LAW GROUP, a California corporation,<br><br>            Plaintiff,<br><br>       vs.<br><br>KANEKA CORPORATION, a Japanese corporation; and KANEKA NORTH AMERICA LLC, a Texas Limited Liability Company,<br><br>            Defendants. | Case No. CV 12-07377 GW (RZx)<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF COUNTER-DEFENDANTS ADLI LAW GROUP, P.C. AND DARIUSH G. ADLI'S MOTION TO DISMISS THE SECOND CLAIM FOR RELIEF OF SECOND AMENDED COUNTERCLAIM** |
| KANEKA CORPORATION, a Japanese corporation,<br><br>            Counter-Claimant,<br><br>       vs.<br><br>ADLI LAW GROUP, a California corporation; DARIUSH G. ADLI, an individual; NICOLETTE HACHEM-SAWAYA, an individual,<br><br>            Counter-Defendants. | Date:    August 22, 2013<br>Time:    8:30 a.m.<br>Crtrm.:  10   (Hon. George H. Wu)<br><br>Trial Date:    December 10, 2013 |

/ / /

/ / /

1103162.1 05809-125

Counter-defendants Adli Law Group, P.C. and Dariush G. Adli (collectively, "Adli") hereby submit their reply memorandum of points and authorities in support of their Motion to Dismiss the Second Amended Counter-Claim Pursuant to Fed.R.Civ.P. 12(b)(6) as follows:

## INTRODUCTION

Kaneka's opposition does nothing more than rehash now twice-dismissed old issues, except when it re-characterizes its Second Claim for Relief as alleging "affirmative" fraud.[1] Now, the Second Claim for Relief in Kaneka's Second Amended Counterclaim ("SAC") apparently no-longer is "Fraudulent Concealment,"[2] but now is "outright fraud."[3] This distinction is important as Kaneka now cannot beg lack of knowledge and attempt to allege affirmative fraud on "information and belief." Kaneka simply cannot "have its cake and eat it too."

Kaneka has alleged fraud in the concealment of information for two successive pleadings. Now, to avoid the obvious conclusion that it cannot plead fraud with sufficient particularity, Kaneka adds outrageous allegations on "information and belief" of "outright fraud" to avoid dismissal of the claim. This "slight of hand" should not be allowed to cover the fact that Kaneka cannot state a claim for fraud of any type against Adli. The Second Claim for Relief in the SACC now should be dismissed with prejudice.

## DISCUSSION

To date, Kaneka has not been able to avoid dismissal of its purported fraud claim through two prior motions to dismiss, both of which were granted with leave to amend. Neither Kaneka's change of its claim to one for "outright fraud" nor its

---

[1] Opposition to Motion to Dismiss, p. 16, ll. 3 – 10.
[2] SACC, p. 19, l. 13.
[3] Opposition to Motion to Dismiss, p. 16, l. 6.

other arguments in opposition to this motion save this claim from dismissal on Adli's current motion to dismiss, which should be granted with prejudice.

## I. THE EXCEPTION TO THE RULE THAT A PARTY CANNOT PLEAD FRAUD ON INFORMATION AND BELIEF DOES NOT APPLY HERE

Kaneka is correct that there is an exception to the general rule that one cannot plead fraud on information and belief, but it does not help here.  That exception is applied in situations where the fraud is achieved by taking advantage of a unique position of knowledge and concealing true facts uniquely known to the defendant which cannot otherwise be discerned by plaintiffs.  The allegations of Kaneka's Second Amended Counter-Claim do not allow it to take advantage of the exception.

The Ninth Circuit addressed this exception in *Wool v. Tandum Computers, Inc.*, 818 F.2d 1443 (9th Cir. 1987), and *Moore v. Kayport Package Express, Inc.*, 855 F.2d 531 (9th Cir. 1989), both corporate securities cases concerning alleged misstatements contained in prospectuses provided to potential investors.  In *Wool,* the Ninth Circuit noted and agreed with the general rule that fraud cannot be alleged on information and belief (*Wool*, *supra*, at 1339).  The Court went on to address an exception to that general rule, stating:

> "the rule may be relaxed as to matters peculiarly within the opposing party's knowledge." 5 Wright & Miller, § 1298, at 416 & n.95.  Such "an exception exists where, as in cases of corporate fraud, the plaintiffs cannot be expected to have personal knowledge of the facts constituting the wrongdoing." *Zatkin*, 551 F.Supp. at 42. In such cases, the particularity requirement may be satisfied if the allegations are accompanied by a statement of the facts upon which the belief is founded. Id.; 5 Wright & Miller, § 1298, at 416 & n.96; see also *McFarland v. Memorex Corp.*, 493

F.Supp. 631, 638-39 (N.D. Cal. 1980), reconsideration granted, 581 F.Supp. 878 (N.D. Cal. 1984).

(*Wool*, *supra*, at 1339.)

The Court then found the pleading in that case was sufficient, stating:

> Each alleged misstatement is identified by content, date, and the document or announcement in which it appeared. The complaint specified the exact dollar amount of each alleged overstatement, and the manner in which such representations were false and misleading.

(*Wool*, *supra*, at 1440.) The allegations that saved the *Wool* pleading simply do not exist in Kaneka's Second Amended Counter-Claim.

In *Moore v. Kayport Package Express, Inc*., 885 F.2d 531 (9th Cir. 1989), the Ninth Circuit acknowledged *Wool* and distinguished it, stating:

> In the present case, the prospectuses are not specifically identified as to content, date or author. The complaint does not specify which plaintiff received which prospectus, or which (plaintiffs) made purchases through the stockbroker defendants, or which securities the investors allegedly purchased. The investors' allegations do not adequately state the facts on which their belief is founded, and thus fail to satisfy even the relaxed standard enunciated in *Wool*. See *Blake v. Dierdorff*, 856 F.2d 1365, 1369 (9th Cir. 1988).

(*Moore*, *supra*, at 540.) Kaneka's allegations simply do not provide these requisites.

The standard articulated in *Wool*, and the distinctions recognized in *Moore*, make it clear the exception to the general rule that fraud cannot be pleaded on information and belief does not and cannot apply here to save the SACC. First, this case is not a corporate securities lawsuit involving investor prospectuses where the

4

information allegedly concealed is uniquely available to a defined group of susceptible persons.[4] This case involves nothing more than a law firm which billed a multi-national corporation for services (including third party vendor charges) and sought payment/reimbursement based on those bills.

As once again acknowledged by Kaneka in its Opposition to the Motion to Dismiss, the billings at issue were extensive.[5] Kaneka has and had the alleged misstatements at all times in its hands, all of which were open to the corporation's audit and questioning (and many of which remain unpaid to date). Finally, Kaneka has not alleged in the SACC any of the background particularity required of it to avoid the general rule and instead apply the "relaxed standard" set forth in *Wool*. It merely makes sweeping, non-particular, conclusory allegations regarding things such as "schemes" and "misrepresentations" as pointed out in detail in the moving papers.

As a result of the above, while there is an exception to the general rule that one cannot plead fraud on information and belief, Kaneka cannot take advantage of that exception here because the circumstances are different and its pleading is not sufficient to do so.

## II. KANEKA'S OTHER ARGUMENTS ARE DISTRACTIONS WITHOUT MERIT

Though Kaneka makes other arguments interwoven in its somewhat confusing opposition, none of them have merit. Thus, they fail to save Kaneka's fraud claim in the SACC from dismissal, this time with prejudice and without leave to amend.

---

[4] Contrary to Kanecka's argument at page 8, lines 15-18 of its opposition, the fact this is not a corporate securities case hurts its argument, not Moving Parties'.

[5] Adli "sent Kaneka hundreds of pages of invoices." (Opposition to Motion to Dismiss, p. 2, l. 19.)

    Moving Parties are not arguing facts. Adli simply argues the allegations of the SACC and points out how they are insufficient as a matter of law. When viewing Kaneka's Second Claim for Relief in a manner most advantageous to the pleading, while ignoring the legal conclusions and factually conclusory allegations, the pleading is insufficient. For example, the pleading clearly identifies Kaneka as a Japanese corporation.[6] The pleading clearly alleges that Adli was retained to handle, and the alleged malpractice arises out of, proceedings before the International Trade Commission to block the "importing of products into the United States."[7] Therefore, Adli is not asking this court to make any factual determination on the issue of the "multi-national" nature of the Kaneka to grant its motion, or any other factual determinations for that matter.

    All allegations involving now non-defendant Nicolette Hachem-Sawaya (her motion to dismiss was granted in the face of these very same allegations) are conclusory in the extreme. Additionally, Kaneka does not allege how there was any harm to it based upon these alleged misrepresentations. Yes, Kaneka alleges in boilerplate fashion that it would not have hired ALG if it knew Ms. Hachem-Sawaya was not a lawyer. That is a conclusion in and of itself, but the allegations do not link that conclusion to any alleged material harm.

    Additionally, Kaneka does not allege how any supposed misunderstanding of Ms. Hachem-Sawaya's status and role was justifiable. One can simply ask or determine for itself whether an individual is licensed to practice law in California with an internet search of the publically-available California State Bar website. Simply put, Kaneka's vendetta against ALG's office manager, Ms. Hachem-

---

[6] Caption to SACC.

[7] SACC, ¶ 19, p. 15, ll. 20-23. See also, SACC, ¶ 23, p. 16, ll. 23 – 25; ¶ 24, p. 16, l. 26 – p. 17, l. 1.

1  Sawaya, which apparently continues after the very same claims against her were
2  dismissed by this Court, adds nothing to the SACC against Adli.
3  For the above reasons, none of the further arguments that are somewhat
4  confusingly interwoven throughout Kaneka's opposition papers do not change the
5  fact that the Second Claim for Relief alleges insufficient facts to give rise to a claim
6  for relief.

## CONCLUSION

For all of the above reasons, and for the reasons set forth in its motion, Adli respectfully requests that this court grant their motion to dismiss the SACC with prejudice, thus ending the long fight over Kaneka's ill-pled Second Claim for Relief for "Fraudulent Concealment" in this purported legal malpractice action.

Respectfully submitted,

DATED: August 8, 2013        ANDERSON, McPHARLIN & CONNERS LLP

By: _____
Thomas J. Kearney
David R. Hunt
Attorneys for Counter-Defendant ADLI LAW GROUP, a California corporation, and DARIUSH G. ADLI, an individual

7