1  FRANK E. MERIDETH, JR. (SBN 46266)
   GREENBERG TRAURIG, LLP
2  1840 Century Park East, Suite 1900
   Los Angeles, CA 90067
3  Tel: (310) 586-7700 * Fax: (310) 586-7800
   meridethf@gtlaw.com
4  Attorneys for Plaintiff Intervenor
   HC2, Inc.
5

6              UNITED STATES DISTRICT COURT

7              CENTRAL DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| 9  ADLI LAW GROUP, a California corporation,<br><br>10        Plaintiff,<br>    v.<br>11<br>    KANEKA CORPORATION, a Japanese<br>12  Corporation; and KANEKA NORTH<br>    AMERICA LLC, a Texas Limited Liability<br>13  Company,<br>14        Defendants.<br>15  KANEKA CORPORATION, a Japanese<br>    Corporation,<br>16<br>          Counter-Claimant,<br>17  v.<br>18  ADLI LAW GROUP, a California<br>    Corporation; DARIUSH G. ADLI, an<br>19  individual; NICOLETTE HACHEM-<br>    SAWAYA, an individual,<br>20<br>          Counter-Defendants.<br>21  HC2, INC., a Washington, DC Corporation,<br>22        Plaintiff-Intervenor,<br>23  v.<br>24  ADLI LAW GROUP, a California Corporation,<br>    KANEKA CORPORATION, a Japanese<br>25  Corporation and KANEKA NORTH<br>    AMERICA, LLC, a Texas Limited Liability<br>26  Company,<br>27        Defendants-Intervention. | CASE NO. CV 12-07377 GW (RZx)<br>[Related to CV 12-11001]<br><br>[Assigned to Hon. George H. Wu]<br><br>**OPPOSITION OF INTERVENOR HC2, INC. TO KANEKA CORPORATION'S EX PARTE APPLICATION FOR PROTECTIVE ORDER SETTING LOCATION OF DEPOSITIONS IN JAPAN AND DECLARATION OF FRANK E. MERIDETH, JR. IN SUPPORT THEREOF**<br><br>DEPT:   Courtroom 10<br>JUDGE:  Hon. George H. Wu<br>TRIAL:  N/A |

28

OPPOSITION OF INTERVENOR HC2, INC. TO KANEKA CORPORATION'S EX PARTE
APPLICATION FOR PROTECTIVE ORDER SETTING

CASE NO. CV 12-07377 GW (RZx)

NY 243253641v1

Intervenor HC2, Inc. ("Hire Counsel") opposes Kaneka Corporation's the Ex Parte Application for Protective respecting Hire Counsel's FRCP 30(b)(6) Deposition Notice.

## BACKGROUND

Hire Counsel is a legal staffing firm that provides temporary attorneys, paralegals and other professionals to law firms and corporations throughout the United States. Hire Counsel is an employee-owned corporation.

In October 2011 Hire Counsel was engaged by Adli Law Group to provide temporary legal staffing to assist Kaneka Corporation ("Kaneka") and Kaneka Texas Corporation (recently reorganized as Kaneka North America LLC) in connection with pending patent cases in the United States. That litigation involved the review, analysis and production of voluminous English, Chinese and Japanese language documents and ESI. Adli Law lacked the manpower and language compatibility for the review and relied on professionals provided by Hire Counsel for document review, analysis and production.

Kaneka is a multinational corporation with annual sales of more than $5 billion. Kaneka is a sophisticated consumer of U.S. legal services and has offices in Texas and New York. Kaneka owns numerous U.S. patents that it enforces through proceedings in the Courts and ITC in the U.S. In connection with the Kaneka patent litigation involving Hire Counsel professionals, Kaneka personnel from Japan were sent to the U.S. and worked out of Adli Law Group's offices.

Hire Counsel provided over 50 temporary attorneys, paralegals and other legal professionals in Los Angeles to manage, review and analyze the Kaneka patent litigation documents.

From October 2011 through May 2012, Hire Counsel submitted to Adli Law Group itemized weekly invoices for $1,220,773.05 that detailed the hours spent by each professional working on Kaneka matters.

1   In April 2012, Kaneka and Adli Law had a falling out that had nothing to do with
2   Hire Counsel or its services. That falling out resulted ultimately in the claims and
3   counterclaims by Adli Law Group and Kaneka in this lawsuit.
4   In April 2012, Kaneka stopped paying Adli Law Group and Adli Law Group then
5   stopped paying Hire Counsel. This left Hire Counsel with a $970,498.80 unpaid
6   receivable that Adli Law claims Kaneka is liable to pay and that Kaneka alleges is the
7   responsibility of Adli Law Group. Neither Adli Law Group nor Kaneka dispute the
8   quality, quantity or charge for Hire Counsel's services but both refuse to pay for tactical
9   reasons. Since both Adli Law Group and Kaneka were pointing at the other as being
10  responsible for paying Hire Counsel's invoices, Hire Counsel intervened in this action.
11  On June 13, 2013, Hire Counsel noticed the deposition of Kaneka Corporation for
12  Los Angeles (Exhibit C to the Ex Parte Application). The Notice includes five topics
13  related to Kaneka's knowledge and approval of the engagement of Hire Counsel and any
14  review of its services and charges and two topics related to Kaneka Texas Corporation and
15  its reorganization into Kaneka North America LLC. The testimony was scheduled for
16  July 10, 2013.
17  Hire Counsel's FRCP 30(b)(6) topics are significantly different from the Adli Law
18  Group's topics noticed about the same time. (*See* Exhibit B to the Ex Parte Application.)
19  On July 3, 2013 Kaneka filed an objection to both the Hire Counsel and Adli Law
20  Group Notices based on its counsel's vacation plans and its contention that any testimony
21  by Kaneka must be taken in Japan. A copy of the Objection is attached as Exhibit 1 to the
22  Declaration of Frank E. Merideth, Jr.
23  After Kaneka's counsel returned from vacation there were several telephone
24  conversations regarding deposition scheduling and the need to extend the discovery
25  cutoff. On the subject of the FRCP 30(b)(6) depositions, Kaneka's counsel insisted the
26  testimony be in Japan and stated he would file for a protective order. There were no
27  substantive discussions of the bases for Kaneka's refusal to testify in Los Angeles or
28

alternative arrangements or a request for a pre-filing meeting or joint stipulation prior to the August 20, 2013 of the Ex Parte Application.

## ARGUMENT

The Application is procedurally improper and substantively deficient for the following reasons:

1. The Ex Parte Application fails to conform to Local Rule 37. Although there have been a handful of telephone calls and emails regarding the FRCP 30(b)(6) depositions of Kaneka, there has been (a) no substantive discussions of the reasons why the Kaneka depositions have to be taken in Japan or other alternatives (b) no letter from Kaneka requesting a Pre-Filing Conference and identifying the issues in dispute, (c) no Pre-Filing Conference of Counsel and (d) no Form of Joint Stipulation was ever suggested by Kaneka let alone drafted or filed with the Court as required by Local Rule 37-2.1.

2. The Ex Parte Application for Protective Order is inappropriate and untimely. The only "emergency" involved is the "time crunch" resulting from Kaneka's failure to follow the procedures mandated by Rule 37-1 and to timely file a Motion for Protective Order for the Kaneka deposition two and one-half months ago. Specifically, the Notice of Deposition of Kaneka was served by Hire Counsel on June 13, 2013 (*see* Kaneka Exhibit C). The Notice scheduled the testimony of Kaneka twenty-seven days later on July 10, 2013. On July 3, 2013, counsel for Kaneka filed an objection to the FRCP 30(b)(6) deposition on the grounds that the deposition had been set for a time when he was going to be on vacation and the deposition should have been taken in Japan. (*see* Exhibit 1 to the Declaration of Frank E. Merideth, Jr.) However, there was no meet and confer process in advance of this unilateral objection and refusal to appear and no Motion for a Protective Order was filed until August 20, 2013.

3. No good cause exists for the Protective Order and none is shown by the Kaneka moving papers. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted."

3

OPPOSITION OF INTERVENOR HC2, INC. TO KANEKA CORPORATION'S EX PARTE
APPLICATION FOR PROTECTIVE ORDER SETTING

CASE NO. CV 12-07377 GW (RZx)

NY 243253641v1

1 *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). Kaneka profers only general concerns about ongoing work responsibilities and the inconvenience of travel in the Kaneka witness' Declarations. There is no objection on grounds of cost or any individual hardship, except for Ms. Muzitani who apparently still is recovering from an auto accident. However, she offers no details of the nature of her condition and no physician's declaration was provided. These types of inconveniences are often a part of doing business and conducting litigation in a foreign country. After all, it was Kaneka, a multinational corporation, that engaged counsel in Los Angeles to handle extensive U.S. patent litigation involving its U.S. patents, sent employees to Los Angeles to supervise the litigation and sent documents from all over the world to Los Angeles to be reviewed by Hire Counsel. Hire counsel, on the other hand, has no offices or businesses in Japan and could not reasonably anticipate that by reviewing documents in Los Angeles it would end up having to send its lawyer to Japan to depose Kaneka's corporate representatives at inordinate and excessive cost relative to the amount of its claim.

4.  If the Order requiring Hire Counsel to depose Kaneka in Japan is issued, Hire Counsel, effectively will be precluded by Kaneka's delay and maneuvering from FRCP 30(b)(6) discovery. The extended discovery date cutoff is September 13, 2013. No reservations have been made at the Osaka Consulate for the depositions. Because the Osaka Consulate has only one deposition room large enough to accommodate multiple counsel, translators and reporters, advance reservations are required. Further, no deposition Commissions have been issued or processed though the U.S. and Japanese consular authorities. The State Department recommends a six-week lead period for this process. Until that occurs, the participating lawyers cannot apply for or obtain Deposition Visas which are required for the lawyers to enter Japan and must be presented to the Consular deposition officer at the Osaka Consulate. The Deposition Visa process takes about three weeks. Finally, the extraordinary cost to Hire Counsel of sending its lawyer to Japan to sit though the depositions of nine Japanese speaking witnesses without knowing

which of the witnesses, if any, have any knowledge on Hire Counsel's designated subject makes no sense at all. It would be far more reasonable for Kaneka to prepare its employee, Mr. Fujii, who lives in the U.S., speaks English and worked on the patent litigation to testify.

5. Kaneka's Ex Parte Application improperly lumps Hire Counsel's FRCP 30(b)(6) Notice together with the FRCP 30(b)(6) Notice of Adli Law Group. (*See* Kaneka Exhibit B) The notices are separate and involve materially different topics. Further, Kaneka never identified its FRCP 30(b)(6) witnesses until August 20, 2013 and still has not revealed which witness will testify on which of the seven topics specified by Hire Counsel. Whether one or more of the witnesses who allegedly can only be deposed in Japan will actually have any knowledge on Hire Counsel's topics is known only to Kaneka and its counsel and has not been shared with the Court or Hire Counsel.

6. The Application and supporting Declarations do not specify which of the Japanese deponents will respond to which of Hire Counsel's topics, if any. In any event, it is highly unlikely from the descriptions of their positions and responsibilities that any of the Declarants supporting the Ex Parte Application, other than possibly Mr. Nihikawa or Ms. Mizutani, would have any knowledge about the topics specified by Hire counsel. While there is no indication from Kaneka as to which Hire Counsel topics Mizutani may have knowledge of, Hire Counsel is informed and believes that Ms. Mizutani was sent by Kaneka to Los Angeles, used an office in the Adli Law Group offices in Los Angeles during the period Hire Counsel's temporary legal professional were reviewing Kaneka documents and communicated with the Hire Counsel temporary legal personnel who were located in the same office building.

7. No excuse is offered in the Ex Parte Application as to why Kazuhiko Fujii, who, unlike the Declarants supporting the Ex Parte Application, resides in the United States, speaks English and actually had a role in the Kaneka litigation handled by the Adli Law Group for which Hire Counsel's services were required, could not be prepared and

5

**OPPOSITION OF INTERVENOR HC2, INC. TO KANEKA CORPORATION'S EX PARTE APPLICATION FOR PROTECTIVE ORDER SETTING**

CASE NO. CV 12-07377 GW (RZx)

NY 243253641v1

testify on behalf of Kaneka on all the tailored topics in the Hire Counsel Notice of deposition in Los Angeles.

## CONCLUSION

Kaneka respectfully requests that the Protective Ex Parte Application be denied, or alternatively that the Court order one of the following alternatives:

    a.    Kaneka be ordered to prepare and produce a single knowledgeable and prepared witness in Los Angeles on the Hire Counsel topics in lieu of the nine witnesses in Japan; or

    b.    The discovery cutoff be extended for the sole purpose of permitting Hire Counsel's FRCP 30(b)(6) depositions of the nine Kaneka identified corporate designees in Japan (following all U.S. and Japanese laws and protocols regarding foreign depositions in Japan), and Kaneka pay all Hire Counsel's lawyer's travel time, travel expenses, food and lodging and any extraordinary reporter's expenses and translation fees.

Kaneka also requests it be awarded its attorneys' fees of $4,800 in connection with its opposition to Kaneka's groundless application.

DATED: August 21, 2013        GREENBERG TRAURIG, LLP

By _____
Frank E. Merideth, Jr.
Attorneys for Plaintiff-Intervenor HC2, Inc.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **1840 Century Park East, Suite 1900, CA 90067.**

On the date given below, I served the **OPPOSITION OF INTERVENOR HC2, INC. TO KANEKA CORPORATION'S EX PARTE APPLICATION FOR PROTECTIVE ORDER SETTING LOCATION OF DEPOSITIONS IN JAPAN AND DECLARATION OF FRANK E. MERIDETH, JR. IN SUPPORT THEREOF** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **(BY FIRST CLASS MAIL)**
I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Santa Monica, California, in the ordinary course of such business.

☒ **(BY CM/ECF)**
Pursuant to CM/ECF System, registration as a CM/ECF user constitutes service through the Court's transmission facilities. The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.

☒ **(BY E-MAIL)**
Based on court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 21, 2013, at Los Angeles, California.

_____
CHERYL D. BEATTY

NY 242738458v1

1

## SERVICE LIST

| | |
|---|---|
| Almuhtada Smith, Esq.<br>Daniel D. Harshman, Esq.<br>Dariush G. Adli, Esq.<br>Rasheed McWilliams, Esq.<br>ADLI LAW GROUP PC<br>444 S. Flower St., Suite 1750<br>Los Angeles, CA 90071-2901<br>Tel: (213) 623-6546<br>daniel.harshman@adlilaw.com<br>adli@adlilaw.com<br>rasheed.mcwilliams@adlilaw.com | Thomas J. Kearny, Esq.<br>David R. Hunt, Esq.<br>ANDERSON MCPHARLIN & CONNERS LLP<br>444 S. Flower St., 31st Fl.<br>Los Angeles, CA 90071-2901<br>Tel: (213) 236-1623 * Fax: (213) 622-7594<br>tjk@amclaw.com; drh@amclaw.com |
| Victor L. George, Esq.<br>Wayne C. Smith, Esq.<br>LAW OFFICES OF VICTOR L. GEORGE<br>20355 Hawthorne Blvd., 1st Fl.<br>Torrance, CA 90503<br>vgeorge@vgeorgelaw.com<br>wsmith@vgeorgelaw.com<br>Tel: 310-698-0990<br>Fax: 310-698-0995 | William F. Sondricker, Esq.<br>CARTER LEDYARD & MILBURN LLP<br>2 Wall St.<br>New York, NY 10005-2072<br>Tel: (212) 238-8656 * Fax: (212) 732-3232<br>sondericker@clm.com |

NY 242738458v1