1  Victor L. George, State Bar No. 110504
2  Wayne C. Smith, State Bar No. 122535
   LAW OFFICES OF VICTOR L. GEORGE
3  20355 Hawthorne Blvd., First Floor
   Torrance, CA 90503
4  Tel:  (310) 698-0990
5  Fax: (310) 698-0995
   E-mail:  vgeorge@vgeorgelaw.com
6           wsmith@vgeorgelaw.com
7
8              UNITED STATES DISTRICT COURT
9      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
10

| | |
|---|---|
| 11 ADLI LAW GROUP, a California corporation, | Case No. CV 12-07377 GW (RZx) |
| 12              Plaintiff, | **STIPULATION RE: PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL BUSINESS INFORMATION AND/OR TRADE SECRETS AND ATTORNEY/CLIENT PRIVILEGED MATERIAL** |
| 13      vs. | |
| 14 KANEKA CORPORATION, a Japanese corporation; and KANEKA NORTH AMERICA LLC, a Texas Limited Liability Company, | |
| 15 | |
| 16 | |
| 17              Defendants. | |
| 18 KANEKA CORPORATION, a Japanese corporation, | |
| 19 | |
| 20              Counter-Claimant, | Trial Date:      December 10, 2013 |
| 21      vs. | |
| 22 ADLI LAW GROUP, a California corporation; DARIUSH G. ADLI, an individual; NICOLETTE HACHEM-SAWAYA, an individual, | |
| 23 | |
| 24              Counter-Defendants. | |

25        THE PARTIES, THROUGH THEIR RESPECTIVE COUNSEL,
26  STIPULATE AND AGREE AS FOLLOWS:
27

1109160.2 05809-
125071358.2 05809 28

STIPULATION RE: PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL BUSINESS INFORMATION AND/OR TRADE SECRETS AND ATTORNEY/CLIENT
PRIVILEGED MATERIAL

WHEREAS on or about August 28, 2012 Adli Law Group ("ALG") commenced this matter against Kaneka Corporation and Kaneka North America (collectively "Kaneka") alleging claims for breach of contract, breach of covenant of good faith and fair dealing, quantum merit, promissory fraud, intentional misrepresentation and negligent misrepresentation, to recover fees and costs claims incurred in the representation of Kaneka *inter alia*, in patent proceedings before the International Trade Commission;

WHEREAS on August 31, 2012, ALG filed a First Amended Complaint, which is the operative complaint;

WHERAS on November 2, 2012 Kaneka filed a counter-claim against ALG and Dariush Adli and Nicolette Hechem-Sawaya alleging legal malpractice, fraudulent concealment, and breach of fiduciary duty arising out of ALG's and Dariush Adli's handling of two investigation proceedings before the United States International Trade Commission ("ITC") that involved the extensive use of the confidential business information "CBI") of Kaneka and multiple third party respondent businesses, In the Matter of CERTAIN POLYMIDE FILMS, PRODUCTS CONTAINING SAME, AND RELATED METHODS, US ITC Inv. No. 337-TA-772  In the Matter of CERTAIN COENZYEME Q10 PRODUCTS AND METHODS FOR MAKING SAME, US ITC Inv. No. 337-TA-790,;

WHEREAS the ITC issued two protective orders in those underlying investigations preventing any of the parties or their attorneys from disclosing or

1109160.2 05809
125071358.2 05809-125

1  sharing any of the CBI produced in those matters outside the purposes of the ITC

2  investigation, and as such, the CBI cannot be used in this litigation to either prove or

3

4  disprove any of the allegations in this matter unless a protective order is issued to

5  protect the confidentiality of the CBI used in the underlying ITC matters when it is

6  used in this litigation;

7

8  WHEREAS following multiple motions to dismiss Kaneka has filed a Second

9  Amended Counter Claim against ALG and Darius G. Adli ("Adli") for legal

10  malpractice, breach of fiduciary duty and fraudulent concealment, which is the

11

12  operative counter claim;

13  WHEREAS on or about March 7, 2013, the Court granted the motion to

14  intervene of HC2 and an  intervener complaint was filed on or about March 12,

15

16  2013;

17  WHEREAS on or about August 1, 2013, the parties submitted a stipulation

18  for protective order because the nature of the litigation requires the production of

19

20  documents and evidence related to attorney-client communications between ALG

21  and Kaneka, the production of evidence related to Kaneka's confidential and

22  proprietary processes and CBI which is subject to one or more protective orders in

23

24  the ITC cases and other pending District Court litigation;

25  WHEREAS on August 16, 2013, the Honorable Magistrate Judge Ralph

26  Zarefsky denied the stipulation for protective order on the grounds that the parties

27

28

1109160.2 05809

125071358.2 05809-125

3

1  failed to demonstrate good cause for the requested protective order;

2  WHEREAS on August 22, 2013, following the hearing on ALG's motion to

3  dismiss Kaneka's Second Amended Counter Claim, the Hon. Judge George Wu;

4

5  indicated  his belief that there was good cause for a protective order given the nature

6  of the documents that will necessarily have to be produced by the parties and

7

8  directed the parties to re-submit the stipulated protective order with a clear statement

9  of the good cause for the issuance of the protective order together with the Court's

10  observations on the matter for consideration by Honorable Magistrate Judge Ralph

11

12  Zarefsky; and

13  WHEREAS the parties stipulate and agree as follows:

14

15  1.  PURPOSES AND LIMITATIONS

16  Disclosure and discovery activity in this action are likely to involve

17  production of confidential, proprietary, or private information for which special

18  protection from public disclosure and from use for any purpose other than

19  prosecuting this litigation may be warranted.  Accordingly, the parties hereby

20  stipulate to and petition the court to enter the following Stipulated Protective Order.

21  The parties acknowledge that this Order does not confer blanket protections on all

22  disclosures or responses to discovery and that the protection it affords from public

23  disclosure and use extends only to the limited information or items that are entitled

24  to confidential treatment under the applicable legal principles.  The parties further

25  acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective

26  Order does not entitle them to file confidential information under seal.  Civil Local

27  Rule 79-5 sets forth the procedures that must be followed and the standards that will

28

1109160.2 05809-125
125071358.2 05809-125

4

1  be applied when a party seeks permission from the court to file material under seal.

2  2.  <u>DEFINITIONS</u>

3  2.1  <u>Challenging Party</u>: a Party or Non-Party that challenges the designation

4  of information or items under this Order.

5  2.2  <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of

6  how it is generated, stored or maintained) or tangible things that qualify for

7  protection under Federal Rule of Civil Procedure 26(c).

8  2.3  <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House

9  Counsel (as well as their support staff).

10  2.4  <u>Designated House Counsel</u>: House Counsel who seek access to

11  "HIGHLY

12  2.5  CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this

13  matter.]

14  2.6  <u>Designating Party</u>: a Party or Non-Party that designates information or

15  items that it produces in disclosures or in responses to discovery as

16  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

17  ONLY."

18  2.7  <u>Disclosure or Discovery Material</u>: all items or information, regardless

19  of the medium or manner in which it is generated, stored, or maintained (including,

20  among other things, testimony, transcripts, and tangible things), that are produced or

21  generated in disclosures or responses to discovery in this matter.

22  2.8  <u>Expert</u>: a person with specialized knowledge or experience in a matter

23  pertinent to the litigation who (1) has been retained by a Party or its counsel to serve

24  as an expert witness or as a consultant in this action, (2) is not a past or current

25  employee of a Party or of a Party's competitor, and (3) at the time of retention, is

26  not anticipated to become an employee of a Party or of a Party's competitor.

27  2.9  <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>

1109160.2 05-28
125071358.2 05809-125

5

1  Information or Items: extremely sensitive "Confidential Information or Items,"

2  disclosure of which to another Party or Non-Party would create a substantial risk of

3  serious harm that could not be avoided by less restrictive means.

4          2.10   House Counsel: attorneys who are employees of a party to this action.

5  House Counsel does not include Outside Counsel of Record or any other outside

6  counsel.

7          2.11   Non-Party: any natural person, partnership, corporation, association, or

8  other legal entity not named as a Party to this action.

9          2.12   Outside Counsel of Record: attorneys who are not employees of a party

10  to this action but are retained to represent or advise a party to this action and have

11  appeared in this action on behalf of that party or are affiliated with a law firm which

12  has appeared on behalf of that party.

13          2.13   Party: any party to this action, including all of its officers, directors,

14  employees, consultants, retained experts, and Outside Counsel of Record (and their

15  support staffs).

16          2.14   Producing Party: a Party or Non-Party that produces Disclosure or

17  Discovery Material in this action.

18          2.15   Professional Vendors: persons or entities that provide litigation support

19  services (e.g., photocopying, videotaping, translating, preparing exhibits or

20  demonstrations, and organizing, storing, or retrieving data in any form or medium)

21  and their employees and subcontractors.

22          2.16   Protected Material: any Disclosure or Discovery Material that is

23  designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL –

24  ATTORNEYS' EYES ONLY."

25          2.17   Receiving Party: a Party that receives Disclosure or Discovery Material

26  from a Producing Party.

27  3.     SCOPE

28

1109160.2 05
125071358.2 05809-125

6

1      The protections conferred by this Stipulation and Order cover not only

2  Protected Material (as defined above), but also (1) any information copied or

3  extracted from Protected Material; (2) all copies, excerpts, summaries, or

4  compilations of Protected Material; and (3) any testimony, conversations, or

5  presentations by Parties or their Counsel that might reveal Protected Material.

6  However, the protections conferred by this Stipulation and Order do not cover the

7  following information: (a) any information that is in the public domain at the time of

8  disclosure to a Receiving Party or becomes part of the public domain after its

9  disclosure to a Receiving Party as a result of publication not involving a violation of

10  this Order, including becoming part of the public record through trial or otherwise;

11  and (b) any information known to the Receiving Party prior to the disclosure or

12  obtained by the Receiving Party after the disclosure from a source who obtained the

13  information lawfully and under no obligation of confidentiality to the Designating

14  Party.  Any use of Protected Material at trial shall be governed by a separate

15  agreement or order.

16  4.    <u>DURATION</u>

17      Even after final disposition of this litigation, the confidentiality obligations

18  imposed by this Order shall remain in effect until a Designating Party agrees

19  otherwise in writing or a court order otherwise directs.  Final disposition shall be

20  deemed to be the later of (1) dismissal of all claims and defenses in this action, with

21  or without prejudice; and (2) final judgment herein after the completion and

22  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

23  including the time limits for filing any motions or applications for extension of time

24  pursuant to applicable law.

25  5.    <u>DESIGNATING PROTECTED MATERIAL</u>

26      5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

27  Each Party or Non-Party that designates information or items for protection under

1   this Order must take care to limit any such designation to specific material that

2   qualifies under the appropriate standards. To the extent it is practical to do so, the

3   Designating Party must designate for protection only those parts of material,

4   documents, items, or oral or written communications that qualify – so that other

5   portions of the material, documents, items, or communications for which protection

6   is not warranted are not swept unjustifiably within the ambit of this Order.

7       Mass, indiscriminate, or routinized designations are prohibited. Designations

8   that are shown to be clearly unjustified or that have been made for an improper

9   purpose (e.g., to unnecessarily encumber or retard the case development process or

10  to impose unnecessary expenses and burdens on other parties) expose the

11  Designating Party to sanctions.

12      If it comes to a Designating Party's attention that information or items that it

13  designated for protection do not qualify for protection at all or do not qualify for the

14  level of protection initially asserted, that Designating Party must promptly notify all

15  other parties that it is withdrawing the mistaken designation.

16      5.2     Manner and Timing of Designations.  Except as otherwise provided in

17  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

18  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

19  under this Order must be clearly so designated before the material is disclosed or

20  produced.

21      Designation in conformity with this Order requires:

22          a.      for information in documentary form (e.g., paper or electronic

23  documents, but excluding transcripts of depositions or other pretrial or trial

24  proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

25  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that

26  contains protected material.  If only a portion or portions of the material on a page

27  qualifies for protection, the Producing Party also must clearly identify the protected

28

1109160.2 05809
125071358.2 05809-125

8

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

1 portion(s) (e.g., by making appropriate markings in the margins) and must specify,

2 for each portion, the level of protection being asserted.

3      A Party or Non-Party that makes original documents or materials available for

4 inspection need not designate them for protection until after the inspecting Party has

5 indicated which material it would like copied and produced.  During the inspection

6 and before the designation, all of the material made available for inspection shall be

7 deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the

8 inspecting Party has identified the documents it wants copied and produced, the

9 Producing Party must determine which documents, or portions thereof, qualify for

10 protection under this Order.  Then, before producing the specified documents, the

11 Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

12 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that

13 contains Protected Material.  If only a portion or portions of the material on a page

14 qualifies for protection, the Producing Party also must clearly identify the protected

15 portion(s) (e.g., by making appropriate markings in the margins) and must specify,

16 for each portion, the level of protection being asserted.

17        b.  <u>for testimony given in deposition or in other pretrial or trial</u>

18 <u>proceedings</u>, that the Designating Party identify on the record, before the close of

19 the deposition, hearing, or other proceeding, all protected testimony and specify the

20 level of protection being asserted.  When it is impractical to identify separately each

21 portion of testimony that is entitled to protection and it appears that substantial

22 portions of the testimony may qualify for protection, the Designating Party may

23 invoke on the record (before the deposition, hearing, or other proceeding is

24 concluded) a right to have up to 21 days to identify the specific portions of the

25 testimony as to which protection is sought and to specify the level of protection

26 being asserted.  Only those portions of the testimony that are appropriately

27 designated for protection within the 21 days shall be covered by the provisions of

1109160.2 05-28
125071358.2 05809-125

9

1 | this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at

2 | the deposition or up to 21 days afterwards if that period is properly invoked, that the

3 | entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY

4 | CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5 | Parties shall give the other parties notice if they reasonably expect a

6 | deposition, hearing or other proceeding to include Protected Material so that the

7 | other parties can ensure that only authorized individuals who have signed the

8 | "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those

9 | proceedings.  The use of a document as an exhibit at a deposition shall not in any

10 | way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

11 | ATTORNEYS' EYES ONLY."

12 | Transcripts containing Protected Material shall have an obvious legend on the

13 | title page that the transcript contains Protected Material, and the title page shall be

14 | followed by a list of all pages (including line numbers as appropriate) that have been

15 | designated as Protected Material and the level of protection being asserted by the

16 | Designating Party.  The Designating Party shall inform the court reporter of these

17 | requirements.  Any transcript that is prepared before the expiration of a 21-day

18 | period for designation shall be treated during that period as if it had been designated

19 | "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

20 | otherwise agreed.  After the expiration of that period, the transcript shall be treated

21 | only as actually designated.

22 | c.    for information produced in some form other than documentary

23 | and for any other tangible items, that the Producing Party affix in a prominent place

24 | on the exterior of the container or containers in which the information or item is

25 | stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

26 | ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or

27 | item warrant protection, the Producing Party, to the extent practicable, shall identify

28

1  the protected portion(s) and specify the level of protection being asserted.

2      5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent

3  failure to designate qualified information or items does not, standing alone, waive

4  the Designating Party's right to secure protection under this Order for such material.

5  Upon timely correction of a designation, the Receiving Party must make reasonable

6  efforts to assure that the material is treated in accordance with the provisions of this

7  Order.

8  6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

9      6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a

10 designation of confidentiality at any time.  Unless a prompt challenge to a

11 Designating Party's confidentiality designation is necessary to avoid foreseeable,

12 substantial unfairness, unnecessary economic burdens, or a significant disruption or

13 delay of the litigation, a Party does not waive its right to challenge a confidentiality

14 designation by electing not to mount a challenge promptly after the original

15 designation is disclosed.

16     6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute

17 resolution process by providing written notice of each designation it is challenging

18 and describing the basis for each challenge.  To avoid ambiguity as to whether a

19 challenge has been made, the written notice must recite that the challenge to

20 confidentiality is being made in accordance with this specific paragraph of the

21 Protective Order.  The parties shall attempt to resolve each challenge in good faith

22 and must begin the process by conferring directly (in voice to voice dialogue; other

23 forms of communication are not sufficient) within 14 days of the date of service of

24 notice.  In conferring, the Challenging Party must explain the basis for its belief that

25 the confidentiality designation was not proper and must give the Designating Party

26 an opportunity to review the designated material, to reconsider the circumstances,

27 and, if no change in designation is offered, to explain the basis for the chosen

1  designation.  A Challenging Party may proceed to the next stage of the challenge

2  process only if it has engaged in this meet and confer process first or establishes that

3  the Designating Party is unwilling to participate in the meet and confer process in a

4  timely manner.

5        6.3  <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without

6  court intervention, the Designating Party shall file and serve a motion to retain

7  confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule

8  79-5) within 21 days of the initial notice of challenge or within 14 days of the

9  parties agreeing that the meet and confer process will not resolve their dispute,

10  whichever is earlier.  Each such motion must be accompanied by a competent

11  declaration affirming that the movant has complied with the meet and confer

12  requirements imposed in the preceding paragraph.  Failure by the Designating Party

13  to make such a motion including the required declaration within 21 days (or 14

14  days, if applicable) shall automatically waive the confidentiality designation for

15  each challenged designation.  In addition, the Challenging Party may file a motion

16  challenging a confidentiality designation at any time if there is good cause for doing

17  so, including a challenge to the designation of a deposition transcript or any portions

18  thereof.  Any motion brought pursuant to this provision must be accompanied by a

19  competent declaration affirming that the movant has complied with the meet and

20  confer requirements imposed by the preceding paragraph.

21        The burden of persuasion in any such challenge proceeding shall be on the

22  Designating Party.  Frivolous challenges and those made for an improper purpose

23  (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

24  expose the Challenging Party to sanctions.  Unless the Designating Party has waived

25  the confidentiality designation by failing to file a motion to retain confidentiality as

26  described above, all parties shall continue to afford the material in question the level

27  of protection to which it is entitled under the Producing Party's designation until the

1  court rules on the challenge.

2  7.  ACCESS TO AND USE OF PROTECTED MATERIAL

3      7.1   Basic Principles.  A Receiving Party may use Protected Material that is

4  disclosed or produced by another Party or by a Non-Party in connection with this

5  case only for prosecuting, defending, or attempting to settle this litigation.  Such

6  Protected Material may be disclosed only to the categories of persons and under the

7  conditions described in this Order.  When the litigation has been terminated, a

8  Receiving Party must comply with the provisions of section 15 below (FINAL

9  DISPOSITION).

10      Protected Material must be stored and maintained by a Receiving Party at a

11  location and in a secure manner that ensures that access is limited to the persons

12  authorized under this Order.

13      7.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless

14  otherwise ordered by court or permitted in in writing by the Designating Party, a

15  Receiving Party may disclose any information or item designated

16  "CONFIDENTIAL" only to:

17          a.    the Receiving Party's Outside Counsel of Record in this action,

18  as well as employees of said Outside Counsel of Record to whom it is reasonably

19  necessary to disclose the information for this litigation and who have signed the

20  "Acknowledgment and Agreement to Be Bound" that is attached hereto as

21  Exhibit A;

22          b.    the officers, directors, and employees (including House Counsel)

23  of the Receiving Party to whom disclosure is reasonably necessary for this litigation

24  and who have signed the "Acknowledgment and Agreement to Be Bound"

25  (Exhibit A);

26          c.    Experts (as defined in this Order) of the Receiving Party to

27  whom disclosure is reasonably necessary for this litigation and who have signed the

28                    13

"Acknowledgment and Agreement to Be Bound" (Exhibit A);

       d.    the court and its personnel;

       e.    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

       f.    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

       g.    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

    7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

       a.    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

       b.    *Optional as deemed appropriate in case-specific circumstances*: Designated House Counsel of the Receiving Party (1) who has no involvement in

1  competitive decision-making, (2) to whom disclosure is reasonably necessary for

2  this litigation, (3) who has signed the "Acknowledgment and Agreement to Be

3  Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph

4  7.4(a)(1), below, have been followed];

5          c.      Experts of the Receiving Party (1) to whom disclosure is

6  reasonably necessary for this litigation, (2) who have signed the "Acknowledgment

7  and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set

8  forth in paragraph 7.4(a)(2), below, have been followed];

9          d.      the court and its personnel;

10         e.      court reporters and their staff, professional jury or trial

11  consultants, and Professional Vendors to whom disclosure is reasonably necessary

12  for this litigation and who have signed the "Acknowledgment and Agreement to Be

13  Bound" (Exhibit A); and

14         f.      the author or recipient of a document containing the information

15  or a custodian or other person who otherwise possessed or knew the information.

16      7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY

17  CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to

18  Designated House Counsel or Experts.

19         a.    (1)     Unless otherwise ordered by the court or agreed to in

20  writing by the Designating Party, a Party that seeks to disclose to Designated House

21  Counsel any information or item that has been designated "HIGHLY

22  CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b)

23  first must make a written request to the Designating Party that (1) sets forth the full

24  name of the Designated House Counsel and the city and state of his or her residence,

25  and (2) describes the Designated House Counsel's current and reasonably

26  foreseeable future primary job duties and responsibilities in sufficient detail to

27  determine if House Counsel is involved, or may become involved, in any

28

1  competitive decision-making.

2           (2)    Unless otherwise ordered by the court or agreed to in

3  writing by the Designating Party, a Party that seeks to disclose to an Expert (as

4  defined in this Order) any information or item that has been designated "HIGHLY

5  CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c)

6  first must make a written request to the Designating Party that (1) identifies the

7  general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

8  information that the Receiving Party seeks permission to disclose to the Expert,

9  (2) sets forth the full name of the Expert and the city and state of his or her primary

10  residence, (3) attaches a copy of the Expert's current resume, (4) identifies the

11  Expert's current employer(s), (5) identifies each person or entity from whom the

12  Expert has received compensation or funding for work in his or her areas of

13  expertise or to whom the expert has provided professional services, including in

14  connection with a litigation, at any time during the preceding five years,[1] and (6)

15  identifies (by name and number of the case, filing date, and location of court) any

16  litigation in connection with which the Expert has offered expert testimony,

17  including through a declaration, report, or testimony at a deposition or trial, during

18  the preceding five years.

19           b.    A Party that makes a request and provides the information

20  specified in the preceding respective paragraphs may disclose the subject Protected

21  Material to the identified Designated House Counsel or Expert unless, within 14

22  days of delivering the request, the Party receives a written objection from the

---

24  [1] If the Expert believes any of this information is subject to a confidentiality

25  obligation to a third-party, then the Expert should provide whatever information the
Expert believes can be disclosed without violating any confidentiality agreements,

26  and the Party seeking to disclose to the Expert shall be available to meet and confer

27  with the Designating Party regarding any such engagement.

1  Designating Party. Any such objection must set forth in detail the grounds on which
2  it is based.

3          c.      A Party that receives a timely written objection must meet and
4  confer with the Designating Party (through direct voice to voice dialogue) to try to
5  resolve the matter by agreement within seven days of the written objection. If no
6  agreement is reached, the Party seeking to make the disclosure to Designated House
7  Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in
8  compliance with Civil Local Rule 79-5) seeking permission from the court to do so.
9  Any such motion must describe the circumstances with specificity, set forth in detail
10 the reasons why the disclosure to Designated House Counsel or the Expert is
11 reasonably necessary, assess the risk of harm that the disclosure would entail, and
12 suggest any additional means that could be used to reduce that risk.  In addition, any
13 such motion must be accompanied by a competent declaration describing the
14 parties' efforts to resolve the matter by agreement (i.e., the extent and the content of
15 the meet and confer discussions) and setting forth the reasons advanced by the
16 Designating Party for its refusal to approve the disclosure.

17      In any such proceeding, the Party opposing disclosure to Designated House
18 Counsel or the Expert shall bear the burden of proving that the risk of harm that the
19 disclosure would entail (under the safeguards proposed) outweighs the Receiving
20 Party's need to disclose the Protected Material to its Designated House Counsel or
21 Expert.

22 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED
23       IN OTHER LITIGATION

24      If a Party is served with a subpoena or a court order issued in other litigation
25 that compels disclosure of any information or items designated in this action as
26 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
27 ONLY" that Party must:

1109160.2 05
125071358.2 05809-125

1          a.     promptly notify in writing the Designating Party. Such

2  notification shall include a copy of the subpoena or court order;

3          b.     promptly notify in writing the party who caused the subpoena or

4  order to issue in the other litigation that some or all of the material covered by the

5  subpoena or order is subject to this Protective Order.  Such notification shall include

6  a copy of this Stipulated Protective Order; and

7          c.     cooperate with respect to all reasonable procedures sought to be

8  pursued by the Designating Party whose Protected Material may be affected.[2]

9          If the Designating Party timely seeks a protective order, the Party

10  served with the subpoena or court order shall not produce any information

11  designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

12  ATTORNEYS' EYES ONLY" before a determination by the court from which the

13  subpoena or order issued, unless the Party has obtained the Designating Party's

14  permission. The Designating Party shall bear the burden and expense of seeking

15  protection in that court of its confidential material – and nothing in these provisions

16  should be construed as authorizing or encouraging a Receiving Party in this action

17  to disobey a lawful directive from another court.

18  9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

19        PRODUCED IN THIS LITIGATION

20          a.     The terms of this Order are applicable to information produced

21  by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY

22  CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by

23

24

---

25  [2] The purpose of imposing these duties is to alert the interested parties to the
existence of this Protective Order and to afford the Designating Party in this case an
26  opportunity to try to protect its confidentiality interests in the court from which the
subpoena or order issued.
27

1 | Non-Parties in connection with this litigation is protected by the remedies and relief
2 | provided by this Order.  Nothing in these provisions should be construed as
3 | prohibiting a Non-Party from seeking additional protections.
4 |        b.     In the event that a Party is required, by a valid discovery request,
5 | to produce a Non-Party's confidential information in its possession, and the Party is
6 | subject to an agreement with the Non-Party not to produce the Non-Party's
7 | confidential information, then the Party shall:
8 |            i.     promptly notify in writing the Requesting Party and the
9 | Non-Party that some or all of the information requested is subject to a
10 | confidentiality agreement with a Non-Party;
11 |           ii.     promptly provide the Non-Party with a copy of the
12 | Stipulated Protective Order in this litigation, the relevant discovery request(s), and a
13 | reasonably specific description of the information requested; and
14 |         iii.     make the information requested available for inspection by
15 | the Non-Party.
16 |        c.     If the Non-Party fails to object or seek a protective order from
17 | this court within 14 days of receiving the notice and accompanying information, the
18 | Receiving Party may produce the Non-Party's confidential information responsive
19 | to the discovery request.  If the Non-Party timely seeks a protective order, the
20 | Receiving Party shall not produce any information in its possession or control that is
21 | subject to the confidentiality agreement with the Non-Party before a determination
22 | by the court.[3]  Absent a court order to the contrary, the Non-Party shall bear the
23 | burden and expense of seeking protection in this court of its Protected Material.
24 |
25 | [3] The purpose of this provision is to alert the interested parties to the existence of
26 | confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to
27 | protect its confidentiality interests in this court.
28 |

1109160.2 05809
125071358.2 05809-125

10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   <u>MISCELLANEOUS</u>

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this

1  Stipulated Protective Order. Similarly, no Party waives any right to object on any
2  ground to use in evidence of any of the material covered by this Protective Order.

3      12.3   <u>Filing Protected Material</u>.  Without written permission from the
4  Designating Party or a court order secured after appropriate notice to all interested
5  persons, a Party may not file in the public record in this action any Protected
6  Material.  A Party that seeks to file under seal any Protected Material must comply
7  with Civil Local Rule 79-5.   Protected Material may only be filed under seal
8  pursuant to a court order authorizing the sealing of the specific Protected Material at
9  issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a
10  request establishing that the Protected Material at issue is privileged, protectable as
11  a trade secret, or otherwise entitled to protection under the law.  If a Receiving
12  Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-
13  5(d) is denied by the court, then the Receiving Party may file the Protected Material
14  in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed
15  by the court.

16      12.4   <u>The provisions of the protective orders issued in the underlying ITC</u>
17  <u>matters, In the Matter of</u> CERTAIN POLYMIDE FILMS, PRODUCTS
18  CONTAINING SAME, AND RELATED METHODS, <u>US ITC Inv. No.</u> 337-TA-
19  772  <u>In the Matter of CERTAIN COENZYEME Q10 PRODUCTS AND</u>
20  <u>METHODS FOR MAKING SAME, US ITC Inv</u>. No. 337-TA-790, shall be applied
21  to and honored by counsel and the parties in this matter as if applicable to and in this
22  matter.

23  13.   <u>FINAL DISPOSITION</u>
24      Within 60 days after the final disposition of this action, as defined in
25  paragraph 4, each Receiving Party must return all Protected Material to the
26  Producing Party or destroy such material.  As used in this subdivision, "all Protected
27  Material" includes all copies, abstracts, compilations, summaries, and any other

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

1   format reproducing or capturing any of the Protected Material. Whether the

2   Protected Material is returned or destroyed, the Receiving Party must submit a

3   written certification to the Producing Party (and, if not the same person or entity, to

4   the Designating Party) by the 60-day deadline that (1) identifies (by category, where

5   appropriate) all the Protected Material that was returned or destroyed and (2) affirms

6   that the Receiving Party has not retained any copies, abstracts, compilations,

7   summaries or any other format reproducing or capturing any of the Protected

8   Material. Notwithstanding this provision, Counsel are entitled to retain an archival

9   copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

10  memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

11  work product, and consultant and expert work product, even if such materials

12  contain Protected Material.  Any such archival copies that contain or constitute

13  Protected Material remain subject to this Protective Order as set forth in Section 4

14  (DURATION).

15          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

16

17  DATED: August 28, 2013        ADLI LAW GROUP PC

18

19

20  By: _____

21          Daniel D. Harshman
        Attorneys for Plaintiffs, ADLI LAW   GROUP and
22      DARIUSH G. ADLI

23

24

25

26

27

1109160.2 05809-125
125071358.2 05809-125
28

22

1  DATED: August 27, 2013          LAW OFFICES OF VICTOR L. GEORGE

2

3

4                                  By: _____

5                                       Victor L. George
                                        Wayne C. Smith
6                                  Attorneys for Defendants and Cross-Complainants,
                                   KANEKA CORPORATION and KANEKA
7                                  NORTH AMERICA LLC

8

9  DATED: August 27, 2013          ANDERSON, McPHARLIN & CONNERS LLP

10

11

12                                 By: _____

13                                      Thomas J. Kearney
                                        David R. Hunt
14                                 Attorneys for Counter-Defendants, ADLI LAW
                                   GROUP and DARIUSH G. ADLI
15

16  DATED: August 28, 2013         GREENBERG, TRAURIG, LLP

17

18

19                                 By: _____

20                                      Frank E. Merideth, Jr.
                                   Attorneys for Intervenor, HC2, Inc.

21

22

23

24

25

26

27

28

1109160.2 05208
125071358.2 05809-125

                                        23

_____
STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ [insert formal name of the case and the number and initials assigned to it by the court].  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]

1109160.2 05
125071358.2 05809-125