**THOMAS J. KEARNEY (Bar No. 150202)**
  tjk@amclaw.com
**DAVID R. HUNT (Bar No. 110675)**
  drh@amclaw.com
**JASON W. SUH (Bar No. 256573)**
  jws@amclaw.com
**ANDERSON, McPHARLIN & CONNERS LLP**
**444 South Flower Street**
**Thirty-First Floor**
**Los Angeles, California  90071-2901**
TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594

**Attorneys for Counter-Defendants ADLI LAW GROUP, a California corporation, and DARIUSH G. ADLI, an individual**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ADLI LAW GROUP, a California Corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>KANEKA CORPORATION, a Japanese Corporation; and KANEKA NORTH AMERICA LLC, a Texas Limited Liability Company,<br><br>            Defendants.<br><hr>KANEKA CORPORATION, a Japanese Corporation,<br><br>            Counter-Claimant,<br><br>    vs.<br><br>ADLI LAW GROUP, a California Corporation; DARIUSH G. ADLI, an individual; NICOLETTE HACHEM-SAWAYA, an individual,<br><br>            Counter-Defendants. | Case No. CV 12-07377 GW (RZx)<br><br>**COUNTER-DEFENDANTS ADLI LAW GROUP AND DARIUSH G. ADLI'S *EX PARTE* APPLICATION FOR AN ORDER FOR ADDITIONAL TIME FOR THE ORAL DEPOSITIONS OF MR. HIROFUMI YAMADA AND MS. REIKO MIZUTANI; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[Filed Concurrently with Declarations of David R. Hunt and Jason W. Suh; and [Proposed] Order]**<br><br>Trial Date:        December 10, 2013 |

/ / /

/ / /

1111471.1 05809-125

---

EX PARTE APPLICATION OF COUNTER-DEFENDANTS ADLI LAW GROUP AND DARIUSH ADLI FOR AN
ORDER FOR ADDITIONAL TIME FOR ORAL DEPOSITIONS

**TO DEFENDANT/COUNTER-CLAIMANT KANEKA CORPORATION, AND COUNTER-DEFENDANT NICOLETTE HACHEM-SAWAYA AND THEIR COUNSELS OF RECORD:**

Counter-Defendants ADLI LAW GROUP, P.C. ("ALG") and DARIUSH G. ADLI ("ADLI") (herein collectively "COUNTER-DEFENDANTS"), pursuant to United States District Court – Central District – Local Rule 7-19 hereby make this *Ex Parte* Application for an Order to extend the length of time of the depositions of Mr. Hirofumi Yamada and Ms. Reiko Mizutani from 7 hours (each) to 14 hours[1] (each).

Good cause exists for the *Ex Parte* Application in that:

(1) The parties' discovery cut-off is September 13, 2013, and mediation cut-off is September 18, 2013, rendering a noticed motion impractical;

(2) On August 30, 2013, COUNTER-DEFENDANTS made a reasonable request to Counter-Claimant KANEKA CORPORATION ("KANEKA") that additional time is necessary to *fairly examine* KANEKA's employees, Mr. Yamada and Ms. Mizutani, because (i) they both require a Japanese-English interpreter[2] for their respective depositions; (ii) it would be burdensome to make Mr. Yamada and Ms. Mizutani fly back to Los Angeles, California from Japan at a future date for a second round of depositions, if necessary; and (iii) there will be three different attorneys who will ask their own set of questions on the date of the depositions.

---

[1] The additional time of 14 hours is intended to be completed over the course of two days.

[2] By having an interpreter who will translate each question (from English to Japanese) and translate each answer (from Japanese to English) will at least double the time needed for COUNTER-DEFENDANTS to spend on each topic of questions. Moreover, KANEKA plans to bring its own "check" interpreter at the deposition.

(3) On September 1, 2013, counsel for KANEKA flatly denied COUNTER-DFENDANTS' request and responded by stating: "We will abide by the federal rule sof [*sic*] 7 hours per deponent, and recognize you may someday seek additional time from the court and we will address same then."

(4) Within days of learning of KANEKA's refusal to cooperate in extending the time for the depositions of Mr. Yamada and Ms. Mizutani, counsel for COUNTER-DEFENDANTS informed the parties that COUNTER-DEFENDANTS will move for an *Ex Parte* Application.

Notice was provided to all counsel on Wednesday, September 4, 2013 by both telephone and in writing. Counsel for COUNTER-DEFENDANTS has been advised by counsel for KANEKA that COUNTER-DEFENDANTS' *Ex Parte* Application will be opposed.

This Motion is based on this Application, the attached Memorandum of Points and Authorities, the attached Declaration of David R. Hunt, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

DATED: September 4, 2013      ANDERSON, McPHARLIN & CONNERS LLP

By: /s/ Jason W. Suh
  Thomas J. Kearney
  David R. Hunt
  Jason W. Suh
Attorneys for Counter-Defendants ADLI LAW GROUP and DARIUSH G. ADLI

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

KANEKA hired the intellectual property law firm ALG to represent KANEKA in various patent disputes. KANEKA and ALG are involved in a dispute over legal fees and alleged malpractice by the law firm. ALG sued KANEKA for approximately $9 million in unpaid legal fees and KANEKA brought a Counterclaim against COUNTER-DEFENDANTS alleging that ALG breached its fiduciary duty and committed legal malpractice.

ALG noticed the individual depositions of KANEKA's employees, Mr. Yamada and Ms. Mizutani, which is currently set to go forward on **September 6, 2013** and on **September 7, 2013**, respectively. Mr. Yamada and Ms. Mizutani reside in Japan and will be flying to Los Angeles, California for their depositions, and they will both require a Japanese-English interpreter. COUNTER-DEFENDANTS requested KANEKA to reasonably extend the length of time for the scheduled depositions in order to fairly examine the deponents. Counsel for KANEKA has refused to agree to provide additional time.

COUNTER-DEFENDANTS have a basis for extraordinary relief. Under the Court's Orders, the parties' discovery cut-off is September 13, 2013 and mediation cut-off is September 18, 2013, rendering a noticed motion impractical. COUNTER-DEFENDANTS respectfully request an order for additional time to extend the length of time of the depositions of Mr. Yamada and Ms. Mizutani from 7 hours (each) to14 hours (each).

## II. STATEMENT OF FACTS

The parties in this action have noticed multiple depositions, which have not proceeded, until recently, due to timing and availability issues. A few weeks ago, the pending issue with respect to the location of depositions for the employees of KANEKA was resolved, and specific employees of KANEKA, among them Mr. Yamada and Ms. Mizutani, were required to appear in Los Angeles, California. Mr.

1111471.1 05809-125

4

EX PARTE APPLICATION OF COUNTER-DEFENDANTS ADLI LAW GROUP AND DARIUSH ADLI FOR AN ORDER FOR ADDITIONAL TIME FOR ORAL DEPOSITIONS

Yamada and Ms. Mizutani are the two employees at KANEKA who were primarily responsible and actively involved with reviewing and forwarding ALG's legal bills to their corporate office for approval. They were the two KANEKA employees who had personal knowledge of this mater from the beginning. (See Declaration of David R. Hunt ("Decl. Hunt"), ¶ 4.)

On August 30, 2013, COUNTER-DEFENDANTS cooperatively served amended notices of depositions for Mr. Yamada and Ms. Mizutani to reschedule the depositions consistent with the travel schedule they could use to come to Los Angeles from Japan. (Decl. Hunt, ¶ 5.) Earlier that day, counsel for COUNTER-DEFENDANTS and KANEKA exchanged e-mails about extending the length of depositions for Mr. Yamada and Ms. Mizutani. *Id.*

But, counsel for KANEKA flatly denied COUNTER-DEFENDANTS' request and responded by stating: "We will abide by the federal rule sof [*sic*] 7 hours per deponent, and recognize you may someday seek additional time from the court and we will address same then." (Decl. Hunt, ¶ 7.)

COUNTER-DEFENDANTS further informed KANEKA that additional time would be necessary to fairly examine Mr. Yamada and Ms. Mizutani, because (i) they both require a Japanese-English interpreter (which will inevitably double the time needed for COUNTER-DEFENDANTS to spend on each topic of questions); (ii) it would be burdensome to make Mr. Yamada and Ms. Mizutani fly back to California from Japan for another round of depositions, if necessary; and (iii) there will be three different attorneys who will need to ask their own set of questions. (Decl. Hunt, ¶ 8.)

Pursuant to Local Rule 7-19.1, counsel for COUNTER-DEFENDANTS has made a reasonable and good faith effort to advise counsel for all parties of the substance of COUNTER-DEFENDANTS' *Ex Parte* Application. (See Declaration of Jason W. Suh ("Decl. Suh"), ¶ 3.) Counsel for COUNTER-DEFENDANTS has been advised by counsel for KANEKA that COUNTER-DEFENDANTS' *Ex Parte*

1111471.1 05809-125

5

EX PARTE APPLICATION OF COUNTER-DEFENDANTS ADLI LAW GROUP AND DARIUSH ADLI FOR AN ORDER FOR ADDITIONAL TIME FOR ORAL DEPOSITIONS

Application will be opposed. (Decl. Suh, ¶ 5.)

## III. GOOD CAUSE EXISTS TO GRANT AN ORDER FOR ADDITIONAL TIME FOR THE DEPOSITIONS OF MR. YAMADA AND MS. MIZUTANI

Under Federal Rules of Civil Procedure 30(d)(1), "Unless otherwise ordered by the court, a deposition is limited to 1 day of 7 hours. The court *must allow* additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstances impedes or delays the examination." (Emphasis added.)

When a deposition is conducted in a foreign language, additional time may be necessary in order to accommodate translation to English. (See *Aerocrine AB v. Apieron Inc*. (Delaware 2010) 267 FRD 105, 110. In *Aerocrine*, the alleged infringer of a patented medical device capable of measuring nitric oxide levels in exhaled breath, moved to compel patent holder to make inventors available for testimony, and for the issuance of letters of request for international judicial assistance pursuant to the Hague Convention. The district court had the parties make reasonable accommodations to extend the length of the depositions if they are to be conducted in a language *other than* English. *Id*.

Here, similar to *Aerocrine*, additional time is required to fairly examine Mr. Yamada and Ms. Mizutani. They are not native English speakers, and will both require an English interpreter during their depositions. Having an interpreter who will translate each question (from English to Japanese) and translate each answer (from Japanese to English) will at least double the time needed for COUNTER-DEFENDANTS to spend on each topic of questions. Moreover, KANEKA plans to bring its own "check" interpreter at the deposition. This, too, can cause substantial delays for the deponent to answer any questions, if the two interpreters end up disagreeing as to the precise word translated from Japanese into English, or vice-versa. Accordingly, a court order is required to reasonably extend the length of time

of the depositions of Mr. Yamada and Ms. Mizutani from 7 hours (each) to14 hours (each).

Furthermore, should the Court grant the COUNTER-DEFENDANTS' request for additional time for the oral depositions of Mr. Yamada and Ms. Mizutani, the deponents will save time and money from having to make another lengthy and expensive travel arrangement from Japan to Los Angeles, California for a second round of depositions, if necessary.

Lastly, the parties expect at least three different attorneys to ask their own set of questions at the scheduled depositions. The seven-hour time limit will not be sufficient for each party to ask their respective questions. As such, a court order requiring additional time for the depositions of Mr. Yamada and Ms. Mizutani from 7 hours (each) to14 hours (each) is required.

## IV. CONCLUSION

For the foregoing reasons, COUNTER-DEFENDANTS respectfully request the Court grant COUNTER-DEFENDANTS an Order to extend the length of time of the depositions of Mr. Yamada and Ms. Mizutani from 7 hours (each) to14 hours (each), which will be completed over the course of two days for each deponent.

DATED: September 4, 2013     ANDERSON, McPHARLIN & CONNERS LLP

By:  /s/  Jason W. Suh
    _____
    Thomas J. Kearney
    David R. Hunt
    Jason W. Suh
Attorneys for Counter-Defendants ADLI LAW GROUP and DARIUSH G. ADLI