1  Victor L. George, State Bar No. 110504
   Wayne C. Smith, State Bar No. 122535
2  LAW OFFICES OF VICTOR L. GEORGE
   20355 Hawthorne Blvd., First Floor
3  Torrance, CA 90503
   Tel: (310) 698-0990
4  Fax: (310) 698-0995
   E-mail:  vgeorge@vgeorgelaw.com
5           wsmith@vgeorgelaw.com

6  William F. Sondericker, Esq.
   CARTER LEDYARD & MILBURN, LLP
7  2 Wall Street
   New York, NY 10005-2072
8  Tel: (212) 732-3200
   Fax: (212) 732-3232
9  E-mail:  sondericker@clm.com

10 Attorneys for Defendants
   KANEKA CORPORATION and
11 KANEKA NORTH AMERICA LLC

12
                **UNITED STATES DISTRICT COURT**
13
                **CENTRAL DISTRICT OF CALIFORNIA**
14

| | |
|---|---|
| ADLI LAW GROUP, a California Corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>KANEKA CORPORATION, a Japanese Corporation; and KANEKA NORTH AMERICA LLC, a Texas Limited Liability Company,<br><br>  Defendants.<br>_____<br>KANEKA CORPORATION, a Japanese Corporation,<br><br>  Counter-Claimant,<br><br>  v.<br><br>ADLI LAW GROUP, a California Corporation; DARIUSH G. ADLI, an individual,<br><br>  Counter-Defendants. | CASE NO. CV12-07377 GW (RZx)<br><br>[Assigned to Hon. George H. Wu, Courtroom 10]<br><br>**DEFENDANT AND COUNTER-CLAIMANT KANEKA CORPORATION'S OPPOSITION TO EX PARTE APPLICATION FOR AN ORDER TO SHORTEN TIME FOR HEARING ON DISCOVERY MOTION**<br><br>[Filed concurrently with: Declaration of Wayne C. Smith]<br><br><br>Complaint Filed:   August 28, 2012<br>Counter-Claim Filed: November 2, 2012<br>Trial Date:        December 10, 2013 |

| | |
|---|---|
| 1 | HC2, INC., a Washington, DC Corporation, |
| 2 | |
| 3 | Plaintiff-Intervenor, |
| 4 | v. |
| 5 | ADLI LAW GROUP, a California Corporation, KANEKA CORPORATION, a Japanese Corporation and KANEKA NORTH AMERICA, LLC, a Texas Limited Liability Company, |
| 6 | |
| 7 | |
| 8 | Defendants-Intervenor. |

## I. INTRODUCTION

Plaintiff and Counter-defendant Adli Law Group, P.C.'s ("Plaintiff") ex parte application for an order shortening time for hearing against Defendant and Counter-claimant Kaneka Corporation's ("Kaneka") discovery motion does not make a showing for ex parte relief, grossly misrepresents the facts, and is in clear violation of the Local Rules.

In attempting to justify Plaintiff's delay and the necessity of bringing the instant ex parte application, Plaintiff's primary argument is that the deposition transcript of Joseph Zito "was not available until August 27, 2013 . . . . by the time the Zito transcript was available, there was insufficient time left in the discovery period to permit a regularly scheduled motion. Adli Law is in no way responsible for the timing of these events." (Mot. at 5:25-28, 6:2-5.)

Plaintiff misrepresents to this Court the necessity of Mr. Zito's deposition transcript. In Plaintiff's proposed joint stipulation, Plaintiff identifies four (4) discovery issues in dispute. [Docket #102-3 at iii.] Documents withheld relating to Mr. Zito and instructions not to answer from Mr. Zito's deposition are only discussed and cited in Issue No. 1. Under Plaintiff's logic, if a party has one discovery dispute that justifies an ex parte

application for an order shortening time, a party may also bring into dispute numerous discovery issues for which it previously delayed in bringing through a regularly scheduled motion.

As presented, it appears that Plaintiff's slight of hand exercise is submitted to cover up Plaintiff's deficiencies and delay in pursuing discovery issues that could and should have been brought forth in a regularly scheduled motion. Fatal to Plaintiff's argument justifying an order shortening time, discovery issues No. 2, No. 3, and No. 4 have no mention or relation to Mr. Zito and fail to cite Mr. Zito's deposition transcript entirely. [Docket #102-3 at 19-30.] Discovery issue No. 3 could have been brought through a regularly noticed motion as early as June or July, 2013. [Docket #102-3 at 25-28.] Discovery issues No. 2 and No. 4 could have been brought through a regularly noticed motion as early as August 2, 2013. [Docket #102-3 at 19-24, 28-30.] As a result, Plaintiff is unable to "show that it used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 493 (C.D. Cal. 1995).

## II.  PLAINTIFF FAILS TO MAKE A SHOWING FOR EX PARTE RELIEF

In order to make a showing for ex parte relief, a party must show: 1) the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures; and 2) that the moving party is without fault in creating crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. *Mission Power Eng'g Co.*, 883 F. Supp. at 492. Moreover, "Many ex parte motions are denied, *not because the underlying request is unwarranted*, but because the papers do not show that bypassing the regular noticed motion procedure is necessary." *Id.*

(emphasis added.) Courts in this circuit have routinely denied ex parte applications for an order shortening time when the moving party cannot meet the required showing. *Id.* at 493 (court denied "ex parte motion to shorten time for hearing" because a showing for ex parte relief was not met); *Mori v. Baroni*, CIV-S-07-0295-JAMGGH, 2008 WL 2509143 (E.D. Cal. June 23, 2008) (court denied ex parte application for order shortening time because moving party did not bring its motion to compel until "only little more than two weeks before the discovery cutoff and six days before their proposed hearing date, leaving no time for the court to issue a briefing schedule before the hearing. Plaintiffs' lack of prior planning is not this court's emergency"); *Costner v. MRA Funding Corp.*, CV 09-649 PSG (EX), 2009 WL 1106815 (C.D. Cal. Apr. 23, 2009) (court denied ex parte application for order shortening time where "any present emergency" was a result of moving party's "own actions"); *Teresa Marie SMITH, v. BRIDGESTONE FIRESTONE, INC. & BRIDGESTONE CORP.*, CV00-12718CAS, 2001 WL 34136076 (C.D. Cal. May 7, 2001) (court denied ex parte application for order shortening time).

First, Plaintiff cannot establish that it will be irreparably prejudiced. On August 28, 2013, Plaintiff served a proposed joint statement as required by Local Rule 37-1. On that very same day, on August 28, 2013, Kaneka's counsel Wayne C. Smith responded to Plaintiff, stating in part:

> I have only briefly reviewed your motion, but have the following comments to narrow the issues:
>
> 1. I will be producing the communications with the third party vendors. A follow up reminder probably would have been more efficient than a motion;
>
> 3. There are no documents responsive to nos. 5-7, 44, 47-49
>
> 5. I believe the Fujii emails all were part of a string that included counsel.

(Smith Decl. at ¶3.) Instead of attempting to meet and confer in good faith as the Local Rules dictate, Plaintiff's counsel failed to respond to this e-mail. On September 4, 2013, Mr. Smith asked his associate Elvis Tran to send documents to address any of Plaintiff's counsel concerns and to send a follow-up e-mail regarding this same issue, which stated:

> To follow up with Wayne's e-mail below, our office is in the process of sending you documents for Fujii e-mails to Fujii (with attachments) as well as e-mails concerning JI-2 from the privilege log.
>
> [¶]Please let me know if you have any questions or concerns.

(Smith Decl. at ¶4.) These documents produced included communications with third party vendors such as JI2 as well as e-mails from Kazuhiko Fujii from Kaneka's privilege log, rendering Plaintiff's discovery concerns in Discovery issue No. 2 moot. (Smith Decl. at ¶4.) Despite e-mails from Kaneka's counsel and without responding to Kaneka's counsel, Plaintiff filed the instant ex parte application later that night on September 4, 2013.  Plaintiff cannot argue that it is irreparably prejudiced when documents concerning Discovery issue No. 2 were sent for overnight delivery and were received by Plaintiff's counsel the following day. [Docket #102-3 at 19-24] (Smith Decl. at ¶4.)  Finally, in regards to Discovery issue No. 3, Plaintiff cannot claim that he is prejudiced when documents responsive to this request do not exist.  On May 31, 2013, Kaneka accurately represented that no documents had been withheld based on any of its previous objections.[1]  (Smith Decl. at ¶5.) Mr. Smith explained to

---

[1] Kaneka has been diligent in producing discovery. On May 14, 2013, Kaneka produced approximately 1,400 documents to Plaintiff's counsel. On May 31, 2013, Kaneka produced approximately 2,800 documents to Plaintiff's counsel. On June 11, 2013, Kaneka produced approximately 3,800 documents to Plaintiff's counsel. On August 1, 2013, Kaneka produced approximately 22,000 documents to Plaintiff's counsel. On August 28, 2013, Kaneka produced approximately 250 documents to

Plaintiff's counsel numerous times that Kaneka was having logistical and technical difficulties reviewing documents and that Kaneka would be doing a rolling production. (Smith Decl. at ¶5.) On May 31, 2013, Mr. Smith sent an e-mail to all counsel of record stating:

> This is to give you an update on the status of production of documents in response to the request for production of documents. We are sending out today for Monday delivery approximately 2,800 pages of production. *I was hopeful that our review and production would be complete, but unfortunately that is not the case and we will be producing additional documents next week.*
>
> [¶]Dan, *as of yet* we have not held back anything based on any objections that we interposed in our initial responses so at this point your request for a meet and confer is moot. *Obviously, in the event we withhold anything from production we will prepare a privilege log, etc., and go through the meet and confer process.*

(Smith Decl. at ¶5) (emphasis added.) At the time of this May 31, 2013 e-mail, Mr. Smith made a true and accurate statement that no documents were being withheld based on the preliminary review of the 4,000 documents that were produced up to that point. (Smith Decl. at ¶5.)

Furthermore, in regards to discovery issue no. 3 stated in Plaintiff's proposed joint statement, to date, Kaneka has not withheld any documents responsive to numbers 5, 6, 7, 44, 47, 48, and 49. [Docket #102-3 at 25-26.] (Smith Decl. at ¶5.) Plaintiff cannot suffer irreparable prejudice when no documents responsive to this issue exist.

---

Plaintiff's counsel. (Smith Decl. at ¶6.)

Second, Plaintiff cannot claim that it is without fault in creating this crisis and its assertion that "events giving rise to this motion occurred in close proximity to the discovery cut-ff on September 13, 2013 that it was not possible for plaintiff to file a regularly scheduled discovery motion" is undoubtedly false. (Mot. at 5:9-12.) Plaintiff's argument is contradicted by the facts and papers it submits in support of its ex parte application.

On August 1, 2013, Kaneka served a privilege log to Plaintiff based on documents it withheld on the grounds of privilege. (Smith Decl. at ¶6.) Plaintiff relies on Mr. Zito's deposition transcript as its basis for requiring ex parte relief. Yet, that argument only assists Plaintiff with justifying an ex parte application for an order shortening time as to Discovery issue No. 1 identified in its proposed joint statement. [Docket #102-3.] Plaintiff fails to explain why a regularly scheduled discovery motion could not have been brought for Discovery issues No. 2, No. 3, and No. 4 identified in Plaintiff's joint statement. [Docket #102-3 at iii.] If the Court were to grant Plaintiff's motion, Kaneka, or any party, may base an ex parte relief for an order shortening time based on a single current dispute as a tactic to address numerous discovery issues for which it previously delayed in bringing in a regularly scheduled motion.

Discovery issue No. 2 relates to Kaneka's assertion of attorney client privilege (and failure to produce) over communications with third-party vendors. [Document #102-3 at 19-24.] Kaneka produced its privilege log to Plaintiff on August 1, 2013. Rather than filing its discovery motion as it relates to these documents on a regularly scheduled motion, Plaintiff was dilatory and did not file this ex parte application until September 4, 2013. Plaintiff has no one to blame but itself and ex parte relief is not warranted.

Discovery issue No. 3 relates to documents that "Kaneka's Promise to Produce Documents That Were Never Produced." [Document #102-3 at 25.]

Discovery issue No. 3 has no relation to documents withheld in relation to Mr. Zito or any testimony/objections from Mr. Zito's deposition. *Id.* at 25-28. Shockingly, issue No. 3 also has nothing to do with Kaneka's privilege log. *Id.* Plaintiff fails to explain how or why it did not move to compel for these documents earlier through a regularly scheduled motion. Instead, Plaintiff moves ex parte seeking relief based on Mr. Zito's transcript even though Mr. Zito's deposition has nothing to do with this issue.

Discovery issue No. 4 relates to documents that improperly assert "Attorney-client Privilege for Communications with Third Parties Described As Percipient Witnesses on Kaneka's Initial Disclosures." [Docket #102-3 at 28.] Similar to Discovery issue No. 2, this discovery issue relates to documents that Plaintiff seeks from Kaneka's privilege log which was produced on August 1, 2013. Again, Plaintiff was dilatory in not filing a regularly scheduled motion and should not be granted relief here.

Moreover, Plaintiff's explanation as to its delay is illogical. Plaintiff asserts that "There was insufficient time to file a discovery motion in the short interval between the service of the privilege log and the flight to New York for Mr. Zito's deposition." (Mot. at 5:21-23.) Two sentences later, Plaintiff then states how immediately following receiving Mr. Zito's transcript, "On the very next day, plaintiff and counter-defendants served the joint statement required by Local Rule 37-1." (Mot. at 5:26-28.) Plaintiff's argument is highly inconsistent and fails to explain how on the one hand there was not enough time to file a discovery motion between August 1 and August 7, but Plaintiff was able to write its joint statement in one day after receiving Mr. Zito's transcript on August 27, 2013.

The Honorable Magistrate Judge Ralph Zarefsky has stressed the importance of following regularly scheduled motion times when he denied Kaneka's ex parte application for a protective order:

> The application reveals that the notices of deposition were served in mid-June, 2013, yet the application was not filed until August 20, 2013. The application recites that there has been some discussion among the parties, *but there is nothing to justify taking such a lengthy amount of time, bumping up against the discovery cut-off, and then claiming the existence of the discovery cut-off as a basis for handling this matter other than in the normal course of business, as a regularly noticed motion.*
>
> . . . .
>
> Finally, considered as a discovery motion, the application does not comply with the Local Rules, which involve specific meet-and-confer requirements and the formulation of a joint stipulation setting out the areas where, despite best efforts, the parties were not able to resolve the dispute. See L.R. 37. *Indeed, had the rule been followed, the Court would be surprised if the dispute could not have been resolved by the parties themselves, or at least significantly narrowed.*"

[Docket #97.] (emphasis added.)

Finally, Plaintiff has failed to follow the Local Rules by failing to meet and confer in person, failing to formulate a joint statement, etc. [Local Rules 37-1, 37-2, 37-2.1, 37-2.4.] As stated at length above, if Plaintiff's counsel communicated with Kaneka's counsel regarding these issues, it would be no surprise "if the dispute could not have been resolved by the parties themselves, or at least significantly narrowed."

///

///

///

///

///

## III. <u>CONCLUSION</u>

For the foregoing reasons, Kaneka respectfully requests the Court deny Plaintiff's ex parte application for an order shortening time as to Discovery Issues No. 2, No. 3, and No. 4 identified in Plaintiff's proposed joint statement. [Docket #102-3 at 19-30.]

Dated: September 6, 2013    LAW OFFICES OF VICTOR L. GEORGE

By: /s/
VICTOR L. GEORGE
WAYNE C. SMITH
Attorneys for Defendants
KANEKA CORPORATION and
KANEKA NORTH AMERICA LLC
and Counter-Claimant
KANEKA CORPORATION