1   THOMAS J. KEARNEY (Bar No. 150202)
   tjk@amclaw.com
2   DAVID R. HUNT (Bar No. 1110675)
   drh@amclaw.com
3   JASON SUH  (State Bar No. 256573)
   jws@amclaw.com
4   ANDERSON, McPHARLIN & CONNERS LLP
   444 South Flower Street
5   Thirty-First Floor
   Los Angeles, California  90071-2901
6   TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594

7   **Attorneys for Counter-Defendants DARIUSH G. ADLI and
ADLI LAW GROUP, a California Corporation**

8

9

10   **UNITED STATES DISTRICT COURT**

11   **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

12

| | |
|---|---|
| ADLI LAW GROUP, a California Corporation, | Case No. CV 12-07377 GW (RZx) |
|       Plaintiff, | |
|       vs. | **ANSWER AND AFFIRMATIVE DEFENSES OF COUNTER-DEFENDANTS ADLI LAW GROUP AND DARIUSH G. ADLI TO SECOND AMENDED COUNTERCLAIM** |
| KANEKA CORPORATION, a Japanese Corporation; and KANEKA NORTH AMERICA LLC, a Texas Limited Liability Company, | **DEMAND FOR JURY TRIAL** |
|       Defendants. | |
| KANEKA CORPORATION, a Japanese Corporation, | Trial Date:  December 10, 2013 |
|       Counter-Claimant, | |
|       vs. | |
| ADLI LAW GROUP, a California Corporation; DARIUSH G. ADLI, an individual, | |
|       Counter-Defendants. | |

/ / /

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1114318.1 05809-125

ANDERSON, McPHARLIN & CONNERS LLP

LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

Counter-Defendants ADLI LAW GROUP PC and DARIUSH G. ADLI (singly and collectively, "**ALG**"), severing themselves from all other counter-defendants, file this Answer and Affirmative Defenses denying the material allegations of the Second Amended Counterclaim ("**SACC**") of Counter-Claimant Kaneka Corporation ("**KANEKA**") for alleged Breach of Fiduciary Duty, Fraud, and Legal Malpractice, except those allegations expressly admitted herein, as follows:

## GENERAL ALLEGATIONS

1.      **ALG** admits the allegations of paragraphs 1 of the General Allegations of the **SACC**.

2.      In response to paragraph 2 of the General Allegations of the SACC, ALG admits that DARIUSH G. ADLI is an individual and a resident of Los Angeles County, State of California, and was a "co-founder" of ALG.  Except as expressly admitted, ALG denies the remaining allegations of this paragraph.

3.      ALG admits the allegations of paragraph 3 of the General Allegations of the SACC.

4.      In response to paragraph 4 of the General Allegations of the **SACC**, **ALG** admits that Nicolette Hachem-Sawaya ("**Sawaya**") is a "non-lawyer," and is, at the present time but not at all times relevant to this matter  Director of Operations of Adli Law Group PC with responsibilities that include oversight of some, but not all, firm administrative operations, subject to the direction, leadership, and ultimate authority of DARIUSH G. ADLI.  Except as expressly admitted, **ALG** denies the remaining allegations of this paragraph.

5.      In response to paragraph 5 of the General Allegations of the **SACC**, **ALG** admits that **Sawaya**, at **KANEKA's** request, communicated directly with representatives of **KANEKA** on matters which included, but were not limited to, confidential client matters including litigation budgets, fee/cost estimates and firm invoices and, in that regard, accepted confidential client information from **Kaneka**

1114318.1 05809-125

ANSWER AND AFFIRMATIVE DEFENSES OF COUNTER-DEFENDANTS ADLI LAW GROUP AND
DARIUSH G. ADLI TO SECOND AMENDED COUNTERCLAIM

representatives.  Except as expressly admitted, **ALG** denies the remaining allegations of this paragraph.

6.     In response to paragraph 6 of the General Allegations of the **SACC**, **ALG** admits that its invoices contained charges for the time of its attorneys including, but not limited to,  DARIUSH G. ADLI, concerning work performed for **KANEKA** on the cases **ALG** was handling for **KANEKA**.  Except as expressly admitted, **ALG** denies the remaining allegations of this paragraph.

7.     **ALG** denies the allegations of paragraph 7 of the General Allegations of the **SACC** in their entirety and expressly denies that **KANEKA** was in any way damaged or injured by any alleged act, omission or breach of **ALG** and/or its representatives.

8.     In response to paragraph 8 of the General Allegations of the **SACC**, **ALG** admits that Dr. Adli is married with children and lives in Malibu, California; that Dr. Adli's hourly rate charged to **KANEKA** was $420.00 and, later, was raised to $450.00 per hour; that Dr. Adli travels frequently to other countries; that **ALG's** main office currently is in downtown Los Angeles; and that **ALG** included on its invoices time  worked by Dr. Adli on **KANEKA** matters while Dr. Adli was not in **ALG's** offices.  **ALG** further admits that its brochure attached as Exhibit 1 to the **SACC** speaks for itself.  Except as expressly admitted, **ALG** denies the remaining allegations of this paragraph and expressly denies that **KANEKA** was in any way damaged or injured by any alleged act or admission of **ALG** and/or its representatives.

9.     **ALG** denies the allegations of paragraph 9 of the General Allegations of the **SACC** in their entirety and expressly denies that **KANEKA** was in any way damaged or injured by any alleged act, omission or breach of **ALG** and/or its representatives.

10.     In response to paragraph 10 of the General Allegations of the **SACC**, **ALG** admits that Dr. Adli and **Sawaya** executed a "Benefit Contract" concerning

1  their individual interests and that **ALG's** by-laws were revised upon the departure of

2  a previous shareholder unrelated to **Sawaya**.  Except as expressly admitted, **ALG**

3  denies the remaining allegations of this paragraph and expressly denies that

4  **KANEKA** was in any way damaged or injured by any alleged act, omission or

5  breach of **ALG** and/or its representatives.

6       11.   **ALG** denies the allegations of paragraph 11 of the General Allegations

7  of the **SACC** in their entirety and expressly denies that **KANEKA** was in any way

8  damaged or injured by any alleged act, omission or breach of **ALG** and/or its

9  representatives.

10       12.   In response to paragraphs 12-13, inclusive, of the General Allegations

11  of the **SACC**, **ALG** admits that DARIUSH G. ADLI was, at all relevant times, an

12  officer, director, shareholder, employee, and representative of **ALG**.  Except as

13  expressly admitted, **ALG** denies the remaining allegations of this paragraph and

14  expressly denies that **KANEKA** was in any way damaged or injured by any alleged

15  act, omission or breach of **ALG** and/or its representatives.

16       **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

17       13.   In response to paragraph 14 of the **SACC**, **ALG** admits that it began

18  providing legal services to **KANEKA** in or about April, 2010 and that it thereafter

19  represented **KANEKA** before several U.S. District Courts in Texas and California

20  and before the International Trade Commission ("**ITC**").  Except as expressly

21  admitted, **ALG** denies the remaining allegations of this paragraph.

22       14.   In response to paragraph 15 of the **SACC**, and to the extent it has

23  information sufficient to respond to matters alleged regarding the conduct or

24  information of unidentified third parties, **ALG** denies the allegations of paragraph

25  15 in their entirety and expressly denies that **KANEKA** was in any way damaged or

26  injured by any alleged act, omission or breach of **ALG** and/or its representatives.

27       15.   In response to paragraph 16 of the **SACC**, **ALG** admits that it sent

28  what it believed to be accurate written billing invoices to **KANEKA** dated from

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1   approximately May, 2012 through approximately June, 2012.  Except as expressly

2   admitted, **ALG** denies the remaining allegations of this paragraph and expressly

3   denies that **KANEKA** was in any way damaged or injured by any alleged act,

4   omission or breach of **ALG** and/or its representatives.

5      16.     In response to paragraph 17 of the **SACC**, **ALG** admits that it sent

6   billing invoices it believed to be accurate to **KANEKA** on a variety of matters; that

7   in some cases the same individuals worked on one or more of those matters; and that

8   the time charged by those individuals on those matters was included on those

9   invoices and identified by the initials of the individuals involved.  Except as

10  expressly admitted, **ALG** denies the remaining allegations of this paragraph and

11  expressly denies that **KANEKA** was in any way damaged or injured by any alleged

12  act, omission or breach of **ALG** and/or its representatives.

13     17.     In response to paragraph 18 of the **SACC**, including all sub-paragraphs,

14  **ALG** admits and alleges that certain charges on its invoices to **KANEKA** contained

15  "mark ups" which it believed were neither unauthorized, irregular nor in any way

16  improper and that **KANEKA** was informed of any hourly rate increases for **ALG**

17  attorneys engaged on its matters.  **ALG** expressly denies that any "double billing" of

18  vendor and attorney fee time knowingly was contained on any invoice submitted by

19  **ALG** to **KANEKA**; that any work performed for **KANEKA** was incompetent,

20  inadequately described, or otherwise improperly charged; and that any hours for

21  work not actually performed by **ALG** professionals knowingly were contained on

22  those invoices.  Except as expressly admitted and denied, **ALG** lacks knowledge or

23  information sufficient to form a belief about the truth of the remaining allegations

24  contained in paragraph 18, including all sub-paragraphs, and denies the remaining

25  allegations of paragraph 18, including all sub-paragraphs, on that basis.

26     18.     In response to paragraph 19 of the **SACC**, **ALG** admits and alleges that

27  it represented **KANEKA** before the **ITC** in or about April, 2011 in connection with

28  a Section 337 complaint against SKC Kolon PI, Inc. and SKC, Inc. concerning

1  polyimide films and U.S. Patent Nos. 6,264,866; 6,746,639; 7,018,704; and

2  7,691,961 (the "**SKPI ITC Case**").  Except as expressly admitted, **ALG** denies the

3  remaining allegations of this paragraph.

4      19.    In response to paragraph 20 of the **SACC**, **ALG** admits and alleges that

5  **KANEKA** was informed of its duty and had the duty to prove "Domestic Industry"

6  as part of the **SKPI ITC Case** and further admits and alleges that there is both an

7  "economic prong" and a "technical prong" to that element.  Except as expressly

8  admitted, **ALG** denies the remaining allegations of this paragraph.

9      20.    In response to paragraph 21 of the **SACC**, **ALG** admits that the written

10  decision of the Administrative Law Judge in the **SKPI ITC Case**, the full non-

11  public version of which (together with the entirety of the non-public record) is not

12  set forth in the **SACC** nor is it available for counsel for ALG to review due to issues

13  with confidential business information, speaks for itself.  Except as expressly

14  admitted, **ALG** denies the remaining allegations of this paragraph, further

15  specifically denies any allegation or inference that the Administrative Law Judge

16  found the absence of certain "Domestic Industry" evidence was attributable to any

17  alleged action or inaction by **ALG**, and expressly denies that **KANEKA** was in any

18  way damaged or injured by any alleged act, omission or breach of **ALG** and/or its

19  representatives.  **ALG** further alleges that to the extent the full record and the

20  Administrative Law Judge's full decision in the **SKPI ITC Case** are non-public

21  documents and not accessible to **ALG**, **ALG** lacks knowledge or information

22  sufficient to form a belief about the truth of the allegations of this paragraph (except

23  as expressly admitted) or the full nature and extent of any defenses it may have

24  thereto.

25      21.    In response to paragraph 22 of the **SACC**, **ALG** admits that the written

26  decision of the Administrative Law Judge in the **SKPI ITC Case**, the entirety of

27  which (together with the entirety of the non-public record) is not set forth in the

28  **SACC** nor is it available for counsel for ALG to review due to issues with

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

6

ANSWER AND AFFIRMATIVE DEFENSES OF COUNTER-DEFENDANTS ADLI LAW GROUP AND
DARIUSH G. ADLI TO SECOND AMENDED COUNTERCLAIM

ANDERSON, McPHARLIN & CONNERS LLP

LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1    confidential business information, speaks for itself and found only one of the four

2    patents at issue in the **SKPI ITC Case** to be valid and infringed.  Except as

3    expressly admitted, **ALG** denies the remaining allegations of this paragraph, further

4    specifically denies any allegation or inference that the Administrative Law Judge

5    found the absence of certain "Domestic Industry" evidence was attributable to any

6    alleged action or inaction by **ALG**, and expressly denies that **KANEKA** was in any

7    way damaged or injured by any alleged act, omission or breach of **ALG** and/or its

8    representatives.  **ALG** further alleges that to the extent the full record and the

9    Administrative Law Judge's full decision in the **SKPI ITC Case** are non-public

10   documents and not accessible to **ALG**, **ALG** lacks knowledge or information

11   sufficient to form a belief about the truth of the allegations of this paragraph (except

12   as expressly admitted) or the full nature and extent of any defenses it may have

13   thereto.

14          22.     **ALG** denies the allegations of paragraph 23 of the **SACC** in their

15   entirety and expressly denies that **KANEKA** was in any way damaged or injured by

16   any alleged act, omission or breach of **ALG** and/or its representatives.  **ALG** further

17   alleges that to the extent the full record and the Administrative Law Judge's full

18   decision in the **SKPI ITC Case** are non-public documents and not accessible to

19   **ALG**, **ALG** lacks knowledge or information sufficient to form a belief about the

20   truth of the allegations of this paragraph or the full nature and extent of any defenses

21   it may have thereto.

22          23.     In response to paragraph 24 of the **SACC**, **ALG** admits and alleges that

23   it represented Kaneka in a second Section 337 complaint before the **ITC** entitled:

24   "*In the Matter of Certain Coenzyme Q10 Products and Methods of Making Same*"

25   involving seven (7) respondents including, but not limited to, Shenzhou Biology &

26   Technology Co., Ltd. (the "**Q10 ITC CASE**").  Except as expressly admitted, **ALG**

27   denies the remaining allegations of this paragraph.

28   / / /

24.     In response to paragraph 25 of the **SACC**, **ALG** admits that: (1) the written Orders of the Administrative Law Judge in the **Q10 ITC Case**, the full, non-public versions of which (together with the entirety of the non-public record) are not set forth in the **SACC** nor are they available for counsel for ALG to review due to issues with confidential business information, speak for themselves.  Except as expressly admitted, **ALG** denies the remaining allegations of this paragraph, further specifically denies any allegation or inference that the referenced Orders in the **Q10 ITC Case** were entered as a result of any alleged action or inaction by **ALG**, that such Orders caused **KANEKA'S** failure to obtain an exclusion order or any other relief before the **ITC**, and expressly denies that **KANEKA** was in any way damaged or injured by any alleged act, omission or breach of **ALG** and/or its representatives.  **ALG** further alleges that to the extent the full record and full versions of the referenced Administrative Law Judge's Orders in the **Q10 ITC Case** are non-public documents and not accessible to **ALG**, **ALG** lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph (except as expressly admitted) or the full nature and extent of any defenses it may have thereto.

25.     **ALG** denies the allegations of paragraph 26 of the **SACC** in their entirety and expressly denies that **KANEKA** was in any way damaged or injured by any alleged act, omission or breach of **ALG** and/or its representatives.  **ALG** further alleges that to the extent the full record and full versions of the referenced Administrative Law Judge's Orders and Initial Determination in the **Q10 ITC Case** are non-public documents and not accessible to **ALG**, **ALG** lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph (except as expressly admitted) or the full nature and extent of any defenses it may have thereto.

/ / /

/ / /

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

ANSWER AND AFFIRMATIVE DEFENSES OF COUNTER-DEFENDANTS ADLI LAW GROUP AND
DARIUSH G. ADLI TO SECOND AMENDED COUNTERCLAIM

ANDERSON, McPHARLIN & CONNERS LLP

LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

# FIRST CLAIM FOR RELIEF

## BREACH OF FIDUCIARY DUTY

### (Against ALG)

26.     In response to paragraph 27 of the **SACC**, **ALG** realleges and incorporates by reference its responses to paragraphs 1-25, above, as though fully set forth in this paragraph.

27.     In response to paragraph 28 of the **SACC**, **ALG** admits that an attorney-client relationship with resulting duties existed between **ALG** and **KANEKA**.  Except as expressly admitted, **ALG** denies the remaining allegations of this paragraph.

28.     In response to paragraphs 29-33 (including all subparts) of the **SACC**, to the extent it has information sufficient to respond to the matters charged given the lack of specificity with which these allegations are pled, **ALG** denies the allegations of paragraphs 29-33 (including all subparts) in their entirety and expressly denies that **KANEKA** was in any way damaged or injured by any alleged act, omission or breach of **ALG** and/or its representatives or that **KANEKA** is entitled to an award of punitive or exemplary (or any) damages whatsoever.

# SECOND CLAIM FOR RELIEF

## FRAUDULENT CONCEALMENT

### (Against ALG)

29.     In response to paragraph 34 of the **SACC**, **ALG** realleges and incorporates by reference its responses to paragraphs 1-28, above, as though fully set forth in this paragraph.

30.     In response to paragraphs 35-36 of the **SACC**, **ALG** admits and alleges that an attorney-client relationship with resulting duties existed between **ALG** and **KANEKA**.  Except as expressly admitted, **ALG** denies the remaining allegations of these paragraphs.

/ / /

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

31.     In response to paragraph 37 of the SACC, ALG admits and alleges that Sawaya was ALG's Office Manager and subsequently Director of Operations and was and is a certified paralegal who, under the supervision of DARIUSH G. ADLI and pursuant to his direction, oversaw the administrative and financial aspects of ALG's operations including accounts payable and accounts receivable and the assembling of budgets and forecasts based upon projections prepared by attorneys of the office and communicated with **KANEKA** representatives as authorized and directed by DARIUSH G. ADLI.  Except as expressly admitted, ALG denies the remaining allegations of this paragraph.

32.     In response to paragraphs 38-47 of the **SACC**, to the extent it has information sufficient to respond to the matters charged given the lack of specificity with which these allegations are pled, **ALG** denies the allegations of paragraphs 37-47 in their entirety and expressly denies that **KANEKA** was in any way damaged or injured by any alleged act, omission or breach of **ALG** and/or its representatives or that **Kaneka** is entitled to an award of punitive or exemplary (or any) damages whatsoever.

## THIRD CLAIM FOR RELIEF
## NEGLILGENCE – LEGAL MALPRACTICE
### (Against ALG)

33.     In response to paragraph 48 of the **SACC**, **ALG** realleges and incorporates by reference its responses to paragraphs 1-32, above, as though fully set forth in this paragraph.

34.     In response to paragraph 49 of the **SACC**, **ALG** admits and alleges that Adli Law Group described itself as an intellectual property law firm capable of prosecuting patent claims and representing clients in intellectual property litigation. Except as expressly admitted, **ALG** denies the remaining allegations of this paragraph.

/ / /

1114318.1 05809-125

10
ANSWER AND AFFIRMATIVE DEFENSES OF COUNTER-DEFENDANTS ADLI LAW GROUP AND
DARIUSH G. ADLI TO SECOND AMENDED COUNTERCLAIM

35.    In response to paragraph 50 of the **SACC**, **ALG** admits and alleges that an attorney-client relationship with resulting duties existed between **ALG** and **KANEKA**.  Except as expressly admitted, **ALG** denies the remaining allegations of this paragraph.

36.    **ALG** denies the allegations of paragraphs 51-53 in their entirety and expressly denies that **Kaneka** was in any way damaged or injured by any alleged act, omission or breach of **ALG** and/or its representatives.

## AFFIRMATIVE DEFENSES

In further denial of the **SACC**, **ALG** states the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

37.    The **SACC**, and each and every purported claim for relief therein, individually and collectively, fails to state a claim upon which relief can be granted against **ALG**.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Join Indispensable Parties)

38.    The **SACC**, and each and every purported cause of action therein, is barred by **KANEKA'S** failure to join indispensable parties in whose absence the court cannot grant complete relief.

## THIRD AFFIRMATIVE DEFENSE
### (Continuation of Legal Representation)

39.    **Kaneka's** engagement of **ALG** constitutes a continued representation of the same general kind as legal services previously rendered by Dr. Adli and paid for by **Kaneka** dating back to at least May, 2009.  In the absence of a separate written agreement, an oral contract is implied based upon the conduct of the parties under Section 6148(d)(2) of the California <u>Business & Professions Code</u> with the same terms as the prior, continued representation.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

ANSWER AND AFFIRMATIVE DEFENSES OF COUNTER-DEFENDANTS ADLI LAW GROUP AND
DARIUSH G. ADLI TO SECOND AMENDED COUNTERCLAIM

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

## FOURTH AFFIRMATIVE DEFENSE

### (Implied Fee Agreement – Disclosure of Billing Methods & Procedures)

40.     The implied fee agreement between **ALG** and **KANEKA**, together with related supporting documents, disclosed **ALG**'s billing methods including, but not limited to, attorney hourly rate increases, surcharges or "mark ups" on disbursements, and billing of administrative and other costs.

## FIFTH AFFIRMATIVE DEFENSE

### (Disclosure of Billing Methods & Procedures)

41.     **ALG** disclosed to **KANEKA** the billing methods, procedures, rates and surcharges by presenting a written Legal Fee Agreement or other documents to **KANEKA**.

## SIXTH AFFIRMATIVE DEFENSE

### (Disclosure of Billing Rates & Methods)

42.     **ALG's** written fee statements, together with written budgets of anticipated fees and costs and other documents provided to **Kaneka,** disclosed the billing rates then being charged to **KANEKA**.

## SEVENTH AFFIRMATIVE DEFENSE

### (Consent-Engagement After Disclosure)

43.     By hiring and continuing to pay **ALG** after disclosure of its billing methods, procedures, rates and surcharges, **KANEKA** consented to the billing methods, procedures, rates and surcharges thus disclosed.

## EIGHTH AFFIRMATIVE DEFENSE

### (Consent- Course of Conduct)

44.     By continuing to hire and pay **ALG** in the same manner and for the same general kind of legal services, and in requesting the format and content of invoices for legal fees/disbursements incurred by **ALG** on its behalf, **KANEKA** (since at least May, 2009) acquiesced and consented to **ALG's** representation and billing arrangements established by the course of conduct between the parties.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

## NINTH AFFIRMATIVE DEFENSE

### (Statute of Limitations – C.C.P. §340.6)

45.     **KANEKA's** claims for relief for alleged wrongful acts or omissions arising out of the performance of professional services by **ALG** are barred, in whole or in part, by the expiration of the applicable statute of limitations set forth in Section 340.6 of the California Code of Civil Procedure.

## TENTH AFFIRMATIVE DEFENSE

### (Denial of Due Process of Law – Access to Confidential ITC Evidence)

46.     The evidence, record, decisions and orders from the subject **ITC** proceedings contain and/or constitute non-public information that may not be disseminated or disclosed under 19 U.S.C. §1337(n), 19 C.F.R. §210.5, 19 C.F.R. §210.34, and pursuant to applicable protective orders entered in the **SKPI ITC Case** and the **Q10 ITC Case**.  Accordingly, **ALG** may not access, discover or use relevant information necessary to defend the purported claims for relief alleged against it in the **SACC**.  **KANEKA's** attempt to pursue the **SACC** based upon redacted or selected "material evidence" without a corresponding right of **ALG** to investigate the full **ITC** record, evidence, decisions, and orders constitutes a denial of due process, denial of a full and fair opportunity for **ALG** to be heard and respond to the **SACC** allegations, and denial of the right and ability of **ALG** to confront witnesses.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

47.     The alleged harm, injury or damage sustained by **KANEKA**, if any, was not proximately caused by any alleged act, omission or breach by **ALG**.

/ / /

/ / /

/ / /

/ / /

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

## TWELFTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

48.     **KANEKA's** own negligent, inattentive, and unresponsive conduct during the **SKPI ITC Case** and the **Q10 ITC Case** prevented, impeded, and thwarted, among other things, the timely collection of evidence and timely response to written discovery requests.  **Kaneka's** own negligent, inattentive and unresponsive conduct, without limitation, directly and proximately caused, in whole or in part, the Administrative Law Judge to rule against it on the "Domestic Industry" component of its claims and/or award monetary sanctions against **Kaneka**.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Skill Prudence and Care of Others in the Profession)

49.     **ALG**, and each of its attorneys, exercised the same degree of skill, prudence, diligence and care as is commonly exercised by other intellectual property lawyers under the same or similar circumstances in the same or similar jurisdictions.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Damage – Sanctions/Exclusions Caused No Harm)

50.     The alleged sanctions and/or evidentiary exclusions pled by **KANEKA** in the **SKPI ITC Case** and the **Q10 ITC Case** had no ultimate effect upon the evidence presented, the rulings made, or the outcome of those proceedings. Accordingly, the alleged sanctions and/or evidentiary exclusions pled by **KANEKA** caused no actual damage or harm to **KANEKA**.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Damage – No Domestic Industry)

51.     On information and belief, **Kaneka's** manufacturing processes in the United States do not perform each and every step  recited in its patents.  Because **KANEKA** did not practice the claimed invention(s) in the United States, **KANEKA** did not and could not possess legally competent evidence of "Domestic Industry"

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1   and never could prevail in a Section 337 complaint such as that brought in the **SKPI**

2   **ITC Case**.  Accordingly, **KANEKA** sustained no damage as a result of any

3   purported act, omission or breach by **ALG**.

4                    <u>**SIXTEENTH AFFIRMATIVE DEFENSE**</u>

5              **(No Damage – No Domestic Industry from Foreign Manufacturing)**

6          52.    On information and belief, **KANEKA** practiced its claimed

7   invention(s), if at all, in Japan.  **KANEKA's** manufacturing in the United States did

8   not add value to the claims of the invention(s).  Because it did not practice the

9   claimed invention(s) in the United States, **KANEKA** did not and could not possess

10  legally competent evidence of Domestic Industry and never could prevail in a

11  Section 337 complaint such as that brought in the **SKPI ITC Case**.  Accordingly,

12  **KANEKA** sustained no damage as a result of any purported act, omission or breach

13  by **ALG**.

14                  <u>**SEVENTEENTH AFFIRMATIVE DEFENSE**</u>

15                   **(No Damage – Invalid/Unenforceable Patents)**

16         53.    On information and belief, one or more of **KANEKA**'s patents at issue

17  are invalid and/or unenforceable provisions of Title 35 of the United States Code,

18  including without limitation, 35 U.S.C. §§ 101-103, 112, 115, and 116.  Because the

19  patents were invalid and/or unenforceable, **KANEKA** never could prevail in a

20  Section 337 complaint such as that brought in the SKPI ITC Case.  Accordingly,

21  Kaneka sustained no damage as to such patent(s) as a result of any purported act,

22  omission or breach by ALG.

23                   <u>**EIGHTEENTH AFFIRMATIVE DEFENSE**</u>

24                    **(No Damage – Invalid Patents – Prior Art)**

25         54.    On information and belief, one or more of **KANEKA**'s patents at issue

26  are invalid because the invention(s) of these patents were due to the "on-sale bar"

27  according to of 35 U.S.C. §102(a) or (b) and/or §103.  Because the patents were

28  invalid, **KANEKA** never could prevail in a Section 337 complaint such as that

1   brought in the **SKPI ITC Case**.  Accordingly, **KANEKA** sustained no damage as to

2   such patent(s) as a result of any purported act, omission or breach by **ALG**.

### NINETEENTH AFFIRMATIVE DEFENSE

### (No Damage – Invalid Patents – Public Use)

5       55.     On information and belief, one or more of **KANEKA's** patents at issue

6   are invalid because the invention(s) of these patents were in "public use" according

7   to 35 U.S.C. §102(a) or (b) and/or §103.  Because the patents were invalid,

8   **KANEKA** never could prevail in a Section 337 complaint such as that brought in

9   the **SKPI ITC Case**.  Accordingly, **KANEKA** sustained no damage as to such

10  patent(s) as a result of any purported act, omission or breach by **ALG**.

### TWENTIETH AFFIRMATIVE DEFENSE

### (No Damage – Invalid Patents – Section 112)

13      56.      On information and belief, one or more of **KANEKA's** patents at issue

14  are invalid for their failure to meet one or more requirements of  35 U.S.C. §112.

15  Because the patents were invalid, **KANEKA** never could prevail in a Section 337

16  complaint such as that brought in the **SKPI ITC Case**.  Accordingly, **KANEKA**

17  sustained no damage as to such patent(s) as a result of any purported act, omission

18  or breach by **ALG**.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Damage – Patents No Longer Practiced/Manufactured)

21      57.      On information and belief, one or more of **KANEKA's** patents at issue

22  no longer was being practiced, or the products covered by such patents no longer

23  were being manufactured or sold, at the time of the **SKPI ITC Case**.  To the extent

24  that one or more of **KANEKA's** patents at issue were found to be valid and

25  infringed, **KANEKA** never could prevail in a Section 337 complaint such as that

26  brought in the **SKPI ITC Case** to the extent that such patent(s) no longer were

27  being practiced, or the product(s) no longer were being manufactured or sold, by

28  **KANEKA** at the time of the **SKPI ITC Case**.  Accordingly, **KANEKA** sustained

ANDERSON, McPHARLIN & CONNERS LLP

LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1   no damage as to such patent(s) or product(s) as a result of any purported act,

2   omission or breach by **ALG**.

3                      **TWENTY-SECOND AFFIRMATIVE DEFENSE**

4            **(No Damage – Patents No Longer Practiced/Manufactured)**

5            58.    On information and belief, one or more of **KANEKA's** patents at issue

6   no longer was being practiced, or the products covered by such patents no longer

7   were being manufactured or sold, at the time of the **SKPI ITC Case** by SKPI.  To

8   the extent that one or more of **KANEKA's** patents at issue were found to be valid

9   and infringed, **KANEKA** never could prevail in a Section 337 complaint such as

10  that brought in the **SKPI ITC Case** to the extent that such patent(s) no longer were

11  being practiced, or the product(s) no longer were being manufactured or sold, by

12  SKPI at the time of the **SKPI ITC Case**.  Accordingly, **KANEKA** sustained no

13  damage as to such patent(s) or product(s) as a result of any purported act, omission

14  or breach by **ALG**

15                     **TWENTY-THIRD AFFIRMATIVE DEFENSE**

16                   **(No Damage – Non-Infringing Patents)**

17           59.    To the extent one or more of **KANEKA's** patents were found to have

18  not been infringed, **KANEKA** never could prevail in a Section 337 complaint such

19  as that brought in the **SKPI ITC Case**.  Accordingly, **KANEKA** sustained no

20  damage as to such patent(s) as a result of any purported act, omission or breach by

21  **ALG**.

22                     **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

23           **(No Damage – Patents Rejected on Re-Examination)**

24           60.    On information and belief, one or more of **KANEKA's** patents at issue

25  were rejected by the USPTO patent examiner on re-examination.  Because the

26  patents were invalid, **KANEKA** could never prevail in a Section 337 complaint

27  such as that brought in the **SKPI ITC Case**.  Accordingly, **KANEKA** sustained no

28  damage as a result of any purported act, omission or breach by **ALG**.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

## TWENTY-FIFTH AFFIRMATIVE DEFENSE – PATENT MISUSE

61.     Any lawful scope of the asserted patents had been limited by the amendments, admissions, and other statements to the USPTO, and accordingly, the asserted patents are unenforceable due to its misuse by Kaneka for attempting to expand the patents in dispute beyond their proper scope.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (No Damage – Rights/Remedies Still Available)

62.     **KANEKA** sustained no loss of rights or remedies, and no actual damages, by reason of the **SKPI ITC Case** or the **Q10 ITC Case**.  As evidenced by the ongoing U.S. District Court litigation to which it currently is a party, **KANEKA** has continuing rights or remedies to bring patent infringement lawsuits against any person or entity it contends is infringing its patents and may seek to enjoin the sale of such allegedly infringing products in the United States pursuant to 35 U.S.C. §283.  These rights and remedies, which are the same or similar to those in ITC proceedings such as the **SKPI ITC Case** or the **Q10 ITC Case**, have not been lost or impaired and, in fact, contain no "Domestic Industry" element.  Accordingly, **KANEKA** sustained no damage by any purported act, omission or breach by **ALG** arising from the handling of the **SKPI ITC Case** or the **Q10 ITC Case**.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

63.     Each and every claim for relief in the **SACC** is barred, in whole or in part, by reason of **KANEKA's** failure, refusal or neglect to take all reasonable and proper measures to mitigate its alleged damages.  This failure bars or diminishes any recovery to which **Kaneka** might otherwise be entitled.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Ratification)

64.     On information and belief, **KANEKA** induced multiple professionals then employed at **ALG** to leave **ALG** and start their own firm to handle the same

1    **KANEKA** matters those professionals previously handled at **ALG**.  By its conduct

2    and continued employment of the same professionals to provide the same services,

3    some of which remain employed by **KANEKA** to date, **Kaneka** accepted,

4    authorized, approved, and ratified the work done by those professionals while

5    employed at **ALG** as well as the work done by **ALG**.

## TWENTY-NINETH AFFIRMATIVE DEFENSE

### (Unclean Hands)

8    65.    On information and belief, **KANEKA's** knew, or should have known

9    about, but did not disclose to **ALG**, the invalidity and unenforceability of the patents

10   at issue prior to and during its retention of **ALG**.  On information and belief,

11   **KANEKA** also induced multiple professionals then employed at **ALG** to leave

12   **ALG** and start their own firm to handle the same **KANEKA** matters those

13   professionals previously handled at **ALG**.  **KANEKA's** conduct in connection with

14   the patents at issue, and its continued employment of the same professionals to

15   provide the same services, some of which remain employed by **KANEKA** to date,

16   bars the **SACC** under the doctrine of unclean hands.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

19   66.    **KANEKA** is barred, in whole or in part, from recovering damages due

20   to **KANEKA's** own carelessness, negligence and/or other fault that proximately

21   caused or contributed to the happening of the alleged incidents, events, injuries or

22   damage alleged in the **SACC**.  Any alleged damages that might otherwise be

23   recovered by **KANEKA** should be reduced, abated or eliminated to the extent

24   **KANEKA's** own fault caused or contributed to its alleged damages, if any.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Laches)

27   67.    Each and every claim for relief in the **SACC** is barred by the doctrine

28   of laches in that **KANEKA** has unreasonably delayed efforts to enforce its rights, if

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1114318.1 05809-125

ANSWER AND AFFIRMATIVE DEFENSES OF COUNTER-DEFENDANTS ADLI LAW GROUP AND
DARIUSH G. ADLI TO SECOND AMENDED COUNTERCLAIM

1  any, despite full awareness of **ALG's** alleged actions which give rise to the **SACC**.

## **FORTIETH AFFIRMATIVE DEFENSE**

### **(Damage, if any, Caused by Others)**

68.   As to each and every claim for relief in the **SACC**, recovery is precluded because the alleged injuries, losses or damages sustained by **KANEKA**, if any, were proximately caused or contributed to by the acts, omissions or breaches of persons or entities other than **ALG**, which is not liable for the acts, omissions or breaches of others over whom it has no control.

## **FORTY-FIRST AFFIRMATIVE DEFENSE**

### **(Set Off)**

69.   As to each and every claim for relief in the **SACC**, recovery is barred, in whole or in part, under the doctrine of set off.  **KANEKA** is indebted to **ALG** for substantial unpaid legal fees and litigation costs, plus interest.  In the event it is determined that **KANEKA** is entitled to recover damages, any award must be set off against the unpaid legal fees and litigation costs that **KANEKA** owes to **ALG**.

## **FORTY-SECOND AFFIRMATIVE DEFENSE**

### **(Actual Knowledge)**

70.   **KANEKA's** authorized agents were, at all times relevant, physically present in and occupied offices at **ALG** and had actual knowledge of the facts, hours worked, and legal services rendered it now challenges in the **SACC**.

## **FORTY-THIRD AFFIRMATIVE DEFENSE**

### **(No Suppression with Intent to Defraud)**

71.   Material facts were not concealed or suppressed by **ALG** with the intent to defraud **KANEKA**.

/ / /

/ / /

/ / /

/ / /

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

ANSWER AND AFFIRMATIVE DEFENSES OF COUNTER-DEFENDANTS ADLI LAW GROUP AND
DARIUSH G. ADLI TO SECOND AMENDED COUNTERCLAIM

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (No Causation)

72.     **KANEKA's** claims against **ALG** are barred in whole or in part because **KANEKA's** alleged damages, if any, were not caused by any alleged act, omission or breach of **ALG**.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Waiver, Acquiescence and Estoppel)

73.     Some or all of the purported claims set forth in the **SACC** are barred by the doctrines of waiver, acquiescence and estoppel.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### (Judgmental Immunity)

74.     Some of the purported claims set forth in the **SACC** are barred, in whole or in part, by the doctrine of judgmental immunity.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

75.     Some or all of **Kaneka's** purported claims set forth in the **SACC** are barred, in whole or in part, because **Kaneka** seeks excessive damages from **ALG**, the recovery of which would result in the unjust enrichment of **Kaneka** herein.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (Release, Novation, Accord and Satisfaction)

76.     Some or all of the purported claims set forth in the **SACC** are barred by the doctrines of release, novation, and/or accord and satisfaction.

## FORTY-NINTH AFFIRMATIVE DEFENSE

### (Privilege)

77.     Some or all of the purported claims set forth in the **SACC** are barred by the application of the litigation privilege set forth in Section 47 of the California Civil Code.

/ / /

1114318.1 05809-125

ANSWER AND AFFIRMATIVE DEFENSES OF COUNTER-DEFENDANTS ADLI LAW GROUP AND
DARIUSH G. ADLI TO SECOND AMENDED COUNTERCLAIM

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

## FIFTIETH AFFIRMATIVE DEFENSE

### (Premature)

78.     The **SACC** is premature given the pendency of related U.S. District Court proceedings involving some or all of the same patents at issue and, as such, some or all of **KANEKA's** claims in the **SACC** are not ripe for consideration or decision.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

79.     No punitive or exemplary damages should be awarded arising out of the claims made in the **SACC** because an award of such damages: (i) would be unconstitutional under the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution and similar protections afforded under the California Constitution; (ii) would impose a criminal fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Section 7 of the California Constitution; (iii) constitutes an excessive fine or penalty under Article I, Section 17 of the California Constitution; (iv) is precluded or limited pursuant to California Civil Code §3294 and/or the United States Constitution and the due process clause; and/or (v) would violate the United States and California Constitutions and common law because the award is based upon procedures which fail to provide adequate notice of what conduct is subject to punishment, that are vague, arbitrary, open-ended, provide unbounded discretion, and are without sufficient constraints or protection against arbitrary and excessive awards, all as enumerated in *BMW of North America v. Gore*, 517 U.S. 599, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996); *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003), and their progeny.

/ / /

/ / /

## FIFTY-SECOND AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

80.    **ALG** has insufficient knowledge or information on which to form a belief as to whether additional, as yet unstated affirmative defenses to the **SACC** are available.  **ALG** reserves its right to assert additional affirmative defenses in the event doing so would be appropriate.

WHEREFORE, **ALG** prays for judgment in its favor and against **Kaneka** on the **SACC**, as follows:

1.    That **KANEKA** take nothing by way of its **SACC**;

2.    That the **SACC** and each and every purported claim for relief therein be denied and dismissed with prejudice;

3.    That **ALG** be awarded its costs of suit incurred herein, including reasonable attorney's fees; and

4.    Such other relief as the Court deems proper and just.

DATED: September 13, 2013          ANDERSON, McPHARLIN & CONNERS LLP

By: _____
          Thomas J. Kearney
          David R. Hunt
          Jason Suh
Attorneys for Counter-Defendants ADLI LAW GROUP and DARIUSH G. ADLI

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1114318.1 05809-125

ANSWER AND AFFIRMATIVE DEFENSES OF COUNTER-DEFENDANTS ADLI LAW GROUP AND DARIUSH G. ADLI TO SECOND AMENDED COUNTERCLAIM

1

**DEMAND FOR JURY TRIAL**

2      Counter-Defendants ADLI LAW GROUP, a California Corporation, and

3 DARIUSH G. ADLI hereby demand a jury trial as provided by Rule 38(a) of the

4 Federal Rules of Civil Procedure.

5

6 DATED: September 13, 2013          ANDERSON, McPHARLIN & CONNERS LLP

7

8

9

                                    By: _____
10                                        Thomas J. Kearney
11                                        David R. Hunt
                                          Jason Suh
12                                   Attorneys for Counter-Defendants ADLI LAW
                                     GROUP and DARIUSH G. ADLI
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

24