1  Victor L. George, State Bar No. 110504
   Wayne C. Smith, State Bar No. 122535
2  LAW OFFICES OF VICTOR L. GEORGE
   20355 Hawthorne Blvd., First Floor
3  Torrance, CA 90503
   Tel: (310) 698-0990
4  Fax: (310) 698-0995
   E-mail: vgeorge@vgeorgelaw.com
5          wsmith@vgeorgelaw.com

6  William F. Sondericker, Esq.
   CARTER LEDYARD & MILBURN, LLP
7  2 Wall Street
   New York, NY 10005-2072
8  Tel: (212) 732-3200
   Fax: (212) 732-3232
9  E-mail: sondericker@clm.com

10 Attorneys for Defendants
   KANEKA CORPORATION and
11 KANEKA NORTH AMERICA LLC

12
13              **UNITED STATES DISTRICT COURT**

14              **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 15  ADLI LAW GROUP, a California Corporation, | CASE NO. CV12-07377 GW (RZx) |
| 16         Plaintiff, | [Assigned to Hon. George H. Wu, Courtroom 10] |
| 17      v. | **DEFENDANT AND COUNTER-CLAIMANT KANEKA CORPORATION'S OPPOSITION TO PLAINTIFF AND COUNTER-DEFENDANT ADLI LAW GROUP, P.C., AND DARIUSH G. ADLI'S MOTION TO COMPEL DISCOVERY FROM KANEKA CORPORATION** |
| 18  KANEKA CORPORATION, a Japanese Corporation; and KANEKA NORTH AMERICA LLC, a Texas Limited Liability Company, | |
| 21         Defendants. | |
| 22  KANEKA CORPORATION, a Japanese Corporation, | [Filed concurrently with: Declaration of Wayne C. Smith in Opposition to Adli Law Group, P.C., and Dariush G. Adli's Motion to Compel] |
| 24         Counter-Claimant, | |
| 25      v. | Date:  October 7, 2013<br>Time:  10:00 a.m.<br>Crtrm: 540 |
| 26  ADLI LAW GROUP, a California Corporation; DARIUSH G. ADLI, an individual, | |
| 27         Counter-Defendants. | Complaint Filed: August 28, 2012<br>Counter-Claim Filed: November 2, 2012<br>Trial Date: December 10, 2013 |

1
KANEKA CORPORATION'S OBJECTION TO ADLI LAW GROUP, P.C., AND DARIUSH G. ADLI'S
MOTION TO COMPEL DISCOVERY FROM KANEKA CORPORATION

| | |
|---|---|
| 1 | HC2, INC., a Washington, DC Corporation, |
| 2 | |
| 3 | Plaintiff-Intervenor, |
| 4 | v. |
| 5 | ADLI LAW GROUP, a California Corporation, KANEKA CORPORATION, a Japanese Corporation and KANEKA NORTH AMERICA, LLC, a Texas Limited Liability Company, |
| 6 | |
| 7 | |
| 8 | Defendants-Intervenor. |

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant and Counter-claimant Kaneka Corporation ("Kaneka") hereby opposes Plaintiff Adli Law Group, P.C., and Counter-defendant Dariush G. Adli's (collectively referred to as "Counter-defendants") Motion to Compel Discovery from Defendant Kaneka Corporation.

On September 13, 2013, Counter-defendants filed the instant motion set for hearing on October 7, 2013. The Local Rules do not provide for scheduling dates as it relates to discovery motions as discovery motions are to not be filed absent a joint stipulation. See Local Rule 37-2.4. Under standard normal practice, opposing papers are due twenty-one (21) days prior to the date designated for hearing. See Local Rules 6.1, 7.9. However, Local Rule 6.1 and 7.9 do not apply unless a discovery motion pursuant to Local Rule 37-2.4 is accompanied by a declaration in support of the moving papers that Kaneka has "(a) failed to confer in a timely manner in accordance with L.R. 37-1; (b) failed to provide the opposing party's portion of the joint stipulation in a timely manner in accordance with L.R. 37-2.2; or (c) refused to sign and return the joint stipulation after the opposing party's portion was added." See Local Rule

37-2.4. No such declaration exists here.[1]

On August 28, 2013, Counter-defendants' counsel, Daniel Harshman, sent Kaneka's counsel, Wayne Smith, Counter-defendants half of its Joint Stipulation pursuant to Local Rule 37. Kaneka had seven (7) days to respond after receiving this material from Mr. Harshman. See Local Rule 37-2.2. However, before allowing Kaneka's counsel an opportunity to respond and before the seven (7) day period expired, on September 4, 2013, Mr. Harshman filed an ex parte application for an order shortening time for Counter-defendants motion to compel, the same motion filed again here. [Docket #102.]

On September 6, 2013, the Honorable Magistrate Ralph Zarefsky denied this ex parte application and explained:

> Counter-Defendants' ADLI Law Group and Dariush Adli's ex parte application for an order shortening time to hear discovery motions is denied. *These issues could have been addressed a month ago at the latest, and no doubt some of them could have been resolved without motion of any kind. Indeed, it appears that some of them have been resolved or are in the process of being resolved.* Even as to issues concerning the Zito deposition, it is not credible that, in this age of technological advancement, the moving parties could not have made arrangements to have a transcript prepared more expeditiously. (Even before the age of computer-assisted reporting, parties could obtain transcripts overnight if needed). The moving parties have not made out

---

[1] In an abundance of caution, Kaneka submits its opposition at this time, September 16, 2013, twenty-one (21) days before the noticed hearing date of October 7, 2013. If the Court is inclined to overlook Counter-defendants failure to meet and confer and failure to file a joint stipulation, Kaneka respectfully requests that the Court provide a schedule to adequately allow Kaneka an opportunity to properly respond as it would have proceeding by a Joint Stipulation.

>a showing for compressing the time to hear their motion, to do so out of turn, and to do so ahead of all the others who have followed the appropriate rules and procedures. *See In re Intermagnetics America, Inc.,* 101 B.R. 191 (C.D. Cal. 1989); *Mission Power Engineering Co. v. Continental Cas. Co.,* 883 F. Supp. 488 (C.D. Cal. 1995).

[Docket #108] (emphasis in original and emphasis added.) Following the Court's denial of Counter-defendants ex parte application, Counter-defendants never raised or addressed any issues with Kaneka or Kaneka's counsel. Shockingly, on September 13, 2013, *the day of the discovery cutoff*, Counter-defendants filed its exact same motion to compel with a hearing date scheduled for October 7, 2013. Counter-defendants have again failed to meet the requirements of Local Rule 37-2.4, which states:

>*The Court will not consider any discovery motion in the absence of a joint stipulation* or *a declaration from counsel* for the moving party establishing that opposing counsel (a) failed to confer in a timely manner in accordance with L.R. 37-1; (b) failed to provide the opposing party's portion of the joint stipulation in a timely manner in accordance with L.R. 32-2.2; or (c) refused to sign and return the joint stipulation after the opposing party's portion was added.

(emphasis added.) Kaneka has been deprived of its right and protection from the procedural requirements embodied within the Local Rules. Kaneka has not been given the opportunity to properly respond to Counter-defendants joint statement. Moreover, the declaration of Mr. Harshman in support of Counter-defendants motion to compel does not meet the requirements set forth in Local Rule 37-2.4 (because none of the above circumstances exist.)

In addition, Counter-defendants show no regard for the Local Rules of this Court by not only failing to comply with the Local Rules, but again have failed to meet and confer in good faith. If Counter-defendants did participate

in a good faith meet and confer, it would be aware that the majority of the issues (3, 4, and 5) brought within its current motion are moot. Following Mr. Harshman's e-mail to Mr. Smith dated August 28, 2013, Mr. Smith immediately responded, stating in part:

> I have only briefly reviewed your motion, but have the following comments to narrow the issues:
>
> 1.  I will be producing the communications with the third party vendors. A follow up reminder probably would have been more efficient than a motion;
>
> 3.  There are no documents responsive to nos. 5-7, 44, 47-49
>
> 5.  I believe the Fujii emails all were part of a string that included counsel.

(Smith Decl. at ¶3.) Moreover, on September 4, 2013, Mr. Smith asked his associate Elvis Tran to send documents to address any of Plaintiff's counsel concerns and to send a follow-up e-mail regarding this same issue, which stated:

> To follow up with Wayne's e-mail below, our office is in the process of sending you documents for Fujii e-mails to Fujii (with attachments) as well as e-mails concerning JI-2 from the privilege log.
>
> [¶]Please let me know if you have any questions or concerns.

(Smith Decl. at ¶4.) These documents produced included communications with third party vendors such as JI2 as well as e-mails from Kazuhiko Fujii from Kaneka's privilege log, rendering issues 3, 4, and 5, identified in the instant notice of motion moot. (Smith Decl. at ¶4.) Despite these e-mails from Mr. Smith and Mr. Tran regarding the precise topics raised in the instant motion, Counter-defendants have failed to respond to either of these e-mails regarding this topic.

///

Indeed, consistent with reasoning by Magistrate Judge Zarefsky, had Counter-defendants complied with Local Rule 37, many if not all of these issues may have been resolved:

> Finally, considered as a discovery motion, the application does not comply with the Local Rules, *which involve specific meet-and-confer requirements and the formulation of a joint stipulation setting out the areas where, despite best efforts, the parties were not able to resolve the dispute.* See L.R. 37. *Indeed, had the rule been followed, the Court would be surprised if the dispute could not have been resolved by the parties themselves, or at least significantly narrowed.*"

[Docket #97] (emphasis added.) (See Smith Decl. at ¶5.)

As a result, Kaneka respectfully requests the Court not consider Counter-defendants' motion to compel. In the alternative, Kaneka respectfully requests a scheduling order allowing Kaneka an opportunity to properly respond.

Dated: September 16, 2013    LAW OFFICES OF VICTOR L. GEORGE

By: /s/ Wayne C. Smith
_____
VICTOR L. GEORGE
WAYNE C. SMITH
Attorneys for Defendants
KANEKA CORPORATION and
KANEKA NORTH AMERICA LLC
and Counter-Claimant
KANEKA CORPORATION